UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11579EFH

| | |
|---|---|
| MAURICE LARIVIERE,<br>    Plaintiff | )<br>)<br>)<br>) |
| vs. | )<br>) |
| JOSEPH SOLOMON, Individually, and as<br>Chief of Police of the City of Methuen,<br>JOSEPH ALAIMO, Individually and as<br>Deputy Chief of Police of the City of Methuen, and<br>THE CITY OF METHUEN<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANTS' MOTION TO DISMISS**

Defendants Joseph Solomon, Joseph Alaimo and the City of Methuen respectfully move the Court to dismiss all counts of the plaintiff's Verified Complaint against the City of Methuen and to dismiss Counts I, III and IV of the Verified Complaint against all defendants. As grounds for this motion, the defendants state that none of these counts of the Verified Complaint states a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

Count I of the Verified Complaint alleges that the defendants are liable for "coercion." The Court should dismiss Count I because there is no cause of action for "coercion" recognized under Massachusetts common law.

The Court should dismiss Count II of the Verified Complaint, which purports to state a claim under the Massachusetts Civil Rights Act ("MCRA"), M.G.L. c. 12, § 11I, against Methuen because municipalities are not "persons" subject to liability under MCRA.

Count III of the Verified Complaint purports to state a claim for intentional infliction of

emotional distress against all defendants. The Court should dismiss Count III against Methuen because it cannot be held liable for the alleged common law intentional torts of its employees as a matter of law. See M.G.L. c. 258, § 10(c). The Court should dismiss Count III against Solomon and Alaimo because the plaintiff's allegations do not allege conduct that is "extreme and outrageous, beyond all decency and utterly intolerable in a civilized community." The Court should dismiss Count III in its entirety.

The Court should dismiss Count IV, which alleges intentional interference with advantageous contractual relations against Methuen because Methuen cannot be held liable for the alleged common law intentional torts of its employees as a matter of law. See M.G.L. c. 258, § (c). The Court should dismiss Count IV against Solomon and Alaimo because the plaintiff has not asserted a *prima facie* case of intentional interference with contractual relations against them. Accordingly, the Court should dismiss Count IV in its entirety.

The Court should dismiss Count V, alleging conspiracy, against Methuen because, as stated above, Methuen cannot be held liable for the alleged common law intentional torts of its employees as a matter of law. See M.G.L. c. 258, § 1(c).

A memorandum of law in support of this motion is filed herewith.

WHEREFORE, Defendants Joseph Solomon, Joseph Alaimo and the City of Methuen, respectfully move the Court to dismiss all counts of the Verified Complaint against the City of Methuen and to dismiss Counts I, III and IV of the Verified Complaint against all defendants.

REQUEST FOR ORAL ARGUMENT

The defendants respectfully request oral argument of this motion.

                      The Defendants,
                      JOSEPH SOLOMON, JOSEPH ALAIMO
                      and the CITY OF METHUEN,
                      By their attorneys,

                      /s/ William P. Breen, Jr.
                      William P. Breen, Jr., Esq., BBO #558768
                      Rebecca L. Andrews Esq., BBO #644846
                      MURPHY, HESSE, TOOMEY & LEHANE, LLP
                      300 Crown Colony Drive, Suite 410
                      Quincy, MA 02110
                      (617) 479-5000

Dated: August 19, 2005

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

The undersigned attorney certifies that prior to filing the above motion, he conferred in good faith with plaintiffs' counsel, Carmine W. DiAdamo and/or William H. DiAdamo, to attempt to narrow the issues raised by this motion.

                      /s/ William P. Breen, Jr.
                      William P. Breen, Jr.