UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11579EFH

_____
                                                          )
MAURICE LARIVIERE,                          )
     Plaintiff                                      )
                                                          )
vs.                                                       )
                                                          )
JOSEPH SOLOMON, Individually, and as   )
Chief of Police of the City of Methuen,     )
JOSEPH ALAIMO, Individually and as      )
Deputy Chief of Police of the City of Methuen, and )
THE CITY OF METHUEN                        )
     Defendants                                 )
_____)

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

**I.     INTRODUCTION**

     Defendants Joseph Solomon, Joseph Alaimo and the City of Methuen have moved the Court

to dismiss all counts of the of the Verified Complaint ("Complaint") as they pertain to the City of

Methuen and to dismiss Counts I, III and IV of the Verified Complaint against all defendants.  As

grounds for this motion, the defendants state that none of these counts of the Verified Complaint

states a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

     The plaintiff alleges, and the defendants deny that the defendants violated his rights by

forcing him to resign from his position as City Solicitor for Methuen after a female subordinate

under his direct supervision complained to the Methuen Police Department that the plaintiff had

sexually harassed and/or assaulted her.  Some of the plaintiff's conduct of which his subordinate

complained was captured on videotape.  Remarkably, the plaintiff characterizes his relationship with

the complaining subordinate as "friendly" relationship, denies wrongdoing and asserts that the

defendants' investigation of the subordinate's complaint and interaction with the plaintiff after obtaining substantial proof of inappropriate conduct by the plaintiff were part of a conspiracy in furtherance of political objectives. The defendants deny wrongdoing and categorically deny liability to the plaintiff.

The plaintiff alleges in Count I of the Verified Complaint that the defendants are liable for "coercion." The Court should dismiss Count I because there is no cause of action for "coercion" under Massachusetts law.

Count II of the Verified Complaint purports to state a claim for liability under the Massachusetts Civil Rights Act against all defendants. The Court should dismiss Count II as against Methuen because municipalities are not "persons" subject to liability under the Massachusetts Civil Rights Act and cannot be held liable as a matter of law. See M.G.L. c. 12, § 11I.

Count III of the Verified Complaint purports to state a claim for intentional infliction of emotional distress against all defendants. The Court should dismiss Count III as against Methuen because it cannot be held liable for common law intentional tort as a matter of law. See M.G.L. c. 258, § 10 (c). The Court should dismiss Count III against Solomon and Alaimo because even if they presented the plaintiff with the option of resigning from his position as City Solicitor or potentially facing criminal charges as a result of his subordinate's allegations of sexual assault, which the defendants deny, their alleged actions cannot be characterized reasonably as "extreme and outrageous, beyond all decency and utterly intolerable in a civilized community." The Court should dismiss Count III in its entirety.

The Court should dismiss Count IV, which alleges intentional interference with advantageous contractual relations by Methuen because Methuen cannot be liable for the alleged common law

intentional torts of its employees as a matter of law.  See M.G.L. c. 258, § 10 (c).  The Court should dismiss Count IV against Solomon and Alaimo because the Plaintiff cannot establish a *prima facie* case for intentional interference with contractual relations against either one of them.  Accordingly, the Court should dismiss Count IV.

Count V purports to assert liability against all defendants for common law conspiracy.  As stated above, Methuen cannot be held liable for common law intentional torts of its employees.  See M.G.L. c. 258, § 10 (c).   Accordingly, the Court should dismiss Count V as against Methuen.

## II.    STATEMENT OF RELEVANT ALLEGATIONS AND FACTS

Plaintiff Maurice Lariviere was employed as the City Solicitor for Methuen before his resignation in February 2005.  The plaintiff alleges that he had an acrimonious relationship with the Mayor of Methuen, Sharon Pollard.  See Compl., ¶ 8.  The plaintiff alleges that Mayor Pollard wanted to terminate his employment and hire a solicitor who would be primarily loyal to her, and further alleges that Mayor Pollard's alleged intent to terminate the plaintiff's employment was known to Police Chief Joseph Solomon and Deputy Chief Joseph Alaimo.  See Compl., ¶ 16.

After the plaintiff's legal secretary retired on August 25, 2004, a female temporary secretary was brought in to work as the plaintiff's secretary.  See Compl., ¶ 17 & 20.  The plaintiff claims to have been instrumental in obtaining permanent employment for his temporary secretary as a full time legal secretary, though he admits that he recognized at that time that she was not qualified for that position.  See Compl., ¶ 38 & 39.  According to the Complaint, over the following five (5) months, the plaintiff and his secretary developed a close personal relationship that included sharing meals, shopping excursions, conversations regarding personal issues, loans of money, hugging, kissing and inappropriate workplace physical contact.  See Compl., ¶¶ 22-46, 52-64.

3

Prior to February 15, 2005, the plaintiff's secretary complained to the Methuen Police Department that she had been subjected to sexual harassment and/or sexual assault by the plaintiff on a continuing basis. On or about February 15, 2005, the Methuen Police Department, with the secretary's knowledge and permission, videotaped the plaintiff's interaction with the secretary which recorded conduct confirmed and corroborated the secretary's complaints about the plaintiff. See Compl. ¶¶ 125-127.

The Complaint alleges that on February 15, 2005, Solomon and Alaimo arrived at the City Solicitor's Office, read the plaintiff his Miranda rights and informed him that his secretary had made a complaint against him for sexual assault. See Compl., ¶ 98. The Complaint alleges that Solomon and Alaimo demanded that the plaintiff either resign and waive his right to a hearing, or face criminal prosecution and termination of his employment. See Compl., ¶ 101. The Complaint alleges that Solomon and Alaimo lacked good cause to threaten criminal proceedings, that their actions were objectively unreasonable, and that he resigned involuntarily, under duress and coercion. See Compl., ¶¶ 115-117. The plaintiff alleges that the "full force of the law enforcement" was brought down on him "to force a politically desirable conclusion." See Compl., ¶ 118.

The Complaint alleges coercion (Count I), violation of the Massachusetts Civil Rights Act (Count II), intentional infliction of emotional distress (Count III), intentional interference with advantageous contractual relations (Count IV), and conspiracy (Count V).

## III. ARGUMENT

### A. THE APPLICABLE LEGAL STANDARD FOR A MOTION TO DISMISS.

Rule 12 (b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which "fail to state a claim upon which relief may be granted." See Fed.R.Civ.P. 12 (b)(6). A

4

motion to dismiss under Rule 12 (b)(6) tests the sufficiency of the pleadings.  "When confronted with a motion to dismiss the court accepts as true all well-pleaded factual averments and draws all reasonable inference in the plaintiff's favor." Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir.1989).  However, the court need not accept a complaint's "bald assertions or legal conclusions" when assessing a motion to dismiss.  See Abbott III v. United States, 144 F.3d 1, 2 (1st Cir.1996).  A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 28, n. 2 (1st Cir.1996).  Dismissal is appropriate under Rule 12 (b)(6) of the Federal Rules of Civil Procedure if the complaint presents no set of facts justifying discovery. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

      B.      THE COURT SHOULD DISMISS COUNT I BECAUSE IT DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The Court should dismiss Count I of the Complaint because fails to state a claim upon which relief can be granted.  Count I purports to state a claim against the Defendants for coercion, yet there is no cause of action for "coercion" under Massachusetts law.  Therefore, the Court should dismiss Count I.

      C.      THE COURT SHOULD DISMISS COUNT II AGAINST METHUEN BECAUSE MUNICIPALITIES ARE NOT "PERSONS" SUBJECT TO LIABILITY UNDER THE MASSACHUSETTS CIVIL RIGHTS ACT.

Count II of the Complaint purports to state a claim as against all defendants under the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I.  Methuen is not a "person" subject to liability under the Massachusetts Civil rights  Act and therefore the Court should dismiss Count II as against Methuen.

The Massachusetts Civil Rights Act provides, in relevant part

"Any <u>person</u> whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages."

(Emphasis added). M.G.L. c. 12, 11I. It is well settled in Massachusetts law that municipalities are

not "persons" subject to liability under the Massachusetts Civil Rights Act. <u>Howcroft v. City of</u>

<u>Peabody</u>, 51 Mass.App.Ct. 573, 591-592, 747 N.E.2d 729, 744 (2001); See <u>Allan v. Fire Chief of</u>

<u>Sudbury</u>, 63 Mass.App.Ct. 1108, 824 N.E.2d 487 (2005); <u>Kelley v. Laforce</u>, 288 F.3d 1, 11 n. 9 (1st

Cir. 2002). Accordingly, the Court should dismiss Count II against Methuen.

D.    THE COURT SHOULD DISMISS COUNT III BECAUSE IT DOES NOT STATE
      A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The Court should dismiss the plaintiff's claim against Methuen for intentional infliction of

emotional distress because a public employer cannot be held liable for the alleged intentional torts

of its employees. Methuen cannot be held liable for intentional infliction of emotional distress as

a matter of law. <u>See</u> M.G.L. c. 258, § 10 (c).

The Massachusetts Tort Claims Act partially abrogated the doctrine of sovereign immunity

which had previously governed claims against subdivisions of state government by authorizing

private claims against the sovereign under limited circumstances. Notwithstanding of its limited

authorization of private causes of action against governmental defendants, the Massachusetts

legislature reserved immunity for the intentional torts of governmental employees and agents

including:

<u>Any claim arising out of an intentional tort</u>, including assault, battery, false imprisonment,

6

false arrest, <u>intentional mental distress</u>, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or <u>interference with contractual relations</u>.

M.G. L. c. 10 (c) (emphasis added).  Because Methuen is immune to claims for damages based on alleged intentional infliction of mental distress, the Court should dismiss Count III.

The Court should dismiss the plaintiff's claim for intentional infliction of emotional distress against Solomon and Alaimo because the Complaint does not allege shocking and outrageous conduct of the type which can support liability for intentional infliction of emotional distress.  In order for the plaintiff to succeed on this claim, he must plead and prove that the defendants (1) intended to inflict emotional distress, (2) in a manner amounting to extreme and outrageous conduct, beyond all possible bounds of decency and utterly intolerable in a civilized community (3) to cause him severe emotional distress, and (4) the emotional distress suffered by the plaintiff was severe and of such a nature that no reasonable person could be expected to endure it.  <u>See  Tetrault v. Mahoney, Hawkes & Goldings</u>, 425 Mass. 456, 466 (1997); <u>Agis v. Howard Johnson Co.</u>, 371 Mass. 140, 144-145 (1976); Restatement (Second) of Torts, § 46.  Conduct considered extreme and outrageous must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and intolerable in a civilized community." <u>Mello v. Stop & Shop</u>, 402 Mass. 555, 562-63 (1988); <u>Foley v. Polaroid Corp.</u>, 400 Mass. 82, 99 (1987).  Liability cannot be predicated upon:

> "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," nor is it enough "that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort"; rather,

7

> [l]iability has been found only where the conduct has been found so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

Foley, 400 Mass. at 99; Restatement (Second) of Torts, § 46.

Notwithstanding the Plaintiff's rote recitation of the legal elements of such a claim in a conclusory fashion, the Complaint alleges no conduct which can support recovery on this theory of liability.  In substance, the Complaint alleges that Solomon and Alaimo informed the plaintiff that his secretary had alleged that he had sexually assaulted her.  See Compl., ¶ 98.  The Complaint alleges that Solomon and Alaimo presented the plaintiff with two options: resign from his position; or face criminal charges and termination.  See Compl.. ¶ 101.  Even if the plaintiff's allegations with respect to Solomon and Alaimo could be proved, their alleged actions cannot reasonably be considered "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and intolerable in a civilized community."  Mello, 402 Mass. at 562-63.  There is no allegation of "profoundly shocking" conduct by Solomon or Alaimo and, accordingly, the Court should dismiss Count III as against all the Defendants.

E.    THE COURT SHOULD DISMISS COUNT IV AGAINST ALL DEFENDANTS BECAUSE IT DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Court should dismiss Count IV, which alleges intentional interference with advantageous contractual relations, as against Methuen because, as stated above, it cannot be held liable for the alleged common law intentional torts of its employees as a matter of law.  See M.G.L. c. 258, § 10 (c).  Therefore, the Court should dismiss Count IV against Methuen.

The Court should dismiss Count IV against Solomon and Alaimo because the plaintiff has not pled a *prima facie* case of intentional interference with contractual relations against them.  In such an action, the plaintiff must prove that (1) he had a contract with a third party, (2) the defendant knowingly induced the third party to break that contract, (3) the defendant's interference was intentional and improper in motive or means and (4) the plaintiff was harmed by the defendant's actions.  See Draghetti v. Chmilelski, 416 Mass. 808, 816, 66 N.E.2d 862 (1994).  Neither Solomon nor Alaimo is alleged to have induced Methuen to break any contract which it may have had with the plaintiff.  Rather, the Complaint alleges that the plaintiff admits that he resigned his position.  See Compl., ¶ 117.  Because the plaintiff has not alleged and cannot prove the second element of a *prima facie* claim for intentional interference with contractual relations the Court should dismiss Count IV.

> F.     THE COURT SHOULD DISMISS COUNT V AS AGAINST METHUEN BECAUSE IT DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

As a matter of law, the Court should dismiss Count V alleging conspiracy, against Methuen because, as stated above, it cannot be held liable for the alleged common law intentional torts of its employees as a matter of law.  See M.G.L. c. 258, § 10 (c).

IV.    **CONCLUSION**

For the reasons stated above, the defendants respectfully move the Court to dismiss all Counts of the Complaint as detailed above.

Respectfully submitted,

The Defendants
JOSEPH SOLOMON, JOSEPH ALAIMO
and the CITY OF METHUEN,

By their attorneys,

/s/ William P. Breen, Jr.
William P. Breen, Jr., Esq., BBO #558768
Rebecca L. Andrews Esq., BBO #644846
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02110
(617) 479-5000

Dated: August 19, 2005