UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11579EFH

| | |
|---|---|
| MAURICE LARIVIERE, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| JOSEPH SOLOMON, individually, and as | ) |
|    Chief of Police of the City of Methuen, and | ) |
| JOSEPH ALAIMO, individually, and as | ) |
|    Deputy of Police of the City of Methuen, and | ) |
| THE CITY OF METHUEN | ) |
| | ) |
| Defendants. | ) |
| | ) |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
AND REQUEST FOR ORAL ARGUMENT

Now comes the Plaintiff in the above entitled action who hereby opposes certain portions of the Motion to Dismiss and acquiesces to other certain immaterial portions.[1]

STANDARD ON MOTION TO DISMISS

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is to "test the formality of the statement of the claim for relief." *International Bank of Miami v. Banco de Economias y Prestamos,* 55 F.R.D. 180, 185 (D.P.R.1972). A defendant who presents a motion to dismiss admits, for purposes of the motion, all the material allegations of the complaint but "does not admit any conclusion of law or unwarranted deductions of fact made therefrom." *Id.* In deciding such a motion, the court must, therefore, view all material allegations in the light most favorable to the plaintiff and resolve all doubts in her favor. *Dunn v.*

---

[1] The acceptances of certain portions of the complaint being dismissed are made with the knowledge that an amended complaint is being submitted with other causes of action.

1

*Gazzola,* 216 F.2d 709 (1st Cir.1954). The court should not dismiss a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

## STATEMENT OF RELEVANT ALLEGATIONS AND FACTS

The plaintiff has set forth a detailed recitation of facts in his Verified Complaint and again in the Amended Verified Complaint, filed herewith, and those facts are not subject to challenge or review on a Motion to Dismiss; those facts must be accepted by this Court as true, and plaintiff relies upon all said facts in support of this opposition. Unlike defendants, plaintiff declines to inappropriately characterize or argue the validity of said allegations, but focuses instead on whether said facts support the claims asserted.

The defendants correctly state that the basis for this case is the violation of the plaintiff's rights by the defendants' in regards to their unlawfully using police powers to coerce and force his resignation for unacceptable reasons. This was a clear and improper use of police authority well out of bounds of their scope of employment. This improper use of police power was done while simultaneously acting with deliberate indifference to the normal and proper investigation techniques for this type of matter under the City's sexual harassment guidelines.

The plaintiff categorically states that numerous assertions are made by the plaintiff in the motion that are incorrect and apparently designed to divert the courts attention from the issues before it. In example the defendants wrongfully assert that there was substantial proof of inappropriate conduct. The plaintiff notes that the interpretation of the facts ultimately belongs in the hands of a jury and such assertions are wrongly made in a 12(b)(6) motion.

**ARGUMENT**

**As to Count I**

The defendants challenge Count I on the grounds that "coercion" is not a recognized cause of action under Massachusetts or federal law. Plaintiff does not dispute this (except to the extent that coercion is a recognized and necessary element of other properly pled causes of action, including but not limited to violations of the Massachusetts Civil Rights Act and violations of 42 USC §1983); however, Count I of the Verified Complaint is for all intents and purposes a count for constructive discharge which is a recognized cause of action under both Massachusetts and federal law. The identification of the count as "coercion" was inapt but immaterial has the substance of the Count rather than its caption controls. Plaintiff has been remedied this in his Amended Verified Complaint, but for the purposes of the defendant's motion to dismiss, the count should not be stricken but treated as what it is, a count for constructive discharge, in which case the plaintiff's argument is inapposite.

**As to Count II**

Defendants' motion does not seek to dismiss the claim for violation of the Massachusetts Civil Rights Act as against Solomon and Alaimo, but only against Methuen. Plaintiff concedes that his claim for violations of the Massachusetts Civil Rights Act cannot stand as to Methuen as it is a municipality and not a "person" pursuant to said statute. Plaintiff, however, specifically reserves the right to name any and all individuals of the municipality individually and in their official capacity at a later date, pending further facts developed during the course of discovery. For example, discovery may reveal that a cause of action in the Massachusetts Civil Rights Act many lie against either the mayor or other members of the Methuen Police Department, and

3

plaintiff specifically reserves the right to name those "persons" should plaintiff discover evidence against such persons.

**As to Count III**

The plaintiff notes that there is a four part test to establishing Intentional Infliction of Emotional Distress. The plaintiff further notes that the defendants have solely focused their argument on plaintiff's alleged failure to meet the second element, "that the defendant's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community." It is the plaintiff's position that the facts, as set forth in the Verified Complaint, and in the Amended Verified Complaint filed herewith, clearly demonstrate matters which reasonably could lead the trier of fact to conclude the defendants conduct was extreme and outrageous, having a severe and traumatic effect upon plaintiff's emotional tranquility. *Agis* V. *Howard Johnson Co*., 371 Mass. 540 (1976), citing *Alcorn* V. *Anbro Eng'r Inc*. 2 Cal. 3d 493,498 (1970).

The defendants Solomon and Alaimo assert that Count 3 should be dismissed because the complaint does not allege "shocking and outrageous conduct of the type which can support liability for intentional infliction of emotional distress." (Defendants memorandum page 7.)

The defendants assert in argument that mere insults, indignities, threats, annoyances , petty oppressions are not enough citing the case of Agis v. Howard Johnson Co., 371 Mass. 140, 144-145 (1976) and referencing Restatement (Second) of Torts, section 46.

The actions of the defendants cannot be considered so low in circumstance to be treated merely as insults or indignities in any civilized society that constrains its

4

police within legal boundaries. The facts belie the defendant's argument. These facts show the following;

The defendants took the plaintiff from his office to a conference room. There they without prior notice read him his Miranda rights. Compl. Para. 97-98.

They then proceeded to step out of their scope of employment i.e. a criminal investigation and coerced him to resign. Compl. Para. 101.

In conjunction with this they refused to allow him to go home and talk to his wife about what he should do. Their response was he could not leave and if he tried he would face arrest. Compl. Para. 102.

This coercion to force a resignation occurred notwithstanding that they knew this type of claim was to be handled under the city's sexual harassment policy. Compl. Para. 101.

In the process they ultimately forced him to waive his rights to a hearing and resign. Compl. Para. 104.

The defendants notwithstanding plaintiffs denial of the charges of molesting the secretary continued on there course of using police powers for this inappropriate process. Compl. Para. 106.

This illegitimate exercise of police power included their going to talk to the Mayor to get instructions while keeping him in the custody of a police captain who he had to ask for permission to go to the bathroom and was accompanied by the police captain to the restroom. Compl. Para. 108.

The last stages of this coercion included a demand for immediate resignation or "he would be arrested, cuffed and taken out of the building." Compl. Para. 109.

This threat was buttressed by the statement of Solomon "Sign the resignation now or I will arrest you, handcuff you and drag you out of this building in front of people you know." Compl. Para. 110`.

Solomon proceeded to state "When we arrest you it will be all over the papers." "We will then ask the council to terminate you." "If you quit now it will be kept quiet and no one will know." Compl. Para. 110.

The complaint in paragraph 111 then goes on to assert that Solomon stated "I have a meeting in twelve minutes." "This is your last chance resign or you are arrested, handcuffed and taken out of this building."

The plaintiff suffering this vitriolic attack then snapped. Realizing any clarification would be fruitless the threats, intimidation and coercion by the police were calculated to secure a waiver of his rights. Compl. Para. 112.

The plaintiff in these circumstances could only see the publicity and the harm befalling him and his family and he surrendered to this coercion after hours of custody. Compl.para. 112-113.

The plaintiff concurs that Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which "fail to state a claim upon which relief may be granted." The Rule is designed to test the sufficiency of the pleadings. In this context the court must accept as true all well-pleaded factual averments and draw all reasonable inferences in the plaintiff's favor. (Defendants' Memorandum, page 5.) The defendants assert that the above facts do not allege shocking and outrageous conduct of the type which can support liability for intentional infliction of emotional distress. In support of this proposition they refer to restatement (Second) of Torts, Section 46. and further assert that these actions are not so "outrageous and so extreme in degree as to go beyond

6

all possible bounds of decency and to be regarded as atrocious, and intolerable in a civilized community." This is not only an improper assertion of existing law as it applies to this situation but in fact fails to acknowledge the "comments" and "Illustrations" in the very treatise they cite.

There can be little doubt that the facts show that the Police Chief Solomon and the Deputy Chief Alaimo unlawfully utilized their police powers to coerce and force a resignation. They clearly acted outside of their authority and for an illegitimate purpose. Contrary to the defendants assertions the Restatement (Second) of Torts section 46 demonstrates liability in these types of circumstances. Section 46 provides in its C*omment* section e:

> The extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests. Thus an attempt to extort money by a threat of arrest may make the actor liable even where the arrest, or the threat alone, would not do so. **In particular police officers**, school authorities, landlords, and collecting creditors **have been held liable for extreme abuse of their position.**

This is further elucidated in "Illustrations" numbers 5 and 6:

> 5.   A, a private detective, calls on B and represents himself to be a police officer. He threatens to arrest B on a charge of espionage unless B surrenders letters of a third person which are in her possession. B suffers emotional distress and resulting illness. A is subject to liability to B for both."

> 6.   A, the principal of a high school, summons B, a school girl, to his office, and abruptly accuses her of immoral conduct with various men. A bullies B for an hour, and threatens her with prison and with public disgrace for herself and her parents unless she confesses. B suffers severe emotional distress, and resulting illness. A is subject to liability to B for both.

The above examples of facts sufficient to support a claim for intentional infliction of emotional distress mirror the facts in this case. The defendants threats of handcuffs, arrest and public disgrace, inter alia, certainly meet the necessary criteria.

The case of *Conway* v. *Smerling*, 37 Mass. App. Ct. 1 (1994), is additionally helpful. The court in reviewing the term "outrageous" stated, "It means, for example, a high order of reckless ruthlessness or deliberate malevolence that, as the *Agis* and *Foley* opinions say, is simply intolerable." (The court in pointing to where "outrageous" conduct might exist pointed directly to the Restatement section 46 comment (e), cited above.)

In *Vittands* v. *Sudduth*, 49 Mass. App. Ct. 401 (2000), the Court stated, "A trier of fact would be entitled to put as harsh a face on the actions of the [the neighbor] as the basic facts would reasonably allow" *Id.* at 441.  See, *Richey* v. *American Auto. Assn.*, 380 Mass. 835, 839 (1980).

Most importantly, "[t]here is an issue for the jury if reasonable people could differ on whether the conduct is 'extreme and outrageous.'" *Brown* v. *Nutter, McClennen & Fish*, 45 Mass. App. Ct. 212, 219 (1998), quoting from *Agis*, 371 Mass. at 145--146. This is indisputably such a case.

### As to Count IV

The plaintiff does not contest the dismissal as to Count IV.

### As to Count V

The plaintiff does not contest the dismissal of Count V against Methuen, except that plaintiff again specifically reserves his right to bring claims against individuals of the city if discovery should reveal that other members of the municipality were involved in the conspiracy with Solomon and Alaimo.

REQUEST FOR ORAL ARGUMENT

The plaintiff respectfully suggests that oral argument will be of assistance to the parties and this Court, and respectfully requests a hearing on the Motion and Opposition.

                                            Plaintiff,
                                            MAURICE LARIVIERE
                                            By his attorneys,

                                            /s/ William H. DiAdamo
                                            _____
                                            Carmine W. DiAdamo
                                            BBO#122960
                                            William H. DiAdamo
                                             BBO#558883
                                            DiAdamo Law Office LLP
                                            40 Appleton Way
                                            Lawrence, MA 01840
Dated: September 12, 2005        (978) 685-4271