UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

:
MAURICE LARIVIERE,                :
     Plaintiff,                :
:
v.                                :     C.A. No.: 05-11579EFH
:
JOSEPH SOLOMON, individually and  :
as Chief of Police for the City of :
Methuen, JOSEPH ALAIMO,           :
individually and as Deputy Chief of :
Police for the City of Methuen and :
THE CITY OF METHUEN,              :
     Defendants.                :
:
_____:

**DEFENDANTS, JOSEPH SOLOMON, JOSEPH ALAIMO AND CITY OF METHUEN'S ANSWER TO FIRST AMENDED VERIFIED COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**

## ANSWER

Now come the Defendants, Joseph Solomon, individually and in his capacity as Chief of Police for the City of Methuen ("Solomon"); Joseph Alaimo, individually and in his capacity as Deputy Chief of Police for the City of Methuen ("Alaimo"); and the City of Methuen ("Methuen"); (hereinafter collectively referred to as "the Defendants"), and respond to the First Amended Verified Complaint, paragraph by paragraph, as follows:

## AS TO THE PARTIES

1.     The Defendants admit the allegations of Paragraph 1.

2.     As to the allegations of Paragraph 2, the Defendants admit only that Solomon is an individual residing within the Commonwealth of Massachusetts and, at all times relevant to this matter, was the Chief of Police for Methuen. As the confidentiality of Solomon's residential

information is protected by state law, the Defendants neither admit nor deny the facts or allegations contained within Paragraph 2 as to Solomon's residence.

3.      As to the allegations of Paragraph 3, the Defendants admit only that Alaimo is an individual residing within the Commonwealth of Massachusetts and, at all times relevant to this matter, was the Deputy Chief of Police for Methuen.  As the confidentiality of Alaimo's residential information is protected by state law, the Defendants neither admit nor deny the facts or allegations contained within Paragraph 3 as to Alaimo's residence.

4.      The Defendants admit the allegations of Paragraph 4.

<u>As To Background</u>

5.      The Defendants admit the allegations of Paragraph 5.

6.      As to the allegations of Paragraph 6, the Defendants admit only that prior to the Plaintiff's resignation, he was employed as City Solicitor for Methuen for approximately 25 years, and that he was reappointed on a number of occasions.  The Defendants deny all of the remaining allegations contained in Paragraph 6.

7.      The Defendants admit the allegations of Paragraph 7.

<u>As to Relationship with the Mayor</u>

8.      The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 8 and therefore leave the Plaintiff to his proof.

9.      The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 9 and therefore leave the Plaintiff to his proof.

10.     The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 10 and therefore leave the Plaintiff to his proof.

11.     The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 11 and therefore leave the Plaintiff to his proof.

12.     The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 12 and therefore leave the Plaintiff to his proof.

13.     The Defendants deny the allegations contained within Paragraph13.

14.     The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 14 and therefore leave the Plaintiff to his proof.

15.     The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 15 and therefore leave the Plaintiff to his proof.

16.     The Defendants deny the allegations contained within Paragraph 16 as they concern the Defendants.

<u>As to Metin Employment</u>

17.     The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 17 and therefore leave the Plaintiff to his proof.

18.     The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 18 and therefore leave the Plaintiff to his proof.

19.     The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 19 and therefore leave the Plaintiff to his proof.

20-80.  The Defendants make no response to the allegations contained within Paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 and 80 as those facts or allegations do not relate to them.  However, to the

extent that a response may be required, the Defendants lack sufficient knowledge and

information upon which to base a belief as to the truth of the allegations of Paragraphs 20

through Paragraph 80 and therefore leave the Plaintiff to his proof.

As to February 15, 2005

81.     The Defendants admit the allegations of Paragraph 81.

82-83.  The Defendants make no response to the allegations contained within Paragraphs 82 and

83 as those facts or allegations do not relate to them.  However, to the extent that the a response

may be required, the Defendants lack sufficient knowledge and information upon which to base a

belief as to the truth of the allegations of Paragraphs 82 and 83 and therefore leave the Plaintiff to

his proof.

84.     As to the allegations of Paragraph 84, the Defendants admit only that Solomon received a

telephonic message from the Plaintiff.  The Defendants lack sufficient knowledge and

information upon which to base a belief as to the truth of the remaining allegations of Paragraph

84 and therefore leave the Plaintiff to his proof.

85.     The Defendants say that Paragraph 85 is worded in a vague and confusing manner as to

the time period referenced and, as the Defendants cannot understand the paragraph so as to frame

an appropriate response, the Defendants are without sufficient knowledge and information upon

which to base a belief as to the truth of the allegations of Paragraph 85 and therefore leave the

Plaintiff to his proof.

As to February 16, 2005

86-92.  The Defendants make no response to the allegations contained within Paragraphs 86, 87,

88, 89, 90, 91 and 92 as those allegations do not relate to them.  However, to the extent that the a

-4-

response may be required, the Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraphs 86 through 92 and therefore leave the Plaintiff to his proof.

93.     Denied in the express terms alleged.  As to the allegations of Paragraph 93, the Defendants admit only that the Plaintiff kissed Metin.  The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the remaining allegations of Paragraph 93 and therefore leave the Plaintiff to his proof.

94.     Denied in the express terms alleged.  As to the allegations of Paragraph 94, the Defendants admit only that the Plaintiff kissed Metin and placed his hands on Metin's body.  The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the remaining allegations of Paragraph 94 and therefore leave the Plaintiff to his proof.

95.     As to the allegations of Paragraph 95, the Defendants admit only that Metin left the Plaintiff's office after the Plaintiff kissed Metin and placed his hands on Metin's body.  The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the remaining allegations of Paragraph 95 and therefore leave the Plaintiff to his proof.

96.     The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 96 and therefore leave the Plaintiff to his proof.

97.     As to the allegations of Paragraph 97, the Defendants admit only that Solomon and Alaimo arrived at the Plaintiff's office and asked to speak with him in a conference room located in the building.  The Defendants lack sufficient knowledge either to admit or deny the remaining allegations contained within Paragraph 97, including the Plaintiff assumptions with respect to Solomon and Alaimo's purpose, and therefore leave the Plaintiff to his proof.

98.     As to the allegations of Paragraph 98, the Defendants admit only that Solomon and Alaimo  read the Plaintiff his *Miranda* rights in the conference room and advised the Plaintiff that they were investigating a complaint of sexual assault that had been made against the Plaintiff by Metin.  The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the remaining allegations of Paragraph 98 and therefore leave the Plaintiff to his proof.

99.     As to the allegations of Paragraph 99, the Defendants admit only that two tape recorders were turned on at the outset of the meeting in the conference room and that the Plaintiff agreed to speak with Solomon and Alaimo after having been advised of his rights.  The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the remaining allegations of Paragraph 99 and therefore leave the Plaintiff to his proof.

100.    Denied in the express terms alleged.  As to the allegations of Paragraph 100, the Defendants admit only that Solomon stated that the situation had upset him and that he had been unable to sleep the previous night.  The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the remaining allegations of Paragraph 100 and therefore leave the Plaintiff to his proof.

101.    The Defendants deny the allegations contained within Paragraph 101.

102.    The Defendants deny the allegations contained within Paragraph 102.

103.    As to the allegations of Paragraph 103, the Defendants deny that they told the Plaintiff that "he had to resign immediately or be arrested."  The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the remaining allegations of Paragraph 103 and therefore leave the Plaintiff to his proof.

104.    The Defendants deny the allegations contained within Paragraph 104.

105.    The Defendants admit the allegations of Paragraph 105.

106.    Denied in the express terms alleged.  As to the allegations of Paragraph 106, the

Defendants admit only that the Plaintiff was advised of the victim's allegations and

that Solomon stated that he had been present for a telephone call placed to the complaining

victim by the Plaintiff.  The Defendants deny the remaining allegations contained within

Paragraph 106.

107.    The Defendants deny the allegations contained within Paragraph 107.

108.    Denied in the express terms alleged.  As to the allegations of Paragraph 107, the

Defendants admit only that Solomon and Alaimo left to speak with the Mayor when the Plaintiff

advised them that he wished to resign and to convey that message to the Mayor, and that Captain

McCarthy was asked to remain with the Plaintiff in their absence.  The Defendants lack sufficient

knowledge and information upon which to base a belief as to the truth of the remaining

allegations of Paragraph 108 and therefore leave the Plaintiff to his proof.

109.    The Defendants deny the allegations contained within Paragraph 109.

110.    The Defendants deny the allegations contained within Paragraph 110.

111.    Denied in the express terms alleged.  As to the allegations of Paragraph 111, the

Defendants admit only that Solomon indicated that he had a prior commitment to attend to while

the Plaintiff was in his office collecting his personal belongings.  The Defendants deny all other

allegations contained within Paragraph 111.

112.    The Defendants deny the allegations contained within Paragraph 112.

113.    As to the allegations of Paragraph 113, the Defendants admit only that the Plaintiff signed

paperwork prepared by the Human Resources Department relating to his resignation. The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the remaining allegations of Paragraph 113 and therefore leave the Plaintiff to his proof.

114.    As to the allegations of Paragraph 114, the Defendants admit only that the Human Resources Department is located next to the City Solicitor's office. The Defendants deny that the "police turned this incident into a criminal investigation to deliberately deny [sic] Lariviere of his rights." The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the remaining allegations of Paragraph 114 and therefore leave the Plaintiff to his proof.

115.    The Defendants deny the allegations contained within Paragraph 115.

116.    The Defendants deny the allegations contained within Paragraph 116.

117.    The Defendants deny the allegations contained within Paragraph 117.

118.    The Defendants deny the allegations contained within Paragraph 118.

## AS TO COUNT I
### (Constructive Discharge/Unlawful Termination)

119.    The Defendants hereby incorporate and make their responses to Paragraphs 1 through 118 their response to Paragraph 119 as if fully set forth herein.

120.    The Defendants deny the allegations contained within Paragraph 120

121.    The Defendants deny the allegations contained within Paragraph 121.

122.    The Defendants deny the allegations contained within Paragraph 122.

123.    The Defendants deny the allegations contained within Paragraph 123.

124.    The Defendants deny the allegations contained within Paragraph 124.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim, to award the Plaintiff no relief and to award to the Defendants their recoverable costs, expenses and attorneys fees.

## AS TO COUNT II
### (Intentional Infliction of Emotional Distress as to Solomon and Alaimo)

125.    The Defendants hereby incorporate and make their responses to Paragraphs 1 through 124 their response to Paragraph 125 as if fully set forth herein.

126.    The Defendants deny the allegations contained within Paragraph 126.

127.    The Defendants deny the allegations contained within Paragraph 127.

128.    The Defendants deny the allegations contained within Paragraph 128.

129.    The Defendants deny the allegations contained within Paragraph 129.

130.    The Defendants deny the allegations contained within Paragraph 130.

131.    The Defendants deny the allegations contained within Paragraph 131.


WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim, to award the Plaintiff no relief and to award to the Defendants their recoverable costs, expenses and attorneys fees.


## AS TO COUNT III
### (Violation of Massachusetts Civil Rights Act against Solomon and Alaimo)

132.    The Defendants hereby incorporate and make their responses to Paragraphs 1 through 131 their response to Paragraph 132 as if fully set forth herein.

133.    The Defendants deny the allegations contained within Paragraph 133.

134.    The Defendants deny the allegations contained within Paragraph 134.

135.    The Defendants deny the allegations contained within Paragraph 135.

136.    The Defendants deny the allegations contained within Paragraph 136.

137.    The Defendants deny the allegations contained within Paragraph 137

138.    The Defendants deny the allegations contained within Paragraph 138.

139.    The Defendants deny the allegations contained within Paragraph 139.


        WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim, to award

the Plaintiff no relief and to award to the Defendants their recoverable costs, expenses and

attorneys fees.


                          AS TO COUNT IV
        (Violation of 42 U.S.C. § 1983 against Solomon and Alaimo individually)

140.    The Defendants hereby incorporate and make their responses to Paragraphs 1 through 139

their response to Paragraph 140 as if fully set forth herein.

141.    The Defendants deny the allegations contained within Paragraph 141.

142.    The Defendants deny the allegations contained within Paragraph 142.

143.    The Defendants deny the allegations contained within Paragraph 143.

144.    The Defendants deny the allegations contained within Paragraph 144.

145.    The Defendants deny the allegations contained within Paragraph 145.

146.    The Defendants deny the allegations contained within Paragraph 146.

147.    The Defendants deny the allegations contained within Paragraph 147.


        WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim, to award the Plaintiff no relief and to award to the Defendants their recoverable costs, expenses and attorneys fees.


AS TO COUNT V
(Violation of 42 U.S.C. § 1983 against Solomon and Alaimo in their official capacities)

148.    The Defendants hereby incorporate and make their responses to Paragraphs 1 through 147 their response to Paragraph 148 as if fully set forth herein.

149.    The Defendants deny the allegations contained within Paragraph 149.

150.    The Defendants deny the allegations contained within Paragraph 150.

151.    The Defendants deny the allegations contained within Paragraph 151.

152.    The Defendants deny the allegations contained within Paragraph 152.

153.    The Defendants deny the allegations contained within Paragraph 153.

154.    The Defendants deny the allegations contained within Paragraph 154.

155.    The Defendants deny the allegations contained within Paragraph 155.


        WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim, to award the Plaintiff no relief and to award to the Defendants their recoverable costs, expenses and attorneys fees.

## AS TO COUNT VI
### (Violation of 42 U.S.C. § 1983 against City of Methuen)

156.    The Defendants hereby incorporate and make their responses to Paragraphs 1 through 155 their response to Paragraph 156 as if fully set forth herein.

157.    The Defendants make no response to Paragraph 157 because it does not allege material fact, but rather states a conclusion of law to which no response is required.  However, to the extent that a response may be required, the Defendants leave the Plaintiff to his proof.

158.    The Defendants deny the allegations contained within Paragraph 158.

159.    The Defendants deny the allegations contained within Paragraph 159.

160.    The Defendants deny the allegations contained within Paragraph 160.

161.    The Defendants deny the allegations contained within Paragraph 161.

162.    The Defendants deny the allegations contained within Paragraph 162.

163.    The Defendants deny the allegations contained within Paragraph 163.

164.    The Defendants deny the allegations contained within Paragraph 164.


        WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim, to award the Plaintiff no relief and to award to the Defendants their recoverable costs, expenses and attorneys fees.


## AS TO COUNT VII
### (Intentional Interference with Advantageous Contractual Relations)

165.    The Defendants hereby incorporate and make their responses to Paragraphs 1 through 164 their response to Paragraph 165 as if fully set forth herein.

166.    The Defendants deny the allegations contained within Paragraph 166.

167.    The Defendants deny the allegations contained within Paragraph 167.

168.    The Defendants deny the allegations contained within Paragraph 168.


        WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim, to award
the Plaintiff no relief and to award to the Defendants their recoverable costs, expenses and
attorneys fees.


                                AS TO COUNT VIII
                                  (Conspiracy)


169.    The Defendants hereby incorporate and make their responses to Paragraphs 1 through 168
their response to Paragraph 169 as if fully set forth herein.

170.    The Defendants deny the allegations contained within Paragraph 170.

171.    The Defendants deny the allegations contained within Paragraph 171.


        WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim, to award
the Plaintiff no relief and to award to the Defendants their recoverable costs, expenses and
attorneys fees.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The First Amended Verified Complaint, in each of its claims against the Defendants, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The individually-named Defendants are qualifiedly immune from suit and from liability or otherwise were privileged in their actions and conduct and the Plaintiff's claims therefore are barred.

### Third Affirmative Defense

The Plaintiff is barred from recovery, particularly as his First Amended Verified Complaint seeks equitable relief, by the doctrine of unclean hands.

### Fourth Affirmative Defense

The Plaintiff's claims are barred by the jurisdictional doctrines of collateral estoppel and res judicata.

### Fifth Affirmative Defense

The Plaintiff's claims are barred insofar as the Plaintiff consented to the actions of the Defendants.

Sixth Affirmative Defense

The actions of the Defendants, at all times, were justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

Seventh Affirmative Defense

At all times, the Defendants acted in good faith reliance on constitutional, statutory, judicial or other legal authority.

Eighth Affirmative Defense

The injuries and damage claimed by the Plaintiff were caused, in whole or in part, by the Plaintiff's own negligence, such that any recovery must be reduced in a manner proportional to that degree of negligence.

Ninth Affirmative Defense

The injuries and damage claimed by the Plaintiff were caused, in whole or in part, by the Plaintiff's own negligence, and that negligence of the Plaintiff was equal to or greater than any negligence by the Defendants such that any recovery for the Plaintiff is barred.

Tenth Affirmative Defense

The actions of the Defendants, at all times, were reasonable and undertaken with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional

or statutory right.

### Eleventh Affirmative Defense

The injuries and damage claimed by the Plaintiff were caused by the acts of a third party, which acts Defendants had no reason to anticipate and of which person the Defendants had no control and are not responsible as a matter of law.

### Twelfth Affirmative Defense

The injuries and damage claimed by the Plaintiff were the result of supervening and intervening causes unrelated to the conduct of any of the Defendants, and the Defendants therefore are not liable.

### Thirteenth Affirmative Defense

The Plaintiff has failed to mitigate any claimed injury or damage, as required by law.

### Fourteenth Affirmative Defense

The Plaintiff's recovery against any or all of the Defendants is barred pursuant to the provisions of M.G.L. ch. 258, § 10.

### Fifteenth Affirmative Defense

The Plaintiff's claimed injuries or damages were caused, in whole or in part, by the Plaintiff's violation of the various statutes, ordinances, regulations, policies or other legal authority governing the conduct of the partes at the time that said injuries or damages were sustained.

Sixteenth Affirmative Defense

The Plaintiff, by his conduct or by the conduct of his agents or servants, has waived any and all rights they may have had against the Defendants.

Seventeenth Affirmative Defense

The First Amended Verified Complaint must be dismissed for lack of service and/or insufficiency of service of process, in that the First Amended Verified Complaint was not properly served on the Defendants.

Eighteenth Affirmative Defense

The Plaintiff's claim against the City of Methuen pursuant to 42 U.S.C. § 1983 must be dismissed because the Plaintiff has failed to allege an official custom, policy or practice which caused the allegedly unconstitutional denial of the Plaintiff's civil rights.

Nineteenth Affirmative Defense

To the extent that the First Amended Verified Complaint advances any claim sounding in negligence, the individual Defendants are immune pursuant to M.G.L. ch. 258, § 2.

Twentieth Affirmative Defense

At the time of the alleged incident, the Plaintiff was guilty of a violation of the law that caused the incident and the Plaintiff's claims therefore are barred.

<u>Twenty-First Affirmative Defense</u>

The Plaintiff's claims are frivolous and not made in good faith, and the Defendants therefore demand their costs and attorneys fees.

<u>Twenty-Second Affirmative Defense</u>

The Plaintiff's claims pursuant to 42 U.S.C. § 1983 fail because the Plaintiff has an adequate post-deprivation remedy.

**<u>JURY DEMAND</u>**

The Defendants demand a trial by jury on all claims and issues so triable.

DEFENDANTS CITY OF METHUEN,
JOSEPH SOLOMON AND JOSEPH
ALAIMO
By their attorneys,

/s/ William P. Breen, Jr.
William P. Breen, Jr., BBO #: 558768
Rebecca L. Andrews, BBO #: 644846
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive
Quincy, MA 02110
617.479.5000

DEFENDANTS JOSEPH SOLOMON
AND JOSEPH ALAIMO,
By their attorneys,

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini
BBO #: 654690
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605
508.754.7285

-18-

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 20, 2006.


<u>/s/ William P. Breen, Jr.</u>