UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11579EFH

_____

| | |
|---|---|
| MAURICE LARIVIERE, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| JOSEPH SOLOMON, individually, and as | ) |
| Chief of Police of the City of Methuen, and | ) |
| JOSEPH ALAIMO, individually, and as | ) |
| Deputy Chief of Police of the City of Methuen, and | ) |
| THE CITY OF METHUEN | ) |
| | ) |
| Defendants. | ) |

_____

PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSE
TO REQUEST FOR PRODUCTION

Pursuant to F.R.C.P. Rule 37 and Local Rule 37.1, plaintiff Maurice Lariviere

("Lariviere") hereby moves this Court for an Order compelling discovery from the

defendants Joseph Solomon, Joseph Alaimo and the City of Methuen (collectively, "the

defendants"), for the following reasons:

FACTS

This case relates to the plaintiff's allegation that the defendant's willfully and

illegally utilized their police powers for the purpose of forcing him against his will to

resign from his position as City Solicitor for the City of Methuen after twenty-five years

of service. The allegations indicate that an active conspiracy existed between the then

Mayor Sharon Pollard and the Police Chief Joseph Solomon to force LaRiviere to resign

and deprive him of his property rights and interest in his position. Further to deprive him

of his right to a full and fair hearing before his appointing authority the City Council.

1

Their objective being politically motivated and for purpose of taking control of the solicitor's office. The facts supporting this allegation are outlined in the complaint and are incorporated into this motion.

The parties at the direction of the Court submitted a proposed schedule for discovery providing that Requests for Production be submitted by the parties no later than January 13, 2006. The parties further stipulated that the responses to these discovery requests be made no later than February 27, 2006.  The Rule 16.1 proposed pre-trial schedule was approved by the Court at the pre-trial conference of the parties and thus made an order of the court.  On January 13, 2006 the Plaintiff submitted by email notice to the defendant's counsel of record its Request for Production Notice

Upon the defendant's failing to respond to the Request for Production the Plaintiff notified the defendants on March 3, 2006 by email to them (Exhibit C) of the discovery dispute and request for a discovery conference under Local Rule 34.1. Attorney Breen, counsel for record at that time, promised that the documents would be provided shortly. Several calls were made thereafter to Attorney Breen and also to his associate, Rebecca Andrews, who were told that the responses were needed before depositions could be done, and who indicated that the responses were forthcoming.  In an effort to be cooperative, plaintiff's counsel accepted their representations. However, shortly thereafter that, Attorneys Breen and Andrews apparently left their firm, and the case was assigned new counsel.  This does not, however, relieve defendants of their obligation to provide responses in a timely fashion, and this still has not occurred.

Pursuant to the Rule 16.1 Scheduling Conference, the plaintiff contemplated conducting the depositions of several witnesses by June 30, 2006, and the defendants

have still not complied, nor made any attempt to comply. There has been no objection to the documents requested, and have not asserted any privilege, and there was no request for an extension within the time permitted by the Rules.  Accordingly, all objections are waived. <u>See</u> Loc. R. 34.1(C)(1).

WHEREFORE, in light of the defendants failure to provide the requested responses, the Court should issue an Order:

a.  That the defendants immediately respond to the plaintiff's Request for Production of Documents;

b.  That the defendants have waived all objections to plaintiff's discovery requests; and

c.  The plaintiff submit to the defendants a statement of costs, including its attorney's fees, sustained in making this Motion and that defendants forthwith reimburse plaintiff those costs.

Plaintiff,
MAURICE LARIVIERE
By his attorneys,

/s/ William H. DiAdamo
_____
Carmine W. DiAdamo
BBO#122960
William H. DiAdamo
 BBO#558883
DiAdamo Law Office LLP
40 Appleton Way
Lawrence, MA 01840
Dated: June 9, 2006          (978) 685-4271

PLAINTIFF'S CERTIFICATION OF GOOD FAITH ATTEMPT TO CONFER

I, William H. DiAdamo, state and certify that I made a good faith attempt to

confer with the defendants' counsel in an effort to secure compliance with my request

for Production of Documents. Notwithstanding my best efforts the defendant' failed to

comply and submit to me the documents requested in the discovery.

/s/ William H. DiAdamo___
William H. DiAdamo

CERTIFICATE OF SERVICE

I, William H. DiAdamo, hereby certify that I have this 9th day of June, 2006,
caused a copy of the foregoing document to be served upon all counsel of record by
electronic filing.

/s/ William H. DiAdamo___
William H. DiAdamo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11579EFH

_____
MAURICE LARIVIERE,                          )
                                            )
                    Plaintiff               )
v.                                          )
                                            )
JOSEPH SOLOMON, individually, and as        )
    Chief of Police of the City of Methuen, and  )
JOSEPH ALAIMO, individually, and as         )
    Deputy Chief of Police of the City of Methuen, and  )
THE CITY OF METHUEN                         )
                                            )
                    Defendants.             )
_____)

<u>ORDER</u>

Having considered the relevant submissions, it is hereby ordered that:

a.  The defendants immediately respond to the plaintiff's Request for Production

    of Documents;

b.  The defendants have waived all objections to plaintiff's discovery requests;

    and

c.  The plaintiff submit to the defendants a statement of costs, including its

    attorney's fees, sustained in making this Motion and that defendants forthwith

    reimburse plaintiff those costs.

IT IS SO ORDERED:


Dated: _____        _____
                                Judge Edward F. Harrington
                                United States District Court Judge