UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAURICE LARIVIERE,<br>    Plaintiff,<br><br>v.<br><br>JOSEPH SOLOMON, individually and<br>as Chief of Police for the City of<br>Methuen, JOSEPH ALAIMO,<br>individually and as Deputy Chief of<br>Police for the City of Methuen and<br>THE CITY OF METHUEN,<br>    Defendants. | C.A. No.: 05-11579EFH |

**DEFENDANTS CITY OF METHUEN, JOSEPH SOLOMON AND JOSEPH ALAIMO'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSE TO REQUEST FOR PRODUCTION**

Now come the Defendants, the City of Methuen, Joseph Solomon and Joseph Alaimo (hereinafter collectively referred to as "the Defendants"), by and through their undersigned counsel, and hereby oppose the Plaintiff's Motion to Compel Defendants' Response to Request for Production. As grounds therefore, the Defendants state the following:

**I.   PROCEDURAL LANDSCAPE OF THE PLAINTIFF'S REQUEST FOR PRODUCTION AND MOTION TO COMPEL**

On January 13, 2006, Attorney William DiAdamo, counsel for the Plaintiff, transmitted, via email correspondence, a document entitled Plaintiff's Request for Production of Documents to the Defendants to Attorney William Breen, counsel for the Defendants, and Attorney Andrew Gambaccini, counsel for Defendants Solomon and Alaimo. Upon receipt of this electronic correspondence, and opening of the attached document, it was discovered that the discovery

-1-

request contained a number of formatting errors, rendering portions of the prefatory instruction and definition sections unreadable, in addition to similar errors in six (6) of the individual document requests. In addition, although there was a document request numbered twenty-five, there was no text following the number save for the signature block of Plaintiff's counsel. A true and accurate copy of this document request is appended hereto and incorporated herein as "Exhibit A."

Thereafter, numerous attempts were made by Attorney Gambaccini to obtain a "clean" version of the request, a version in which all material portions and each document request could be read and appropriate attempts at a response could be made. Specifically, the following sequence of requests took place:

(1) On March 28, 2006, a voicemail message was left for Attorney William DiAdamo by Attorney Gambaccini, requesting a return call on the discovery matter;

(2) On March 31, 2006, after Attorney DiAdamo left a message for Attorney Gambaccini, Attorney Gambaccini returned the call and spoke at length with Attorney DiAdamo's assistant, advising her of the situation. The assistant indicated that she would try to find a hard copy of the requests and fax them to counsel for the Defendants, although she might not be able to do so if Attorney DiAdamo, who was out of the office, had not printed out a copy himself at an earlier time;

(3) On April 4, 2006, with no copy of the requests having been received, Attorney Gambaccini sent email correspondence to Attorney DiAdamo, indicating that Attorney Breen's junior associate working on this matter had left his firm, but that Defendants' counsel was attempting to respond to the requests. Toward that end, however, Attorney Gambaccini indicated

that the document requests received by counsel for the Defendants contained a number of formatting errors, and requested that a legible copy be faxed to counsel;

(4) On April 6, 2006, Attorney DiAdamo sent another copy of the requests via electronic attachment, indicating that the prior version had been corrupted when he converted it from one wordprocessing format to another. This version, however, contained the same errors as the prior version when counsel for the Defendants attempted to print it out for review and response;

(5) On April 7, 2006, Attorney Gambaccini sent email correspondence to Attorney DiAdamo, indicating that the same errors had appeared in the document when printed, and that Attorney Breen's office also had received a corrupted copy;

(6) On April 19, 2006, not having heard from Attorney DiAdamo, Attorney Gambaccini sent follow-up email correspondence, appending the April 7, 2006 email correspondence, and again requested a non-corrupted version of the requests;

(7) On May 3, 2006, not having heard from Attorney DiAdamo, Attorney Gambaccini had another telephonic conference with Attorney DiAdamo's assistant, again advising her of the issue with the corrupted discovery request and asking for a clean version;

(8) On May 16, 2006, not having heard from Attorney DiAdamo, Attorney Gambaccini sent correspondence to Attorney DiAdamo, summarizing this history with respect to the corrupted versions of the discovery request and attempts to obtain a clean version which could allow an appropriate response to take place. A true and correct copy of this correspondence is appended hereto as "Exhibit B."

Finally, on May 19, 2006, a clean version of the Plaintiff's Request for the Production of Documents was received by Attorney Gambaccini and forwarded to Attorney Gareth Notis, who

by that point in time had succeeded Attorney Breen as counsel for the Defendants. The Plaintiff's Motion to Compel Defendants' Response to Request for Production, filed electronically on June 9, 2006, followed.

## II. THE PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED BECAUSE THE UNDERLYING DOCUMENT REQUESTS WERE NOT SERVED APPROPRIATELY UNTIL MAY 19, 2006, RENDERING THE MOTION TO COMPEL PREMATURE.

As detailed, Plaintiff's counsel did not serve upon counsel for the Defendants a "clean" version of the document requests until May 19, 2006.[1] In this instance, service of the Plaintiff's discovery request is controlled by Fed.R.Civ.P. 5. *See* Fed.R.Civ.P. 5 (a) (stating that, unless elsewhere provided within the Federal Rules, "every paper relating to discovery required to be served upon a party unless the court otherwise orders . . . shall be served upon each of the parties."). In turn, Fed.R.Civ.P. 5 (b) (2) provides that service pursuant to Fed.R.Civ.P. 5 (a) may be achieved in several ways, including, critically for present purposes, by electronic means. *See* Fed.R.Civ.P. 5 (b) (2) (D).[2]

Rule 5 (b) (3) of the Federal Rules of Civil Procedure, however, provides that: "Service by electronic means under Rule 5 (b) (2) (D) **is not effective** if the party making service learns that the attempted service did not reach the person to be served." (Emphasis added.) The fact

---

[1] Although the discovery request served on that date continues to suffer from the infirmity of a request numbered twenty-five with no corresponding text delineating the request made.

[2] This provision also indicates, however, that service by electronic means only may follow written consent as to such means of service by the person to be served. *See* Fed.R.Civ.P. 5 (b) (2) (D). In this regard, Attorney DiAdamo's initial January 13, 2006 email correspondence attempting to serve discovery requests upon counsel for the Defendants did indicate that he should be advised if a copy by mail was required, an invitation that defense counsel later attempted to utilize on a number of occasions.

that counsel for the Defendants had not received a legible copy of the discovery request was made known, over the course of several weeks and months, to Attorney DiAdamo and his office on a number of occasions, through telephonic communication, through email correspondence, and through written correspondence. Indeed, a legible version of the Plaintiff's discovery requests was not received by counsel for the Defendants until May 19, 2006, rendering the Plaintiff's June 9, 2006 Motion to Compel baseless and premature insofar as the Defendants have thirty days from proper service of the discovery request to respond. *See* Fed.R.Civ.P. 34. Accordingly, the Motion to Compel should be denied.[3]

### III. CONCLUSION

WHEREFORE, for the reasons discussed, the Defendants respectfully request that the Plaintiff's Motion to Compel Defendants' Response to Request for Production be denied.

>                    DEFENDANTS JOSEPH SOLOMON AND
>                    JOSEPH ALAIMO,
>                    By their attorney,
>
>                    /s/ Andrew J. Gambaccini
>                    Andrew J. Gambaccini, BBO #: 654690
>                    Reardon, Joyce & Akerson, P.C.
>                    397 Grove Street
>                    Worcester, MA 01605
>                    508.754.7285

---

[3] Moreover, it is worthy of note that, during the pendency of this issue regarding the Plaintiff's service of a corrupted discovery request, Attorney William Breen, who was to be the primary counsel involved in responding to the requests once appropriate service was achieved, withdrew as counsel for the Defendants, succeeded by Attorney Gareth Notis on May 10, 2006. Accordingly, Attorney Notis has been involved in this litigation for just over one month. Notwithstanding Plaintiff's counsel's awareness of this newly appearing counsel, the Plaintiff has proceeded with the filing of a Motion to Compel.

                                          DEFENDANTS CITY OF METHUEN,
                                        JOSEPH SOLOMON AND JOSEPH
                                        ALAIMO,
                                        By their attorneys,

                                        /s/ Gareth W. Notis
                                        Gareth W. Notis, BBO #: 637814
                                        Morrison Mahoney LLP
                                        250 Summer Street
                                        Boston, MA 02210-1181
                                        617.439.7500

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Defendants City of Methuen, Joseph Solomon and Joseph Alaimo's Opposition to Plaintiff's Motion to Compel Response to Request for Production, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on June 21, 2006.

                                        /s/ Andrew J. Gambaccini
                                        Andrew J. Gambaccini

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11579EFH

| | |
|---|---|
| MAURICE LARIVIERE, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| JOSEPH SOLOMON, individually, and as | ) |
| Chief of Police of the City of Methuen, and | ) |
| JOSEPH ALAIMO, individually, and as | ) |
| Deputy Chief of Police of the City of Methuen, and | ) |
| THE CITY OF METHUEN | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
## TO THE DEFENDANTS

NOW COMES Plaintiff, Maurice Lariviere (hereinafter "Plaintiff"), in the above-captioned matter and, in accordance with the provisions of Fed. R. Civ. P. 34, requests that the defendants Joseph Solomon, Joseph Alaimo and The City of Methuen (hereinafter "**Error! Reference source not found.**s"), furnish Plaintiff's Attorney with the documents hereinafter described.

This request is intended to cover all records and documents in the possession of **Error! Reference source not found.**s or subject to Defendants' custody and control, whether they are located at **Error! Reference source not found.**' place of residence, any principal or secondary business office, or within the possession of any other person or organization and being subject to the Defendants' custody and control.

If the attorney-client or attorney work-product privilege is claimed with respect to any document, statement or conversation identified or referred to in the following requests, please state the precise nature of the privilege claimed, the reason for the claim of privilege, and the author of the document, the date and the parties to the conversation with respect to which the privilege is claimed.

All documents and records specified in each of the numbered paragraphs which follow shall be for the period commencing September 1, 2004, up to and including the date of production of said documents, unless a different date is specified; provided, however, that **Error! Reference source not found.**s shall supplement all responses to this Request for Production of Documents with any such documents and records acquired after the production date and until time of trial.

1

## DEFINITIONS

As used in this Request for Production of Documents, the definitions of the terms set forth below shall be as follows:

- "Plaintiff" includes all Plaintiffs in this action and their agents, representatives and attorneys, and each and every one of them.

- "You" and "your" shall specifically refer to **Error! Reference source not found.**, or, wherever applicable, to anyone acting on your behalf.

- "**Error! Reference source not found.**" includes all Defendants in this action, and their agents, servants, employees, representatives and attorneys, and each and every one of them.

- "Person" or "persons" shall include natural persons, sole proprietorships, firms, partnerships, associations, joint ventures and corporations.

- "Expert" shall mean any person or persons whom you expect to call as expert witnesses at trial or with whom you consult in connection therewith.

- "Incident" or "occurrence" shall mean the alleged incident or occurrence involving Plaintiff and **Error! Reference source not found.** made the subject of this action.

- "Relating to," "concerning" and "referring to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or regarding.

- "Documents" and "records" shall mean the original, all copies and drafts of writings of any kind, including, and without limiting the generality of the foregoing, correspondence, memoranda, reports, notes, letters, messages (including notations and reports, notes and memoranda of telephone conversations and conferences), calendar and diary entries, contracts, records, data and agreements. The terms shall also apply to any information requested which is recorded within or upon any computer, computer disk, computer printout, tape, data sheet or data processing card, and shall likewise include any other written, recorded, transcribed, punched, taped, filmed or graphic matter. The terms shall include all written, typewritten, printed and photocopied, drawn, graphic, photographic, recorded, filmed and microfilmed materials of every description; including, by way of illustration, but not of limitation, the following: blueprints, plans, sketches, diagrams, drawings, maps, charts, graphs and models; books, logs, diaries, journals, ledgers, notebooks and reports; notes, minutes of meetings, memoranda, letters, correspondence, telegrams; photographs, films, microfilms, tapes, videotapes and recordings; mathematical and scientific formulae, computations and data; purchase orders, invoices, confirmations, contracts, agreements, equipment leases, sales slips, receipts, bills, checks, cancelled checks, check registers, bank statements, brokerage account statements and other writings and printed materials specifically referred to in the following numbered requests; checklists, quality control records, line setting tickets and testing and inspection tags, reports and records; instructions, directions, warnings, packing slips, package inserts, labels, signs, tags, owners' manuals,

operators' manuals, repair shop, maintenance and installation manuals; parts lists, catalogues, brochures and circulars; and preliminary drafts and amended or modified versions or copies of any of the foregoing.

- "Statement" shall mean a written statement signed or otherwise adopted or approved by the person making it; and stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

- The use of any term, whether singular or plural, shall be interpreted broadly so as to effect maximum disclosure of those documents requested and no use of any such term shall be interpreted in any way so as to limit same.

## DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED

1. Copies of all photographs, videotapes, movies, or other pictorial depictions or representations of the incident referenced in the Complaint in this action, made or taken by, or at the direction of, **Error! Reference source not found.** or anyone acting for or on behalf of **Error! Reference source not found.**.

2. Copies of all documents, including but not limited to, tape recordings, videotapes or other mechanical recordings, embodying containing or referring to any statements made by anyone, including any witnesses, with respect to the incident.

3. Copies of all documents, including files, records, correspondence, internal memoranda, memoranda or notations of telephone conversations or other documents of any nature referring to the incident.

4. Copies of all documents, including without limitation reports, memorandums, investigative reports, notes, statements, complaints, audio or video tapes related to Fulya Metin's harassment claim brought against Lariviere and the investigation undertaken by the police.

5. Copies of all documents, including without limitation records, reports, notes, letters, complaints, search warrants, affidavits and audio and/or video tapes submitted by the police department or on behalf of the department to the District Attorney's office, or received from the District Attorney's office, related to the investigation into Metin's allegations against Lariviere.

6. Copies of all documents, including without limitation any memorandums, complaints, notes, reports or other documents related to any complaint or allegation against Lariviere for inappropriate conduct or harassment of or by co-workers or other individuals during his time as solicitor.

7. Copies of all documents, including correspondence, memoranda, notices or other materials of any nature, containing, embodying or referring to any communications between **Error! Reference source not found.** and any agency, body, official or

3

authority of the state, federal or municipal governments concerning any aspect of the incident.

8. Copies of all personnel records including disciplinary actions and medical records of Maurice J. Lariviere, Jr., Fulya Metin, Joseph Solomon and Joseph Alaimo.

9. Copies of all insurance policies, both primary and excess, together with all endorsements to any such policies, which provide or may provide insurance coverage to **Error! Reference source not found.** in connection with the incident upon which this action is based.

10. Copies of all documents in the nature of indemnification agreements between **Error! Reference source not found.** and any other party with respect to this action.

11. Copies of all documents relating to the insurance coverage request by Methuen and its officers for this case, and the insurance company's denial or approval of coverage regarding Metin's MCAD filing.

12. Copies of all documents in the nature of rules, regulations, procedures, standards and/or protocols, and all documents in the nature of training and instructional manuals and brochures, which pertain to the handling of claims such as the one described in the Complaint.

13. Copies of all documents relating to the investigation of allegations made against the plaintiff prior to February 15, 2004.

14. Copies of all documents which constitute in-house standards, procedures or practices which **Error! Reference source not found.** purports or purported to follow relating to the events described in the Complaint.

15. Copies of all statements and communications of every kind, nature and description between or among **Error! Reference source not found.** and any experts in connection with this action.

16. Copies of all documents relating to Fulya Metin's Workers' Compensation case.

17. Copies of the phone and cell phone records for Joseph Solomon and Joseph Alaimo for the period of time from September 1, 2004 through March 1, 2004.

18. Copies of all documents including without limitation meeting minutes, agendas, letters, memorandum, correspondence, audio and/or video tapes generated by or received by the city council related to the Metin's complaint against Lariviere and Lariviere's resignation and including the appointments of Peter McQuillan as temporary solicitor and solicitor.

19. Copies of the signed acknowledgement by Fulya Metin, Joseph Solomon, Joseph Alaimo, David Bain and Sharon Pollard of receipt of city policies and employee outline and/or booklet including receipt of harassment policy.

20. Copies of all documents, including inventory records of materials of Lariviere removed by the police or its agents from the Methuen City Hall.

21. Copies of all documents relating to the administrative leave of Fulya Metin.

22. Copies of all documents relating to records of payment of any monies or benefits by the City of Methuen to Fulya Metin including salary, workers compensation benefits, settlements or other remuneration.

23. Copies of all documents relating to special assignments for police officers and police superior officers, including appointment of the officer in charge of investigating city employees and/or harassment or sexual harassment in effect in February 2005.

24. Copies of all documents relating to police officers on duty February 14, 15 and 16, 2004.

25.

        Plaintiff,
        MAURICE LARIVIERE
        By his attorneys,

        /s/ William H. DiAdamo

        Carmine W. DiAdamo
        BBO#122960
        William H. DiAdamo
        BBO#558883
        DiAdamo Law Office LLP
        40 Appleton Way
        Lawrence, MA 01840
        (978) 685-4271

Dated: January 13, 2006

### CERTIFICATE OF SERVICE

The undersigned attorney certifies that on this day he has served a copy of the foregoing on all counsel of record.

        /s/ William H. DiAdamo

5

_____
William H. DiAdamo

# EXHIBIT B

# REARDON, JOYCE & AKERSON, P.C.

ATTORNEYS AT LAW
(A PROFESSIONAL CORPORATION)
FAX: (508) 754-7220

EDWARD P. REARDON (Retired)
AUSTIN M. JOYCE
MICHAEL J. AKERSON
JOHN K. VIGLIOTTI
ANDREW J. GAMBACCINI

397 GROVE STREET
WORCESTER, MASSACHUSETTS
01605
(508) 754-7285

May 16, 2006

William H. DiAdamo
DiAdamo Law Office LLP
40 Appleton Way
Lawrence, MA 01840

   RE: Lariviere v. Methuen, et al.
     C.A. No.: 05-11579EFH

Dear Bill:

  Please accept this correspondence in follow-up to my earlier telephonic messages and email communications regarding the Plaintiff's Requests for the Production of Documents, propounded originally in January, 2006. As my earlier communications have indicated, the initial document requests, emailed to Attorney Breen and myself, contain what appear to be computer formatting errors, with the substance of a number of requests being disrupted by the message "Error! Reference source not found" and rendering these requests largely unreadable.

  In early April, you forwarded a new version of the discovery requests, indicating that the previous requests had been corrupted when you converted the file into Adobe format, but this new version contained the same formatting problem. Since then, I have made several attempts to obtain a "clean" copy of these requests.

  At your earliest convenience, please mail or telefax these discovery requests in order that proper responses may be made. As you may be aware, Attorney Breen has filed a notice of withdrawal on this matter and Attorney Gareth Notis of Morrison Mahoney LLP, copied on this correspondence, has filed a notice of appearance on behalf of all named Defendants. Accordingly, I ask that you also forward your discovery requests to the attention of Attorney Notice.

  As always, should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Andrew J. Gambaccini

cc: Gareth W. Notis