UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11579EFH

| | |
|---|---|
| MAURICE LARIVIERE,<br>    Plaintiff,<br>v.<br><br>JOSEPH SOLOMON, Individually, and as Chief of Police of the city of Methuen, JOSEPH ALAIMO, Individually and as Deputy Chief of Police of the City of Methuen, and THE CITY OF METHUEN,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND CROSS MOTION EXTEND DISCOVERY AND PRE-TRIAL DEADLINES**

The defendants, Joseph Solomon, Joseph Alaimo and City of Methuen (hereinafter collectively referenced as "Methuen") hereby oppose the plaintiff, Maurice Lariviere's Motion to the Amend His First Amended Complaint and move this Honorable Court to extend the discovery time period for this matter and reschedule the final Pre-Trial Conference in this matter. In support of this Opposition and Cross Motion, Methuen states the following:

**FACTS**

This is an action in which the plaintiff, Maurice Lariviere, alleges that the defendants, Joseph Alaimo and Joseph Solomon, violated his civil rights by forcing him to resign from his position as City Solicitor for the City of Methuen. The plaintiff's Amended Complaint contains a count for coercion against the municipal defendant. Methuen denies the plaintiff's allegations.

    A.    **Procedural History**

The plaintiff's original Verified Complaint was filed on July 1, 2005 in Essex Superior Court. The matter was removed to United States District Court on July 27, 2005. Subsequently, the Court allowed, in part, Methuen's Motion to Dismiss and dismissed the plaintiff's counts against the city for violation of his civil rights under M.G.L. c. 12, § 11I, violations of his civil rights under 42 U.S.C. § 1983, Constructive Discharge, Intentional Interference with Contractual Relations and Conspiracy. The plaintiff filed an Amended Verified Complaint on October October 21, 2005, alleging the same facts, yet still containing the counts dismissed against Methuen.

The plaintiff now seeks to amend his Complaint for a second time to add counts against defendant, Solomon and Alaimo, alleging: 1) Deceit and 2) False Imprisonment. The facts in the proposed Second Amended Verified Complaint are virtually identical to both the original Verified Complaint and the Amended Verified Complaint.

**B.     Discovery to Date**

Pursuant to the revised pre-trial schedule order submitted by the parties' at the scheduling conference in this matter, depositions were scheduled to be completed by November 30, 2006. The parties scheduled the deadline for submission of Motions for Summary Judgment for February 15, 2006. The Court has scheduled a Pre-Trial Conference for this matter for March 14, 2006 at 11:00 a.m.

All of the individual parties, Lariviere, Alaimo and Solomon, have been deposed. In addition, five (5) fact witnesses have been deposed. The parties have exchanged Interrogatories and Rule 34 Document Requests.

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be freely given:

2

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

The question of undue delay requires courts to focus on movant's reasons for not amending sooner, and substantial or undue prejudice to non-moving party, which is caused by delay, is sufficient ground for denial of leave to amend. Cureton v. NCAA, 252 F.3d 267 (CA3 Pa. 2001). In the context of amending complaint with longer periods of unexplained delay, less will be required of nonmoving party in terms of showing of prejudice. Stephenson v. Dow Chem. Co., (In re Agent Orange Prod. Liab. Litig.) 220 FRD 22 (E.D.N.Y. 2004).

In the instant matter, Mr. Lariviere has unduly delayed in filing a Motion to Amend his Complaint. Methuen will be prejudiced because the time for discovery has expired. They will be unable to ask questions at a deposition and through written discovery to Mr. Lariviere and other witnesses about the factual underpinnings for the two (2) new causes of action. This alone is sufficient to warrant denial of the Motion at issue. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980 (CA 9 Cal 1999) (District Court did not err in finding that late amendment would prejudice defendant where plaintiff filed motion to amend to add new causes of action after deadline for amendment had passed, and proposed amendments would have made it necessary to reopen discovery).

3

Furthermore, if the movant has been aware of facts on which amendment is based for some time prior to motion to amend, the Court may properly deny motion for failure to demonstrate excusable neglect. Waddell & Reed Fin., Inc. v. Torchmark Corp., 223 FRD 566, findings of fact/conclusions of law, judgment entered 337 F.Supp 2d 1243 (D.C. Kan. 2004). All of the salient facts upon which Mr. Lariviere bases his two (2) new claims, Deceit and False Imprisonment, were known to him before his original Complaint was filed. Indeed, the facts alleged in the "background" portion of the proposed Second Amended Complaint are virtually identical to those set forth in the original Complaint.

Tellingly, Mr. Lariviere alleged in this First Amended Verified Complaint that the defendants violated his civil rights by "falsely arresting in imprisoning" him. (See Paragraph 163 of First Amended Verified Complaint). False Imprisonment is one of the two (2) new Counts Mr. Lariviere seeks to add. Simply put, if Mr. Lariviere knew the facts set forth in the Complaint, his delay in adding the two (2) new counts is without excuse. Absent some reason for the delay the Motion should be denied. See Duffy v. City of Stanton, 423 F.Supp. 2d 683 (E.D. Ky. 2006) (plaintiff's motion to amend his complaint was filed more than three months after deadline imposed by court's scheduling order; therefore, because plaintiff had not shown any justification for failing to move to amend his complaint earlier in litigation motion was denied).

Because the plaintiff's delay in amending his Complaint is inexcusable and will cause substantial prejudice to Methuen, the Motion to Amend should be denied.

    A.    **Extension of Discovery and Pre-Trial Deadlines**

If the Court allows the Motion to Amend, Methuen requests that the Court briefly extend the discovery period and pre-trial deadlines.

Methuen requests that this Court continue the discovery deadline to the following timeline:

| | |
|---|---|
| Written Discovery Served: | February 28, 2007 |
| Depositions Completed: | March 31, 2007 |
| Motions for Summary Judgment Filed: | May 31, 2007 |
| Final Pre-Trial Conference: | July 2007 |

The allowance of this extension is warranted in light of the two (2) potentially new claims against the defendants for Deceit and False Imprisonment. An extension of discovery for a brief period of time will not result in prejudice to any parties and will benefit judicial economy by allowing the parties to be prepared to schedule a firm trial date at the Pre-Trial Conference.

**WHEREFORE**, the defendants request that this Honorable Court deny the plaintiff's Motion to Amend the Complaint. If the Motion is allowed, the defendants move this Honorable Court allow the defendants' Cross Motion to extend the discovery and pre-trial deadlines.

The Defendants,
**Joseph Solomon and Joseph Alaimo**
By their Attorneys,

/s/ *Gareth W. Notis*
Gareth W. Notis - BBO #637814
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

The Defendants,
**Joseph Solomon and Joseph Alaimo**
By their Attorneys,

/s/ *Andrew J. Gambaccini*
Andrew J. Gambaccini, BBO #: 654690
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 23rd day of January 2007.


*/s/ Gareth W. Notis*