UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11579EFH

| | |
|---|---|
| MAURICE LARIVIERE,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>) |
| JOSEPH SOLOMON, Individually, and as Chief of Police of the city of Methuen, JOSEPH ALAIMO, Individually and as Deputy Chief of Police of the City of Methuen, and THE CITY OF METHUEN,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS, JOSEPH SOLOMON, JOSEPH ALAIMO AND CITY OF METHUEN, TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM THE PLAINTIFF, MAURICE LARIVIERE**

The defendants, Joseph Solomon, Joseph Alaimo and City of Methuen, respectfully move this Court for an Order compelling the plaintiff, Maurice Lariviere, to respond to the Rule 34 Request for Production of Documents and to provide answers to interrogatories.

On February 27, 2007, the defendants served a set of second set of interrogatories (See Exhibit A) pursuant to Fed. R. Civ. P. 33 on the plaintiff, Maurice Lariviere, and a second request for production of documents upon the plaintiff, Maurice Lariviere (See Exhibit B) pursuant to Fed. R. Civ. P. 34. To date, the plaintiff has failed to provide a response to the written discovery requests. No extensions for the time to provide responses to the written discovery requests has been sought nor given.

An Order compelling a response forthwith is necessary to enable the defendants to prepare their defenses to the plaintiff's claims. To date, the defendants have refrained from

1061516v1

taking the plaintiff's deposition in light of the failure of the plaintiff to respond to written discovery requests.

## ARGUMENT

The time for responding to the interrogatories and document request served upon the plaintiff has expired. See Fed.R.Civ.P. 33(a) and 34. The plaintiff has neither answered nor objected to any of the interrogatories or document requests. Under the circumstances, a motion to compel is appropriate. See Fed.R.Civ.P. 37(a).

The failure to file answers or objections to discovery requests within the specified time constitutes a waiver of all objections by the answering party. Attorney General v. Bodimetric Profile, 404 Mass. 152, 154-155 (1989). Federal decisions interpreting Rule 33 of the Federal Rules of Civil Procedure, which are identical to Mass.R.Civ.P. 33, concur. Marx v. Kelly, Hart and Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991) (failure to file objections to requests for production of documents held to constitute waiver of objections); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir., 1981) (failure to file objections within specified period in Fed.R.Civ.P. 33 constitutes waiver); Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988) (failure to file timely objections to document requests held to constitute waiver of objections); Perry v. Golub, 74 F.R.D. 360, 363 (N.E.L. la. 1976) (imposing sanctions in holding objections to requests for production of documents filed at the court compelling production untimely and waived).

The construction given to Fed.R.Civ.P. is to be given to the identical Massachusetts rule, absent compelling reasons to the contrary. Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 179-180 (1975). No compelling reasons to the contrary are present in the instant case. Accordingly, any objections to the discovery requests have been waived by the failure to file responses within the time allotted by Fed.R.Civ.P. 33(a) and 34. Consequently, objections interposed at this time are improper, and should be prohibited.

1061516v1

## CONCLUSION

For the foregoing reasons, the defendants, Joseph Solomon, Joseph Alaimo and City of Methuen, respectfully move this Court to order the plaintiff, Maurice Lariviere, to serve his Rule 34 document response and to serve answers to interrogatories within ten (10) days of this Order.

Respectfully submitted,
The Defendants,
**Joseph Solomon Joseph Alaimo and City of Methuen,**
By their Attorneys,


/s/ Gareth W. Notis
Gareth W. Notis - BBO #637814
250 Summer Street
Boston, MA 02210
(617) 439-7500

**AND**


/s/ Andrew J. Gambaccini
Andrew J. Gambaccini, Esq.
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605


## Certificate of Service

I certify that this document has been served upon all counsel of records in compliance with the F.R.C.P. this 31st day of May, 2007.

/s/ Gareth W. Notis
Gareth W. Notis

1061516v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11579EFH

MAURICE LARIVIERE, )
      Plaintiff, )
v. )
 )
JOSEPH SOLOMON, Individually, and as Chief )
of Police of the city of Methuen, JOSEPH )
ALAIMO, Individually and as Deputy Chief of )
Police of the City of Methuen, and THE CITY OF )
METHUEN, )
      Defendants )

## SECOND SET OF INTERROGATORIES OF DEFENDANTS, JOSEPH SOLOMON, JOSEPH ALAIMO AND CITY OF METHUEN, TO PLAINTIFF, MAURICE LARIVIERE

### DEFINITIONS

As used in these interrogatories, the following terms have the following meanings:

A. "Identify", "identity" or "identification" when referring to a person shall include: (1) name, (2) address or last known address, (3) name and address of present employer, (4) position, job title or responsibilities at the time of the event or transaction referred to, (5) role played in the event or transaction referred to.

B. "Identify" when referring to a document shall include: (1) nature of document (whether a letter, report, article, recording, film, photograph, diagram, etc.), (2) identity of present custodian and location of document, (3) identity of maker or author of document, (4) identity of person(s) to whom document was directed, (5) date document was made or prepared, (6) the substance of the information or communication set forth in the document (or in lieu thereof, the plaintiff may attach a legible copy of the particular document to its answer to these interrogatories).

C. "Document" includes any physical object containing written or printed material, or a physical image, or sound, from which information may be derived. The term "document" includes tape or other electro-magnetic records. The term "document" includes tape or other electromagnetic records. The term "document" is not limited to documents in the possession of the plaintiff, but includes all documents of which the plaintiff, his agents or representatives have knowledge.

D.  "Describe" or "Description" when used with respect to any meeting, discussion, transaction or other occurrence, requires a chronological statement setting forth each incident and each element thereof, including:

(1)  Date(s), time(s), place(s) thereof;

(2)  What transpired;

(3)  Identification of each person who participated or was a witness; and

(4)  Statement setting forth the nature of each person's role in the occurrence.

E.  These interrogatories incorporate by reference the text of the Uniform Definitions in Discovery Requests, as contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts.

F.  The term "complaint" shall refer to the operative Second Amended Verified Complaint in federal court, as well as all prior incarnations of that document in both federal and state courts.

G.  The term "incident" shall refer to the entire transaction as related in the complaint, including the alleged conspiracy to separate you from your employment with the City of Methuen and your relationship both inside and outside the workplace with Fulya Metin, but with specific reference to events alleged to have occurred on February 16, 2005, involving you, members of the City of Methuen Police Department and other municipal employees.

## INSTRUCTIONS

1.  In answering these interrogatories, you are to include all information within your possession, custody or control, or in the possession, custody or control of any agent or person acting on your behalf.

2.  Each of these interrogatories is to be considered as a continuing request, such that, should you not have information responsive to a particular interrogatory at the time of formulating an initial response to that interrogatory, but thereafter obtain responsive information, you are to supplement your response in a timely fashion.

3.  Each of these interrogatories is to be considered as a demand that you diligently engage in reasonable efforts to respond, fully and accurately, to each interrogatory. Each of these interrogatories also is to be considered as a request that you document within your response all efforts made to respond in such a full and complete manner, including a description of any and all non-privileged conversations engaged in, or communications sent or received, by you, your agents or anyone operating at your behest or on your behalf.

4.  To the extent that a particular interrogatory is objected to on any basis whatsoever, each and every objection to such interrogatory is to be stated clearly and

concisely. To the extent that a particular interrogatory is objected to on the basis of an asserted privilege, each such invoked privilege is to be articulated expressly and you are to provide a response that, while not revealing information that is the subject of the invoked privilege, fully and fairly describes the nature of the information alleged to be privileged such that the Defendants and the Court may have the opportunity to assess the applicability of the invoked privilege in due course.

## INTERROGATORIES

### Interrogatory No. 1:

Please state, in complete detail, all facts upon which you rely to support the allegation in Count X of your Complaint, that the defendants unlawfully restrained you.

### Interrogatory No. 2:

Please describe, in complete detail, with reference to words, gestures, and/or physical contact, the "force" and "threats" described in paragraph 182 of your Complaint that you allege were used by the defendants to unlawfully restrain you.

### Interrogatory No. 3:

Please describe, in complete detail, the following:

a. when, with reference to minutes and hours, the alleged unlawful restraint of you by the defendants began and ended;

b. the exact location of the alleged unlawful restraint of you by the defendants;

c. the identity of any witnesses to the alleged unlawful restraint of you by the defendants; and

d. the identity of any persons with knowledge of the unlawful restraint of you by the defendants.

### Interrogatory No. 4:

Please describe, in complete detail, the efforts you made to contact your wife, counsel or anyone else as alleged in paragraph 182 of your Complaint.

### Interrogatory No. 5:

Please describe, in complete detail, the "injuries" described in paragraph 183 of your Complaint that you sustained as a result of the "unlawful restraint of freedom."

**Interrogatory No. 6:**

Please describe, in complete detail, the specific "misrepresentations" that were made to you by the defendants that support Count IX of your Complaint.

**Interrogatory No. 7:**

Please describe, in complete detail, every action, step, effort or method used by you or your agents, servants or representatives to mitigate your resignation and/or secure your reinstatement to the position of City Solicitor after February 16, 2005.

Respectfully submitted,

| | |
|---|---|
| The Defendants,<br>**Joseph Solomon, Joseph Alaimo and City of Methuen,**<br>By their Attorneys, | The Defendants,<br>**Joseph Solomon and Joseph Alaimo**<br>By their Attorneys, |
| /s/ Gareth W. Notis<br>Gareth W. Notis - BBO #637814<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210 | /s/ Andrew J. Gambaccini (By Gam 2/27/07)<br>Andrew J. Gambaccini, BBO #: 654690<br>Reardon, Joyce & Akerson, P.C.<br>397 Grove Street<br>Worcester, MA |

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (hand) on 2/27/07.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11579EFH

| | |
|---|---|
| MAURICE LARIVIERE,<br>　　　　Plaintiff,<br>v.<br>JOSEPH SOLOMON, Individually, and as Chief of Police of the city of Methuen, JOSEPH ALAIMO, Individually and as Deputy Chief of Police of the City of Methuen, and THE CITY OF METHUEN,<br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS OF DEFENDANTS, JOSEPH SOLOMON, JOSEPH ALAIMO AND CITY OF METHUEN, TO PLAINTIFF, MAURICE LARIVIERE

Pursuant to Fed.R.Civ.P. 26 and 34, the defendants hereby request that the plaintiff, Maurice Lariviere, produce the documents described herein at the offices of defendants' attorneys, Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210 and Reardon, Joyce & Akerson, P.C., 397 Grove Street, Worcester, MA, within thirty (30) days of service of this Request.

## DEFINITIONS

The word "document" shall mean written, graphic or other matter whether produced on paper, cards, tapes, discs, belts, charts, films, computer storage devices or other medium and shall include, without limitation, matters in the form of books, reports, studies, statements, accounts, speeches, notebooks, applications, agreements, appointment calendars, working papers, graphs, manuals, brochures, contracts, memoranda, notes, records, correspondence, diaries, bookkeeping entries, invoices, checks, blueprints, plans, tax returns, catalogs, pamphlets, periodicals, licenses, lists, letters, receipts, telephone logs, minutes, photographs, and any published materials and shall also include, without limitation, originals, copies, (with or without notes or changes thereon) and drafts.

The word "communications" shall mean correspondence, contacts, discussions or any other kind of written or oral exchange between two or more persons or entities including, but not limited to, all telephone conversations, face-to-face conversations, meetings, visits, conferences, internal and external discussions and documents.

It is requested that documents produced in compliance with this request be accompanied with an indication as to the particular paragraphs under which the documents are being produced.

If the plaintiff is unable to produce the documents called for by any portion of this request, or if the plaintiff has no documents responsive to any portion of this request, the plaintiff, should, with respect to each such portion, state the reasons why he is unable to produce such documents or identify the portions of the request for which he has no responsive documents.

In the event that it is claimed that any document responsive to any request is privileged, each privileged document should be fully identified in writing, except that the substance thereof not be described to the extent it is claimed to be privileged. To "identify" a document claimed to be privileged means to state: (a) the date on which the document was prepared; (b) the author of the document; (c) the addressee of the document, if any; (d) the title of the document; (e) the number of pages in the document; (f) the substance of the document to the extent it is not privileged; and (g) the basis of the alleged privilege.

Each paragraph of this request should be construed independently and not with reference to any other paragraph for the purpose of limitation, unless otherwise indicated.

## INSTRUCTIONS

1. In responding to these requests, you are to provide all information and documents within your possession, custody or control, or in the possession, custody or control of any agent or person acting on your behalf.

2. Each of these requests is to be considered as continuing in nature, such that, should you not have information or documents responsive to a particular request at the time of formulating an initial response to that request, but thereafter obtain responsive information or documents, you are to supplement your response in a timely fashion.

3. Each of these requests is to be considered as a demand that you diligently engage in a good faith and reasonable effort to search for documents and compile information responsive to these requests.

4. To the extent that a particular request is objected to on any basis whatsoever, each and every objection to such request is to be stated clearly and concisely. To the extent that a particular request is objected to on the basis of an asserted privilege, each such invoked privilege is to be articulated expressly and you are to provide all documents that you do not claim to be privileged, but that are responsive to the request made. Further, with regard to the documents for which you do invoke a privilege, you are to produce a privilege log, as contemplated by Fed.R.Civ.P. 26 (b) (5), that states:

(A) The type, title or other designation of the document rendering it identifiable;

(B) the general subject matter of the document;

(C) the date of the document;

(D) the author(s) or originator(s), addressee(s) and recipient(s) of the document; and,

(E) the location of the document, including the name and contact information for the person or entity believed to have the document within her or its care, custody or control.

5. To the extent that a particular request seeks a document that you are aware exists or has existed, but that is not within your possession, custody or control, or that of your agents or anyone acting on your behalf, and you have not been able to secure such document despite a diligent and good faith search and attempt, you are to state, to the extent known, the following information for each such document:

(A) The type, title or other designation of the document rendering it identifiable;

(B) the general subject matter of the document;

(C) the date of the document's creation or of its last known viewing;

(D) the author(s) or originator(s), addressee(s) and recipient(s) of the document; and,

(E) your understanding or best belief as to the location of the document, including the name and contact information for the person or entity believed to have the document within her or its care, custody or control.

## DEFINITIONS

1. These requests incorporate by reference the text of the Uniform Definitions in Discovery Requests, as contained in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts.

2. The term "complaint" shall refer to the operative Second Amended Verified Complaint in federal court, as well as all prior incarnations of that document in both federal and state courts.

3. The term "incident" shall refer to the entire transaction as related in the complaint, including the alleged conspiracy to separate you from your employment with the City of Methuen and your relationship both inside and outside the workplace with Fulya Metin, but with specific reference to events alleged to have occurred on February 16, 2005, involving you, members of the City of Methuen Police Department and other municipal employees.

4. The terms "document" or "documents" shall refer to all written materials of any kind, including, but not limited to, emails, orders, instructions, reports, directives, summaries, printouts, charts, diagrams, complaints, statements, transcripts, regulations, memoranda, notes, correspondence, logs and drafts. The terms "document" or "documents" also shall refer to all tangible things, materials or records, including, but not limited to, physical objects or items, photographs, microfilm, microfiche, videotape and any other electronic or mechanical recording, whether in the nature of an audio, video or audio and

video recording. Moreover, the terms "document" or "documents" shall be interpreted as inclusive of any materials stored in any electronic format whatsoever, including, but not limited to, storage on computer hard drives, network drives or folders, diskettes, CDs or within any other storage medium. The documents to be produced either may be an original or a true and complete copy of an original. A draft or other non-identical copy of a document, including a document rendered non-identical by virtue of handwritten or other notations, is a separate document within the meaning of this definition and is to be produced along with the final version of the document and any and all other nonidentical versions of the document.

## REQUESTS

### Request No. 1:

Copies of any and all documents which pertain in any way to the factual assertions advanced in the complaint, including but not limited to: the alleged deceit and misrepresentations made by the defendants as set forth in Count IX of the complaint.

### Request No. 2:

Copies of any and all documents which pertain in any way to the factual assertions advanced in the complaint, including but not limited to: the alleged false imprisonment of the plaintiff by the defendants as set forth in Count X of the complaint.

### Request No. 3:

Copies of any and all documents referred to in or referenced by the plaintiff's Answers to Defendants' Second Set of Interrogatories.

### Request No. 4:

Copies of the plaintiff's cellular phone bills for any personal or work cellular phone for the time period of August 2004 through August 2005.

### Request No. 5:

Copies of any employment applications, cover letters and any other documents submitted for any positions of employment for which the plaintiff has interviewed since February 16, 2005.

### Request No. 6:

Copies of any and all documents demonstrating every action, step, effort or method used by you or your agents, servants or representatives to mitigate your resignation and/or secure your reinstatement to the position of City Solicitor after February 16, 2005.

**Request No. 7:**

Copies of any and all documents associated with the plaintiff's treatment with Brian McCarthy.

Respectfully submitted,

| | |
|---|---|
| The Defendants,<br>**Joseph Solomon, Joseph Alaimo and City of Methuen,**<br>By their Attorneys, | The Defendants,<br>**Joseph Solomon and Joseph Alaimo**<br>By their Attorneys, |
| /s/ Gareth W. Notis<br>Gareth W. Notis - BBO #637814<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210 | /s/ Andrew Gambaccini (by GWN 2/27/07)<br>Andrew J. Gambaccini, BBO #: 654690<br>Reardon, Joyce & Akerson, P.C.<br>397 Grove Street<br>Worcester, MA |

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 2/27/07.