UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11579EFH

| | |
|---|---|
| MAURICE LARIVIERE, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| JOSEPH SOLOMON, individually, and as | ) |
|    Chief of Police of the City of Methuen, and | ) |
| JOSEPH ALAIMO, individually, and as | ) |
|    Deputy of Police of the City of Methuen, and | ) |
| THE CITY OF METHUEN | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
STATEMENT OF RELEVANT FACTS**

Defendants' Motion should be denied simply on the basis of Defendants' Statement of Relevant Facts, which are at variance in the extreme with the Federal and Local Rules of Civil Procedure and related law. Each paragraph will be addressed separately; however, the following objections apply universally:

First, to the extent that any facts (as opposed to characterizations) are set forth, Counsel has recited only the facts most favorable to the *defendants*, not the plaintiff as required by law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). One can only assume defendants did this because they intend to be misleading, or because the actual facts fail in every way to support their arguments.

Second, the characterizations are twisted to support defendants' position. (In evaluating motions for summary judgment, however, the court will not consider "conclusory allegations,

1

improbable inferences, and unsupported speculation." *Galloza v. Foy,* 389 F.3d 26, 28 (1st Cir.2004) (internal citation omitted).) By definition, all characterizations are genuine issues of material fact that preclude summary judgment. These two objections will be more specifically articulated below.

    Third, defendants have actual knowledge of facts that contradict their self-serving assertions, and intentionally and misleadingly omit them. This will be addressed in Plaintiff's Statement of Relevant Facts.

    Finally, and perhaps most importantly, the facts set forth do not, even unopposed, support defendants' argument. Even if this Court were to take defendants' misstatements at face value, the defendants are not entitled to summary judgment. See, *Spreen v. Brey*, 961 F.2d 109,111 (1992)("Summary judgment is properly denied where an issue of material fact can be resolved only after a determination of the credibility of witnesses, upon observing their demeanor; and where the evidence in support of the motion does not establish the *absence* of a genuine issue of material fact, even if *no* evidence opposing the motion has been presented.")

    Notwithstanding said objections, the plaintiff responds as follows to the correspondingly numbered paragraphs:

1. Paragraph one is the first example of the defendants' failure to either state facts or make accurate characterizations. Plaintiff denies the defendants' characterization of the plaintiff's allegations, and further states that his allegations are more complex as set forth in his Second Amended Complaint (Ex. A), incorporated by reference herein. More specifically, plaintiff does not allege that a female subordinate complained to a Methuen Police officer about a sexual assault or harassment. In fact, the female, Fulya Metin went to officer Michael Wnek because she felt that she could talk to him (Ex. G, p. 175); Her

    "goal was not criminal prosecution or lawsuits or anything" (Ex. G. p. 174). Plaintiff further denies that the tape captures an "assault", and is asking, as part of his Opposition, for this Court to review the referenced videotape. Unlike defendants, who have endeavored to keep the video private, plaintiff has repeatedly urged its release.

2. Plaintiff again denies the defendants' characterizations, but generally admits the partial assertions which plaintiff takes to be merely introductory. See Ex. A.

3. Admitted. However, the assertion needs to be clarified. He signed a typed resignation document prepared by Methuen's Chief of Police, the defendant Solomon (Ex. I, pp. 26-27), even though Solmon admits that asking for the resignation would be inappropriate (Ex. E, p. 100-1).

4. Admitted in part. Plaintiff's complete allegations are contained in his Second Amended Complaint.

5. Plaintiff denies the characterization of "inappropriate workplace physical contact" as completely gratuitous and misleading, unsupported by the cited Second Amended Complaint, and squarely in violation of this Court's Rules and law. Plaintiff admits the remaining facts contained in the paragraph.

6. Denied. In support of the first sentence, defendants cite *their own police report* prepared a week after Ms. Metin allegedly made her statements. Moreover, as stated previously, Metin's "goal was not criminal prosecution or lawsuits or anything" (Ex. G. p. 174). She testified that her "goal was to go back to work for Maurice Lariviere in that office in the foreseeable future," and that was all (Ex. G. p. 174). As for the second sentence, defendants again characterize the statement by Ms. Metin; in fact, never does she use the

words sexual harassment or sexual assault. Those are impermissible conclusion drawn by defense counsel.

7. Plaintiff admits defendants videotaped a portion of his interaction with Fulya Metin, and denies the characterization that the video "recorded conduct confirmed and corroborated the secretary's complaints about the plaintiff." Again, this is an outrageous characterization by counsel, and not in any way a statement of fact. Plaintiff also states that defendants do not refer the Court to the best evidence, the video, nor do the defendants suggest that the video be reviewed in the context of the personal relationship described in the Second Amended Complaint. (The video is not submitted with this filing, but is evidence the plaintiff relies upon, is incorporated herein by reference., and plaintiff anticipates reviewing at the Motion hearing.) To date Fulya Metin, the personal defendants and the Town have opposed the release of the video. Now, the Defendants urge the Court to rely on their Counsels version of the contents of the video.

8. Admitted in part. Again, the video is the best evidence. If there are permissible inferences to be drawn for the purposes of Summary Judgment, they should be drawn by the Court.

9. Admitted in part. Once again, the defendants offer a sentence but not the videotape, or, more specifically the video in the context of the described relationship. In addition, defendants omit the full testimony:

> Q. Did she tell you the kiss was unwanted at that time?
>
> A. Absolutely not.
>
> (Ex. C, p. 138.)

10. Denied. Review of the cited material reveals that defendants again misstate the evidence, as plaintiff never admits that he "rubbed her shoulders" or "stroked her hair" (Ex. C, p.

138-9). Further, although Lariviere admits to sharing a kiss on the lips with Metin, he specifically states that he did not believe the kiss was unwanted, and believed it to be "a mutually affectionate gesture." (Ex. C, p. 143).

11. Denied. Again, the defendants are deliberately misleading, as plaintiff, in the pages cited by defendants, specifically states that the contact was "not unwelcome" (Ex. C, p. 138-145.)

12. Admitted.

13. Denied. Defendants' omit the crucial fact that Plaintiff believed that his rights to talk to an attorney disappeared when the audiotape was turned off and Solomon and Alaimo started screaming at plaintiff and physically intimidating him (Ex. D, p. 12-14).

14. Denied. It is unclear what defendants even mean by a "constitutional mandate", and it does not appear anywhere in the plaintiff's deposition and certainly not in the place cited by defendants (See Ex. C, pp. 203-4). Indeed, virtually the entire confrontation involved coercing his resignation. It was not only unconstitutional; it was far outside the scope of their authority and job description. It was an employment action taken coercively by non-employers.

15. Denied. Again, this is a baseless characterization, as demonstrated by the fact that this one sentence cites 17 paragraphs of the Plaintiff's Second Amended Complaint, which incidentally do not support the sentence (Ex. A, ¶¶ 99-116.)

16. Denied. This is an assertion masquerading as a fact. While the statement properly describes what the Charter provides, the Mayor and her subordinates, the defendants, could and did unlawfully use their power to separate him from his job (Ex. C, pp. 173-175).

17. Admitted.

18. Denied (Ex. D, p. 9). This is another complete mischaracterization of the plaintiff's testimony. Plaintiff actually testified that, at the time he was being detained in the second floor conference room, Plaintiff was "being told by Solomon and Alaimo . . . she [Metin] wanted me out and that she was going to have me criminally prosecuted if I didn't resign." (Ex. D, p. 9). Moreover, Metin said prior to the resignation that her "goal was not criminal prosecution or lawsuits or anything" (Ex. G. p. 174). She testified that her "goal was to go back to work for Maurice Lariviere in that office in the foreseeable future," and that was all (Ex. G. p. 174). In fact, this is proof that Solomon and Alaimo lied to Lariviere when they said if he resigned she would not press charges.

19. Admitted.

20. Admitted.

21. Admitted. However, see Plaintiff's response to number 16.

22. Admitted.

23. Admitted. However, see Plaintiff's response to number 3.

24. Admitted.

25. Denied. Plaintiff did not claim "that he was not in a proper frame of mind at the time he signed his resignation letter," he stated that "he was not voluntarily resigning" and that he was "under coercion" (Ex. C, p. 197). Defendants further omit that Plaintiff, on several occasions, contacted William Manzi, the Chair of the City Council, about reinstatement, but was told by him to wait (Ex. A, ¶ 124).

26. Admitted. This does not mean, however, that the assertion made by the defendant is true.

27. Admitted. However, this is not a fact. It is not even an assertion. It is a very flawed opinion that if anything demonstrates the futility of Lariviere explaining his version of the events while being held in the room. Again, this is another statement impermissibly made in light most favorable to the defendants. Lariviere denies he was ever asked about his relationship with Metin (Ex. A, ¶ 104).

28. Admitted that Solomon said this. However, see Plaintiff's response to number 7 and 8. The video is incorporated herein by reference. Solomon's statement is irrelevant. Further, Solomon admits that he did not know the full extent of the parties' relationship (Ex. E, p. 32-36).

29. Admitted that Solomon said this. Again this is not a fact. Rather it is a gratuitous misrepresentation of what the video shows. (See video, incorporated herein by reference.) This flawed assertion also demonstrates why any action taken or statements made by Lariviere would have undoubtedly been futile. Moreover, Solomon had not seen the video at the time he coerced the resignation and did not have Metin's statements about what happened, and therefore it could not have been used as a reasonable basis to conduct an investigation (Ex. E, p. 70-1, 40-1)

30. Admitted that Solomon said this. However, this is not a fact; this self-serving statement and impermissible legal conclusion that demonstrates once again the defendant's ignore the fact that Plaintiff's allegations, if true, prove that those defendants were not investigating a crime, they were forcing a resignation, and therefore had no right to detain him. See Plaintiff's Opposition, filed herewith. Also, Solomon admits he had no right to detain plaintiff to obtain a resignation. (Ex. E, p. 57-59, 100-101).

Plaintiff,
By his attorneys,

/s/
_____
Carmine W. DiAdamo
 BBO#122960
William H. DiAdamo
 BBO#558883
DiAdamo Law Office LLP
40 Appleton Way
Lawrence, MA 01840
(978) 685-4271


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing and/or first class mail on July 20, 2007.

/s/
_____
William H. DiAdamo