UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11579EFH

| | |
|---|---|
| MAURICE LARIVIERE, | ) |
| | ) |
|         Plaintiff | ) |
| v. | ) |
| | ) |
| JOSEPH SOLOMON, individually, and as | ) |
|    Chief of Police of the City of Methuen, and | ) |
| JOSEPH ALAIMO, individually, and as | ) |
|    Deputy of Police of the City of Methuen, and | ) |
| THE CITY OF METHUEN | ) |
| | ) |
|         Defendants. | ) |
| | ) |

**JOINT STIPULATIONS, STATEMENT OF ISSUES AND WITNESS LIST**

Pursuant to this Court's Trial Order, the parties hereby submit the Stipulation, Statement of Issues to be Tried, and the names of the witnesses.

I.   STIPULATIONS

1. Plaintiff Maurice Lariviere is a resident of Windham, New Hampshire. From May, 1980 until February 16, 2005, nearly 25 years, he was the city solicitor for the City of Methuen.

2. Defendant Joseph Solomon is an individual who resides at Methuen, Massachusetts.

3. Defendant Joseph Alaimo is an individual who resides at Methuen, Massachusetts.

4. The City of Methuen is a duly chartered city located in Massachusetts with a principal place of business at 41 Pleasant Street, Methuen, Massachusetts.

5. The City Solicitor's position is a two-year appointment made by the City Council pursuant to the Home Rule Charter of the City of Methuen. Lariviere had been reappointed by the City Council ("the Council") in January of 2005.

6. Prior to that, Lariviere had served as City Solicitor for approximately 25 years, and had continuously been reappointed by numerous administrations.

7. The Mayor appoints employees of the City Solicitor's office. At all times relevant hereto, the Mayor of Methuen was Sharon Pollard ("the Mayor").

8. On October 4, 2004, Fulya Metin began working as a temporary employee with the City as an assistant to Lariviere.

9. In December, 2004, Ms. Metin was offered and accepted a full time position with the City.

10. On February 16, 2005, Lariviere signed a resignation letter from his position as City Solicitor.

II.  STATEMENT OF ISSUES TO BE TRIED

1. Whether Lariviere's resignation was voluntary or unlawfully coerced by the defendants together or individually.

2. Whether Defendants constructively discharged or unlawfully terminated Lariviere.

3. Whether the detention of Lariviere in the Methuen Town Hall was primarily to investigate a crime or to force a resignation foreclosing his rights under the Methuen Town Charter and Methuen's Sexual Harassment Policy.

4. Whether Defendants inflicted emotional distress on Lariviere.

5. Whether Defendants violated the Massachusetts Civil Rights Act.

6. Whether Defendants violated 42 U.S.C. §1983.

7. Whether the Defendants interfered with Lariviere's advantageous contractual relations.

8. Whether the defendants engaged in a conspiracy to commit an unlawful act.

9. Whether the defendants' conduct was pretextual and/or extreme and outrageous.

10. Whether the defendants made misrepresentations or were deceitful or deceptive, to the detriment of Lariviere, resulting in his involuntary resignation.

11. Whether the defendants falsely imprisoned or otherwise acted toward Lariviere in violation of his Federal and State rights.

12. Whether, under the totality of the circumstances, Lariviere was deprived of and unable to assert his right to due process.

13. The type of investigation the City conducted with respect to the Metin complaint and subsequent events.

14. Whether Mr. Lariviere's alleged actions violated the City's sexual harassment policy or any laws.

15. The nature and extent of plaintiff's injuries and damages, including but not limited to lost wages, to total diminution of earning capacity, loss of pension and

       other benefits, and emotional distress and pain and suffering, and other damages, caused by the defendants, if any.

16. Whether the conduct of plaintiff towards Ms. Metin was knowingly unwanted or conduct which constituted indecent touching.

17. Whether Ms. Metin decided to press charges for criminal conduct at the time of the interview/interrogation of plaintiff.

18. When did Chief Solomon or Deputy Chief Alaimo become aware Ms. Metin did not want to press criminal charges against plaintiff?

19. Whether the police had reasonable suspicion to detain the plaintiff for further investigation, and/or probable cause to prosecute the plaintiff for indecent assault.

20. Whether the police conduct was objectively, legally reasonable under the circumstances?

21. Whether the plaintiff can establish constructive discharge.

22. Whether plaintiff can establish a property interest in continued employment required to sustain a Civil Rights action in light of his resignation.

23. Whether there existed post-deprivation remedies to address any alleged deprivation of procedural due process which plaintiff failed to exhaust thus precluding a Civil Rights action, or did the defendants take concerted action to deprive the plaintiff of his post-deprivation remedies.

24. Whether Plaintiff may recover for any claimed lost wages or income beyond two years from the date of his appointment to a two-year term as City Solicitor.

25. Whether Mr. Lariviere's alleged actions violated the City's sexual harassment policy or any laws.

26. Whether the defendants, Solomon and Alaimo, are entitled to qualified immunity.

27. Whether or not the plaintiff had a constitutionally-protected interest in continued employment to the position of City Solicitor, and if so, whether that interest extended beyond January 2007.

28. Whether or not the plaintiff, by waiving his right to a hearing pursuant to Section 9 of the Methuen Home Rule Charter, waived his procedural rights and his alleged property right to his position as City Solicitor.

29. Whether or not the defendants made misrepresentation(s) of fact(s) to the plaintiff that they knew were untrue and upon which the plaintiff relied to his detriment, or whether the defendants created a deliberate climate of fear, coercion and threats affecting the plaintiff and his family to force him to waive his rights.

30. What took place during the interview of plaintiff on February 16, 2005, after the videotape?

31. Whether the conduct of plaintiff toward Ms. Metin was consensual or unwanted.

32. Whether the plaintiff engaged in conduct which constituted indecent touching, indecent assault and battery or sexual assault, such as touching the breasts, buttocks, abdomen or pubic area of Ms. Metin.

33. Whether the touching alleged by Ms. Metin and the video evidence gave the police reasonable suspicion to detain the plaintiff for further investigation, and/or probable cause to prosecute the plaintiff for indecent assault.

34. Whether plaintiff suffered any compensable damages proximately caused by the Defendants, and if so the nature and extent of such damages.

35. Whether Defendants Solomon and Alaimo can be held liable for constructive discharge or unlawful termination pursuant to G.L. c. 258.

36. Whether the plaintiff had an adequate post-deprivation remedy.

37. Whether the plaintiff was intentionally, unjustifiably confined by force or threat, which caused harm.

III. <u>WITNESSES</u>

1. Maurice Lariviere, 16 Sunridge Road, Windham, NH.

2. Joseph Solomon, 90 Hampshire St., Methuen, MA.

3. Joseph Alaimo, 90 Hampshire St., Methuen, MA.

4. William Manzi,III- 41 Pleasant St., Methuen, MA.

5. Peter McQuillan, 41 Pleasant St., Methuen, MA.

6. Fulya Metin, 558 New Highway, Apt. 1A, Hauppauge, NY.

7. Michael Wnek, 90 Hampshire St., Methuen, MA.

8. Lawrence Phillips, Methuen, MA

9. Kristopher McCarthy, 90 Hampshire St., Methuen, MA.

10. Kevin Mahoney, Methuen, MA.

11. Michael Hennessy, 9 Stevens St, Methuen, MA.

12. Randy Haggar, 90 Hampshire St., Methuen, MA.

13. Thomas Kelly, 41 Pleasant St., Methuen, MA.

14. Terry Lee Murphy, 41 Pleasant St., Methuen, MA.

15. Sharon Pollard, 5 East Street, Methuen, MA.

16. Michael Hatem. Methuen MA.

17. Emma Donnelly, 105 Winnacunnet Rd Hampton, NH.

18. Dorothy Kalil, Methuen, MA.

19. Steve Coburn, Sunridge Road, Windham NH.

20. Linda Gagnon, Renfrew Street, Methuen, MA.

21. David Bain, 138 Ferry Street, Lawrence, MA.

22. Christine Lariviere, 16 Sunridge Road, Windham, NH.

23. Maura Lariviere, 16 Sunridge Road, Windham, NH.

24. Cathryn Lariviere, 16 Sunridge Road, Windham, NH.

25. Thomas Lariviere, 16 Sunridge Road, Windham, NH.

26. John Molori, Methuen, MA.

27. Anthony Copani, Methuen, MA.

28. Melissa Metin, 558 New Highway, Apt. 1A, Hauppauge, NY.

29. William Depardo, Methuen, MA.

30. Tina Touma-Conway, Methuen, MA.

31. Bruce McDougall, Methuen, MA.

32. Michelle Dragett, Methuen, MA.

33. Connie Sousa, Methuen, MA.

34. Diane Maciariello, Methuen, MA.

35. Lee Palimimer, Methuen, MA.

36. Dennis DiZoglio, Methuen, MA.

37. Brian Lief, Methuen, MA.

38. Brian McCarthy, Derry, NH.

39. Kathryn "Toody" Healy, Methuen, MA

40. William Depardo, Methuen, MA

41. Dorothy Kalil, Methuen, MA.

42. Kathe Tuttman, address unknown.

43. Jack Dawley, address unknown.

44. David Rappaport, Boston, MA

45. Laurie Alexander-Krom, Boston, MA

46. Frederick Fairburn, Methuen, MA

47. Keeper of Records, City of Methuen, Methuen, MA

48. Keeper of Records, Methuen City Council, Methuen, MA

49. Keeper of Records, Methuen Police Department, Methuen, MA

50. Michael Havey, Methuen, MA.

51. Linea Aspesi, Boston, MA.

52. Meagan Schutt, Haverhill, MA.

53. Arlo West, 11 Elmwood Road, Auburn, Maine.

54. KOR Verizon Wireless.

55. KOR Essex County District Attorney's Office, Salem, MA.

Counsel acknowledge that this list is lengthy and in all probability some of the witnesses listed will not be called, as some evidence will be offered though other witnesses or exhibits. Counsel will make a good faith effort to address these issues prior to and at trial.

The parties further reserve the right to call rebuttal witnesses.

The City of Methuen has been omitted from this document as a result of the Order of Severance.

| Plaintiff,<br>By his attorneys, | Defendants<br>By their attorney |
|---|---|
| /s/ | /s/ |
| Carmine W. DiAdamo<br>BBO#122960<br>William H. DiAdamo<br>BBO#558883<br>DiAdamo Law Office LLP<br>40 Appleton Way<br>Lawrence, MA 01840<br>(978) 685-4271 | Gareth W. Notis<br>BBO# 637814<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02110<br>617-737-8857 |

Defendants
Solomon and Alaimo
By their Attorney,

/s/

Andrew Gambaccini
BBO# 654690
Reardon, Joyce & Ackerson, P.C.
397 Grove Street
Worcester, MA 01605
508-754-7285