UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11579EFH

| | |
|---|---|
| MAURICE LARIVIERE, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| JOSEPH SOLOMON, individually, and as | ) |
|    Chief of Police of the City of Methuen, and | ) |
| JOSEPH ALAIMO, individually, and as | ) |
|    Deputy of Police of the City of Methuen, and | ) |
| THE CITY OF METHUEN | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF MAURICE LARIVIERE'S OBJECTIONS
TO DEFENDANTS' PROPOSED EXHIBITS**

Immediately prior to filing these objections, Plaintiff received Defendants' objections to numerous documents that have been part of this case for years and the formal introduction of which will add substantial and unnecessary time to this trial. In the spirit of cooperation, the plaintiff was willing to forego objection to a great number of the documents and materials as set forth in Exhibit A, attached hereto. However, since Defendants are unwilling to agree, Plaintiff herby objects to the exhibits proposed by the Defendants as follows:

1.  Videotape of Interactions Between Maurice Lariviere and Fulya Metin on 2/16/05, full length version and excerpted version;

    Objection. Hearsay, unduly prejudicial.

2. Audiotape of interview of Maurice Lariviere from 2/16/05;

   Objection. Hearsay, unduly prejudicial.

3. City of Methuen Sexual Harassment Policy;

   No objection.

4. Neel Resignation Letter;

   Objection, hearsay, not relevant.

5. Bahan Investigation Report;

   No objection.

6. City of Methuen Home Rule Charter;

   No objection.

7. Metin Resume, Moore Staffing policies;

   Objection, hearsay, not relevant.

8. City of Methuen Payroll record – Hiring of Metin as Temporary Employee 10/21/04;

   Objection, hearsay, not relevant.

9. City of Methuen Payroll record – Hiring of Metin as Permanent Employee 12/27/04;

   Objection, hearsay, not relevant.

10. Forensic Computer Imprint of Assorted Porn Websites Accessed by Lariviere – 1/5/05- 2/7/05;

    Objection, hearsay, not relevant. Further, a preliminary showing must be made regarding chain of custody and that the web sites were accessed by Lariviere on

his computer, and not by others at City Hall and/or forwarded to Lariviere and placed on his computer by others, including Methuen employees. Further, said evidence is excludable unless the prior bad acts of Solomon and Alaimo are likewise admissible.

11. Lariviere's Verizon Cell Phone Records;

   Objection, hearsay, not relevant.

12. Email from Metin to Wnek 2/14/05;

   Objection, Hearsay.

13. Metin Written Statement to Methuen PD 2/15/05;

   Objection, Hearsay.

14. Lariviere Resignation Letter waiving hearing pursuant to Charter;

   No objection.

15. Fulya Metin Acknowledgment of Consent to Videotape;

   Objection, hearsay, not relevant.

16. Fulya Metin One Page Report describing events of 2/16/05;

   Objection, Hearsay.

17. 2/16/05 Michael Wnek Two Page Report About 2/16/05 taping;

   Objection, Hearsay.

18. Various poems and written comments signed by Fulya i.e. "I like Maurice";

   No objection.

19. Application for Search Warrant for Lariviere's Office;

   Objection, hearsay, not relevant.

20.    Methuen PD Evidence Collection Sheet (3 pages) from Lariviere's office;

Objection, hearsay, not relevant.

21.    2/17/05 Eagle Tribune Article – Methuen Solicitor Resigns;

Objection. Hearsay. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

22.    2/18/05 Letter from Eagle Tribune to Sharon Pollard, Freedom of Information Act Request from reporter, Jason Tait;

Objection, hearsay, not relevant.

23.    2/18/05 Eagle Tribune Article – Clamp put on Solicitor Details

Objection. Hearsay. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

24.    2/20/05 Eagle Tribune Article – Solicitor Caught by Hidden Camera;

Objection. Hearsay. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

25.    2/21/05 Eagle Tribune Article – City Gears Up to Name Solicitor;

Objection. Hearsay. Plaintiff would agree that all the articles are admissible, but

since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

26. 2/22/05 Methuen City Council Minutes;

    Objection. Hearsay, not relevant.

27. 2/23/05 Michael Wnek Report;

    Objection. Hearsay.

28. 2/23/05 Eagle Tribune Article – City Hires Interim Solicitor;

    Objection. Hearsay. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

29. 2/25/05 Michael Wnek Email to Wnek re. Log of Cell Phone Calls to and from Metin;

    Objection. Hearsay, not relevant..

30. 2/27/05 Eagle Tribune Article – Solicitor Subject of DA Probe;

    Objection. Hearsay. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

31. 3/2/05 Eagle Tribune Article – Ousted Solicitor Paid $39K;

    Objection. Hearsay. Plaintiff would agree that all the articles are admissible, but

since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

32. 3/3/05 Eagle Tribune Article – Conviction Would Jeopardize Pension;

Objection. Hearsay. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

33. 3/8/05 Letter from Brookline HR Director to Lariviere;

Objection. Hearsay, not relevant.

34. 3/20/05 Eagle Tribune Article – Solicitor Charges Hinge on Accuser.

Objection. Hearsay. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

35. 4/20/05 Affidavit of Kathe Tuttman in Eagle-Tribune Case;

Objection. Hearsay, not relevant. Upon information and belief, the defendants intend to call the witness.

36. 4/21/05 Methuen City Council Sub-Committee on City Solicitor Search – Meeting Note;

Objection, Hearsay, not relevant.

37. 5/16/05 Methuen City Council Sub-Committee on City Solicitor Search – Meeting Note (1 page);

Objection, hearsay, not relevant.

38. 5/25/05 Methuen PD Memo, Sgt. Havey to Lt. Wnek – Documenting porn and gifts from Lariviere's Office;

Objection, Hearsay, not relevant, unduly prejudicial. Further, said evidence is excludable unless the prior bad acts of Solomon and Alaimo are likewise admissible.

39. 6/16/05 Methuen City Council Minutes;

Objection, hearsay, not relevant.

40. 6/17/05 Memo from City Council to Mayor Pollard re. Appointment of Peter McQuillan to City Solicitor's Position;

Objection, hearsay, not relevant.

41. 10/12/05 Letter from Lariviere to AG's Office – enc. Resume;

Objection, hearsay, not relevant.

42. 1/1/06 Eagle Tribune Article – Andover Housing Authority;

Objection. Hearsay. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

43. 1/20/06 Letter from MA AG's Office to Lariviere;

Objection, hearsay, not relevant.

44.  3/14/06 Letter from Lariviere to Attorney Ken Gilman – enc. Resume;

Objection, hearsay, not relevant.

45.  5/19/06 Affidavit of Kristopher McCarthy in Eagle-Tribune Case;

Objection. Hearsay, not relevant. Upon information and belief, the defendants intend to call the witness. If not, plaintiff intend to call him.

46.  5/22/06 Acknowledgement by Peter McQuillan – Receipt of 3 VHS tapes, 1 DVD from Kristopher McCarthy;

Objection, hearsay, not relevant. Moreover, this documents has not be previous identified.

47.  Second Affidavit of Kathe Tuttman;

Objection. Hearsay, not relevant. Upon information and belief, the defendants intend to call the witness. If not, plaintiff intends to call her as a witness.

48.  June, 2005 Correspondence From DiAdamo Law Office to City Officials.

Objection, hearsay, not relevant.

Notwithstanding the above objections, the plaintiff reserves the right to introduce any exhibits listed by the defendants.

The plaintiff will make a good faith effort to agree with defendants with respect to exhibits prior to trial.

Furthermore, the plaintiff reserves the right to introduce any evidence for rebuttal or impeachment.

Plaintiff,

By his attorneys,

/s/
_____
Carmine W. DiAdamo
BBO#122960
William H. DiAdamo
BBO#558883
DiAdamo Law Office LLP
40 Appleton Way
Lawrence, MA 01840
(978) 685-4271

Case 1:05-cv-11579-EFH    Document 57    Filed 01/07/2008    Page 9 of 16

## EXHIBIT A

1. Videotape of Interactions Between Maurice Lariviere and Fulya Metin on 2/16/05, full length version and excerpted version;

    No objection, so long as both videos are admitted and shown to the jury.

2. Audiotape of interview of Maurice Lariviere from 2/16/05;

    No objection, so long as both the original and enhanced tapes are presented to the jury.

3. City of Methuen Sexual Harassment Policy;

    No objection.

4. Neel Resignation Letter;

    Objection, not relevant.

5. Bahan Investigation Report;

    No objection.

6. City of Methuen Home Rule Charter;

    No objection.

7. Metin Resume, Moore Staffing policies;

    No objection.

8. City of Methuen Payroll record – Hiring of Metin as Temporary Employee 10/21/04;

    No objection.

9. City of Methuen Payroll record – Hiring of Metin as Permanent Employee 12/27/04;

No objection.

10. Forensic Computer Imprint of Assorted Porn Websites Accessed by Lariviere – 1/5/05- 2/7/05;

Objection, hearsay, not relevant. Further, a preliminary showing must be made regarding chain of custody and that the web sites were accessed by Lariviere on his computer, and not by others at City Hall and/or forwarded to Lariviere and placed on his computer by others, including Methuen employees.

Further, said evidence is excludable unless the prior bad acts of Solomon and Alaimo are likewise admissible.

11. Lariviere's Verizon Cell Phone Records;

No objection.

12. Email from Metin to Wnek 2/14/05;

No objection.

13. Metin Written Statement to Methuen PD 2/15/05;

No objection.

14. Lariviere Resignation Letter waiving hearing pursuant to Charter;

No objection.

15. Fulya Metin Acknowledgment of Consent to Videotape;

No objection.

16. Fulya Metin One Page Report describing events of 2/16/05;

   No objection.

17. 2/16/05 Michael Wnek Two Page Report About 2/16/05 taping;

   No objection.

18. Various poems and written comments signed by Fulya i.e. "I like Maurice";

   No objection.

19. Application for Search Warrant for Lariviere's Office;

   No Objection.

20. Methuen PD Evidence Collection Sheet (3 pages) from Lariviere's office;

   No Objection.

21. 2/17/05 Eagle Tribune Article – Methuen Solicitor Resigns;

   Objection. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

22. 2/18/05 Letter from Eagle Tribune to Sharon Pollard, Freedom of Information Act Request from reporter, Jason Tait;

   No Objection.

23. 2/18/05 Eagle Tribune Article – Clamp put on Solicitor Details

   Objection. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

24. 2/20/05 Eagle Tribune Article – Solicitor Caught by Hidden Camera;

Objection. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

25. 2/21/05 Eagle Tribune Article – City Gears Up to Name Solicitor;

Objection. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

26. 2/22/05 Methuen City Council Minutes;

No Objection.

27. 2/23/05 Michael Wnek Report;

No Objection.

28. 2/23/05 Eagle Tribune Article – City Hires Interim Solicitor;

Objection. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

29. 2/25/05 Michael Wnek Email to Wnek re. Log of Cell Phone Calls to and from Metin;

No Objection.

30. 2/27/05 Eagle Tribune Article – Solicitor Subject of DA Probe;

Objection. Plaintiff would agree that all the articles are admissible, but since

defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

31.   3/2/05 Eagle Tribune Article – Ousted Solicitor Paid $39K;

Objection. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

32.   3/3/05 Eagle Tribune Article – Conviction Would Jeopardize Pension;

Objection. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

33.   3/8/05 Letter from Brookline HR Director to Lariviere;

No objection.

34.   3/20/05 Eagle Tribune Article – Solicitor Charges Hinge on Accuser.

Objection. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

35.   4/20/05 Affidavit of Kathe Tuttman in Eagle-Tribune Case;

Objection. Hearsay. Upon information and belief, the defendants intend to call the witness.

36.   4/21/05 Methuen City Council Sub-Committee on City Solicitor Search – Meeting Note;

Objection, not relevant.

37. 5/16/05 Methuen City Council Sub-Committee on City Solicitor Search – Meeting Note (1 page);

    Objection, not relevant.

38. 5/25/05 Methuen PD Memo, Sgt. Havey to Lt. Wnek – Documenting porn and gifts from Lariviere's Office;

    Objection, not relevant. Further, said evidence is excludable unless the prior bad acts of Solomon and Alaimo are likewise admissible.

39. 6/16/05 Methuen City Council Minutes;

    No Objection.

40. 6/17/05 Memo from City Council to Mayor Pollard re. Appointment of Peter McQuillan to City Solicitor's Position;

    Objection, not relevant.

41. 10/12/05 Letter from Lariviere to AG's Office – enc. Resume;

    No objection.

42. 1/1/06 Eagle Tribune Article – Andover Housing Authority;

    Objection. Plaintiff would agree that all the articles are admissible, but since defendants will not agree to their admissibility, Plaintiff will treat each article as it is offered. Plaintiff does intend to submit numerous articles as set forth.

43. 1/20/06 Letter from MA AG's Office to Lariviere;

    Objection, not relevant.

44. 3/14/06 Letter from Lariviere to Attorney Ken Gilman – enc. Resume;

    No objection.

15

45.  5/19/06 Affidavit of Kristopher McCarthy in Eagle-Tribune Case;

Objection. Hearsay. Upon information and belief, the defendants intend to call the witness. If not, plaintiff intend to call him.

46.  5/22/06 Acknowledgement by Peter McQuillan – Receipt of 3 VHS tapes, 1 DVD from Kristopher McCarthy;

Objection, not relevant. Moreover, this documents has not be previous identified.

47.  Second Affidavit of Kathe Tuttman;

Objection. Hearsay. Upon information and belief, the defendants intend to call the witness. If not, plaintiff intends to call her as a witness.

48.  June, 2005 Correspondence From DiAdamo Law Office to City Officials.

Objection, not relevant.

The plaintiff reserves the right to introduce any exhibits listed by the defendants.

The plaintiff will make a good faith effort with defendants to agree upon exhibits prior to trial.

Furthermore, the plaintiff reserves the right to introduce any evidence for rebuttal or impeachment.