UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11579EFH

| | |
|---|---|
| MAURICE LARIVIERE,<br>    Plaintiff,<br>v.<br><br>JOSEPH SOLOMON, Individually, and as Chief of Police of the city of Methuen, JOSEPH ALAIMO, Individually and as Deputy Chief of Police of the City of Methuen, and THE CITY OF METHUEN,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION IN LIMINE TO DISMISS COUNTS I AND VII OF THE SECOND AMENDED VERIFIED COMPLAINT**

The defendants, Joseph Solomon and Joseph Alaimo, hereby move this Honorable Court in Limine for an Order dismissing Counts I and VII of the Second Amended Verified Complaint. In support of this motion, the defendants state the following:

**FACTS**

This is an action in which the plaintiff, Maurice Lariviere, alleges that the defendants, Joseph Solomon, Joseph Alaimo and Methuen, violated his civil rights by forcing him to resign from his position as City Solicitor for the City of Methuen. The plaintiff filed his original Verified Complaint in the Massachusetts Superior Court, Essex County, on or about July 1, 2005. On or about August 17, 2005, the matter was removed to the United States District Court for the District of Massachusetts. A Motion to Dismiss the plaintiff's original Verified Complaint was filed on August 18, 2005. On October 11, 2005, the Court issued an Order allowing the Motion, in part, and dismissing various counts of the Verified Complaint as to the particular defendants. With respect to the counts that are presently asserted by the plaintiff, the Court dismissed the count for

1103755v1

Intentional Interference with Contractual Relations against both defendants (VII). Nevertheless, the plaintiff reasserted these counts in the First Amended Verified Complaint.

The plaintiff filed a Motion for Leave to file a Second Amended Verified Complaint on January 12, 2007. The Motion was allowed on January 25, 2007 and the Second Amended Complaint was filed containing the following counts:

| | |
|---|---|
| Count I: | Constructive Discharge/Unlawful Termination against Methuen, Solomon and Alaimo; |
| Count II: | Intentional Infliction of Emotional Distress against Solomon and Alaimo; |
| Count III: | Violation of Massachusetts Civil Rights Act against Solomon and Alaimo; |
| Count IV: | Violation of 42 U.S.C. §1983 against Solomon and Alaimo; |
| Count V: | Violation of 42 U.S.C. §1983 against Solomon and Alaimo in their Official Capacity; |
| Count VI: | Violation of 42 U.S.C. §1983 against Methuen; |
| Count VII: | Intentional Interference With Contractual Relations against Methuen, Solomon and Alaimo; |
| Count VIII: | Conspiracy against Methuen, Solomon and Alaimo; |
| Count IX: | Deceit against Solomon and Alaimo; and |
| Count X: | False Imprisonment against Solomon and Alaimo. |

## ARGUMENT

**A.   The Court Should Dismiss Counts Against All Defendants for Intentional Interference with Contractual Relations (Count VII) Pursuant to the October 11, 2005 Order Dismissing These Counts**

In the October 11, 2005 Order addressing the defendants' Motion to Dismiss the original Verified Complaint, the Court dismissed the Count for Intentional Interference with Contractual Relations (VII) as to all three (3) defendants. Nevertheless, the plaintiff

reasserted these counts in the First Amended Verified Complaint and the Second Amended Verified Complaint.

The Court should again dismiss this Count (VII) with prejudice for the same reasons asserted in the defendants' Motion to Dismiss, pursuant to the doctrine of collateral estoppel and pursuant to the doctrine of the Law of the Case.[1]

### B. Count I for Constructive Discharge/Unlawful Termination Should Be Dismissed

The count against the defendants, Solomon and Alaimo, for Constructive Discharge, Count I, should be dismissed pursuant to G.L. c. 258, § 2. Massachusetts has created a statutory scheme, through the Massachusetts Tort Claim Act, M.G.L. c. 258, for torts allegedly committed by public officers and entities. Under the Act, "no . . . public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting in the scope of his office or employment." M.G.L. c. 258, §2.

A constructive discharge claim should be dismissed against a public employees, such as Solomon and Alaimo, pursuant to M.G.L. c. 258 § 2, "if the employee was acting within the scope of the employment and the employee was under the direction and control of the public employer." Canney v. City of Chelsea, 925 F.Supp. 58, 69 (D.Mass. 1996); see also Fantini v. Salem State College, 2007 WL 922883, 6 (D.Mass. 2007); Stevens v. City of Brockton, 676 F. Supp. 26 (D. Mass. 1987) (dismissing wrongful termination claim against police chief). Here, the plaintiff alleges that defendants,

---

[1] All arguments asserted in the Memorandum of Law in Support of the Motion to Dismiss are incorporated herein by reference. See Peterson v. Hopson, 306 Mass. 597, 599, 29 N.E.2d 140 (1940) ("Where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or a question of fact or law, once decided").

Solomon and Alaimo, constructively discharged him in the course of their employment with the Methuen Police Department. Therefore, Count I against defendants, Solomon and Alaimo, should be dismissed to the extent that the allegation is made against them

## CONCLUSION

For the reasons stated herein, the defendants, Joseph Solomon and Joseph Alaimo, hereby move this Honorable Court for an order dismissing Counts I and VII of the Second Amended Verified Complaint.


Respectfully Submitted,


| The Defendants, | The Defendants, |
|---|---|
| **Joseph Solomon and Joseph Alaimo** | **Joseph Solomon and Joseph Alaimo** |
| By their Attorneys, | By their Attorneys, |
| | |
| */s/ Gareth W. Notis* | */s/ Andrew J. Gambaccini* |
| Gareth W. Notis - BBO #637814 | Andrew J. Gambaccini, BBO #: 654690 |
| Morrison Mahoney LLP | Reardon, Joyce & Akerson, P.C. |
| 250 Summer Street | 397 Grove Street |
| Boston, MA 02210 | Worcester, MA |
| 617-737-8857 | 508-754-7285 |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the EFC System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 11th day of January, 2008.

/s/ *Gareth W. Notis*
Gareth W. Notis