UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11579EFH

|  |  |
|---|---|
| MAURICE LARIVIERE,<br>　　　　　Plaintiff,<br>v.<br><br>JOSEPH SOLOMON, Individually, and as Chief<br>of Police of the city of Methuen, JOSEPH<br>ALAIMO, Individually and as Deputy Chief of<br>Police of the City of Methuen, and THE CITY OF<br>METHUEN,<br>　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION IN LIMINE TO LIMIT TESTIMONY OF WITNESSES, MICHAEL HATEM, LAWRENCE PHILLIPS AND MICHAEL WNEK

The defendants, Joseph Solomon and Joseph Alaimo, hereby move this Honorable

Court in Limine for an Order limiting the testimony of trial witnesses, Michael Wnek,

Lawrence Phillips and Michael Hatem.  In support of this motion, the defendants state the

following:

## FACTS

Michael Hatem signed an affidavit dated December 26, 2006 in this matter.[1]  Mr.

Hatem is a former employee of the Methuen Police Department.  In February 2005, he

was a lieutenant.  In the Affidavit, Mr. Hatem relays various statements by defendant,

Joseph Alaimo.  One of the statements relayed by Hatem is as follows:

> Alaimo told me he stated during that meeting "Maurice,
> you've known me for 25 years.  If you do not resign right
> now, I am going to put handcuffs on you and march you
> out of the office right now in front of everybody.[2]

---

[1] A copy of the Affidavit is attached hereto as Exhibit "A".
[2] See, Exhibit "A" at paragraph 16.

On or about January 8, 2008, the plaintiff served a further supplemental answer to the defendant's interrogatories identifying two witnesses who would offer additional testimony.[3]  In the supplemental answers, Methuen Police Lieutenant Michael Wnek was identified as providing information about what happened on the evening of the resignation of Mr. Lariviere in his office.   A similar observation is relayed by Lawrence Phillips of the Methuen Police Department.   In addition, Mr. Wnek was disclosed as possibly offering the following testimony.   He is expected to testify that Joseph Alaimo made the following statements:

> We finally got back at him (Lariviere) for all of the times he fucked with my family.  We told him that if he didn't sign a resignation we would arrest him and parade him out of City Hall with handcuffs.[4]

## ARGUMENT

### A.    Anticipated Testimony of Michael Hatem

The purported testimony of Michael Hatem is clearly hearsay.  Federal Rule of Evidence 801.  It is an out of court statement by a declarant, Joseph Alaimo, that seeks to prove the truth of the matter asserted.  Furthermore, this statement is highly prejudicial. The testimony is unreliable because it was offered almost two (2) years after the subject incident.   Furthermore, Mr. Hatem is an unreliable witness because he has punitive motives toward the defendants.   Mr. Hatem's son was disciplined by the defendant, Joseph Solomon, during his tenure of Chief of Police of the Methuen Police Department. It was not until after the discipline that Mr. Hatem executed his affidavit in this matter.

---

[3] A copy of the Further Supplemental Answers to the  Defendants' Interrogatories is attached hereto as Exhibit "B".
[4] See, Exhibit "B" on Page 2.

### B.    Anticipated Testimony of Lawrence Phillips and Michael Wnek

The testimony of Lawrence Phillips and Michael Wnek in this matter was disclosed in the plaintiff's Supplemental Answers to Interrogatories signed on January 8, 2008, less than one week before the trial of this matter is scheduled to begin. The testimony regarding their observations on the evening of February 16, 2005 during the execution of the search warrant should be precluded from evidence because it was offered at such a late juncture.

Furthermore, this is a matter involving an allegation of a deprivation of constitutionally protected property interest, namely Mr. Lariviere's position as City Solicitor, not about an illegal search and seizure, police misconduct or a negligent investigation. The relevance of Mr. Wnek's observations after Mr. Lariviere's

Mr. Wnek was deposed in this case during the course of discovery, but did not relay the conversation he now claims to have had with defendant, Joseph Alaimo, during his testimony. This statement by Mr. Wnek is hearsay because it involves an out of court statement by defendant, Joseph Alaimo. This statement is highly prejudicial and the plaintiff should be precluded from introducing it into evidence at the time of trial.

At the very least, the defendants should be permitted to take the depositions of Mr. Phillips and Mr. Wnek about the subject of the testimony in the Supplemental Answers to Interrogatories.

## CONCLUSION

For the reasons stated herein, the defendants, Joseph Solomon and Joseph Alaimo, hereby move this Honorable Court for an order limiting the testimony of trial witnesses, Michael Wnek, Lawrence Phillips and Michael Hatem as set forth above.

Respectfully Submitted,

| | |
|---|---|
| The Defendants,<br>**Joseph Solomon  and Joseph Alaimo**<br>By their Attorneys, | The Defendants,<br>**Joseph Solomon and Joseph Alaimo**<br>By their Attorneys, |
| */s/ Gareth W. Notis*<br>Gareth W. Notis - BBO #637814<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210<br>617-737-8857 | */s/ Andrew J. Gambaccini*<br>Andrew J. Gambaccini, BBO #: 654690<br>Reardon, Joyce & Akerson, P.C.<br>397 Grove Street<br>Worcester, MA<br>508-754-7285 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 11th day of January 2008.


*/s/ Gareth W. Notis*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAURICE LARIVIERE,<br>    Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No.: 05-11579EFH |
| JOSEPH SOLOMON, individually and<br>as Chief of Police for the City of<br>Methuen, JOSEPH ALAIMO,<br>individually and as Deputy Chief of<br>Police for the City of Methuen and<br>THE CITY OF METHUEN,<br>    Defendants. | ) ) ) ) ) ) ) ) | |

## AFFIDAVIT OF MICHAEL E. HATEM

I, Michael E. Hatem, being duly sworn depose and say as follows:

1.    I am a former employee of the Methuen Police Department. I left the department in January of 2005 as a Lieutenant.

2.    This Affidavit is being given after I initiated a contact with Maurice Lariviere in December, 2006. I did not come forward sooner for personal reasons which I shall explain in the future at an appropriate time.

3.    With respect to the Maurice Lariviere affair, so-called, I was in the police department the day that the first newspaper article dealing with this matter was published. I believe it was the day after Chief Solomon and Deputy Chief Alaimo confronted Maurice Lariviere.

4.    After the newspaper was delivered to the police station, Deputy Chief Alaimo walked in to my office during the afternoon.

5.    I had a news article on my desk and stated "Oh my God, when did this happen?" Deputy Chief Alaimo responded, "Yesterday."

6. I stated, "Yesterday, I was working yesterday" and Alaimo stated, "yeah, we kept it between a few of us. We didn't want anybody else involved."

7. I stated, "geez, I'm glad I didn't get involved in this thing."

8. At the time I was standing at my desk looking at the paper.

9. Deputy Chief Alaimo stated, "sit down, I'm going to tell you what happened."

10. I stated, "Deputy, you don't have to tell me anything." He re-stated, "sit down, I'm going to tell you what happened."

11. He related that the girl who works for Maurice Lariviere was complaining about inappropriate touching. I asked him how this came about. Alaimo stated that Lieutenant Wnek who would go to Maurice Lariviere's office to get advice on internal affairs matters got to know the girl involved. At some point she contacted Wnek and asked to meet with him. He did so (in a parking lot) and she told him what she claimed was happening.

12. Alaimo then stated that based on the complaint they set up some cameras in her office.

13. He had stated where the officers were who were involved in the investigation, but I do not remember where he said they were stationed.

14. I do remember that Alaimo stated during our conversation at this point "I told the girl she'd be recorded. There would be cameras in the office and she should "be careful, don't overact."

15. He then stated the tape went on for a long while and further stated that he and Solomon showed Maurice the tape.

16. Alaimo told me he stated during that meeting "Maurice, you've known me for 25 years. If you do not resign right now, I am going to put handcuffs on you and march you out of the office right now in front of everybody."

17. There was further small talk that I do not recall. He then got up and left my office.

18. While I was an employee of the Methuen Police Department I read that Chief Solomon denied that any statements were made about a resignation. I knew that his statement was completely false but I did not come forward. As I stated previously, there were personal reasons why I did not act which I know I will be asked about in the future.

2

SIGNED, under the pains and penalties of perjury, this 26th day of December, 2006.

_____
Michael E. Hatem

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS                                        December 26, 2006

On this 26th day of December, 2006, before me, the undersigned notary public, personally appeared Michael E. Hatem and proved to me through satisfactory evidence of identification which was a Massachusetts driver's license, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge or belief.

_____
Simone T. Marchand
Notary Public
My commission expires 9/15/11

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11579EFH

| | |
|---|---|
| MAURICE LARIVIERE, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| JOSEPH SOLOMON, individually, and as | ) |
| Chief of Police of the City of Methuen, and | ) |
| JOSEPH ALAIMO, individually, and as | ) |
| Deputy of Police of the City of Methuen, and | ) |
| THE CITY OF METHUEN | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FURTHER SUPPLEMENTAL ANSWERS TO THE DEFENDANTS' INTERROGATORIES

## INTERROGATORY NO. 3

Please identify; by name, current residential or business address and telephone number; all those persons known to you, your agents or your attorneys, whom you believe to possess information concerning your complaint, the factual assertions and allegations advanced in that complaint, or any damages that you allege to have been suffered as a result of the matters advanced in that complaint. For each such individual, provide the following information:

    A.    a brief individualized summary of the information that you, your agents or attorneys, believe such person to possess;

SUPPLEMENTAL ANSWER:

    (1) Michael Wnek, Methuen Police Department

        In addition to the testimony set forth in his deposition transcript, the plaintiff expects Officer Wnek to testify as follows:

1

Shortly after the resignation, Wnek was involved delivering the search warrant from the Lawrence District Court to City Hall at around 6:30 PM. When Wnek delivered it to City Hall, he observed Solomon, Alaimo, Pollard, Havey, and possibly others in Lariviere's office. He was shocked that there was such a jovial "smoking and joking" atmosphere. He was further surprised that it appeared to him that the search had already started, before the search warrant was delivered.

Wnek did not participate in the search, but was later given some evidence forms by Sgt. Gallant. His first impression was that the forms were executed poorly, and he expressed his concern to Havey (who Wnek understood to be the liaison regarding the search). Wnek relayed his concern and lack of cooperation from Havey to McCarthy, Alaimo and Solomon on several occasions. Several months later Wnek received documents regarding Havey's forensic search of Lariviere's computer, which Wnek considered to be very late and poorly done. In general, the investigation and evidence was handled poorly and the chain of custody was violated.

In about the month or so after the incidents of February 2005 involving Metin and Lariviere, Wnek was in Solomon's office with Solomon and Alaimo discussing the case. Alaimo made statements that, "We finally got back at him (Lariviere) for all the times he fucked with my family. I told him that if he didn't sign a resignation, we would arrest him and parade him out of City Hall with handcuffs." Alaimo also stated that he told Lariviere that they already had the press outside the building waiting.

Wnek was not asked about this at his deposition. He was and is concerned about offering the evidence because he feels threatened by Solomon and Alaimo, who Wnek believes to be capable of harming him or his family, and he fully expects some retaliation because of his coming forward.

(2) Lawrence Phillips, Methuen Police Department

Lawrence Phillips is expected to testify as follows:

On the date of the search warrant, it was late afternoon by the time he and Wnek arrived back at Lariviere's office with the executed warrant. When he arrived, there were already a number of people in the office, including Solomon, Alaimo and Pollard, and perhaps Gallant and Havey. They appeared to be in very good spirits, smiling and joking around. Phillips thought this was very unprofessional, and not the way a crime scene should be handled. He was instructed to begin his search, and specifically recalls being asked to begin his search in a top desk drawer. Other places to search were pointed out to him. This gave him the impression that the room had already been searched and the warrant was a formality.

The evidence collected was documented by Gallant, and Phillips assumed it would be

2

turned into evidence, although Phillips never saw the active evidence again.  In
Philips opinion, the search of Lariviere's office was a circus atmosphere and not done
in accordance with his training and experience.  The office should have been secured
and only persons involved in the search should have been allowed in that room.

Philips too feels threatened by Solomon and Alaimo, and is concerned about himself
and his family, as he believes Solomon and Alaimo to be capable of harming them all.
He also expects retaliation from them for his testimony.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY
THIS ___ DAY OF _____, 2008.


_____
Maurice J. Lariviere, Jr.




Plaintiff,
MAURICE LARIVIERE
By his attorneys,


_____
Carmine W. DiAdamo
BBO#122960
William H. DiAdamo
 BBO#558883
DiAdamo Law Office LLP
40 Appleton Way
Lawrence, MA 01840
(978) 685-4271


3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by email and first class mail on January 8, 2008.

William H. DiAdamo