UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MAURICE LARIVIERE,
                Plaintiff,

         v.                           CIVIL ACTION NO.:
                                        05-11579-EFH

JOSEPH SOLOMON, Individually, and as
Chief of Police of the City of Methuen, JOSEPH
ALAIMO, Individually, and as Deputy Chief
of Police of the City of Methuen, and the CITY
OF METHUEN,
                Defendants.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

January 15, 2008

HARRINGTON, S.D.J.

      The defendants have moved for a protective order that would limit public access to a videotape they intend to use at trial. The videotape apparently shows the plaintiff, who was employed as an attorney for the City of Methuen, kissing, touching, and attempting to touch a female subordinate. The defendants' proposed order would require 1) that the courtroom be closed to the public while the tape is being viewed by the jury; 2) that the videotape be impounded and unavailable to the public; and 3) that the videotape be returned to the Essex County District Attorney's Office at the trial's conclusion.

      "Courts have long recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.'" In Re Providence Journal Company, Inc., 293 F.3d 1, 9 (1st Cir. 2001) (quoting Siedle v. Putnam Inv., Inc., 147 F.3d 7, 10 (1st Cir. 1998)). Accordingly, there is a "presumption that the public has a common-law right of

access to judicial documents." Id. (citing Nixon v. Warner Comm., Inc., 435 U.S. 589, 597 (1978)). The public right of access "attaches to those materials which properly come before the court in the course of an adjudicatory proceeding and which are relevant to the adjudication" Id. (quotation omitted). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987) (quotation omitted). When cogent reasons against disclosure are raised, courts must "weigh the presumptively paramount right of the public to know against the competing private interests at stake." Id. (citation omitted).

The defendants base their request for a protective order upon a determination by the Massachusetts Appeals Court that the videotape in question is not a public record under M.G.L. c. 66 § 10. See Eagle-Tribune Publishing Company v. Chief of Police of Methuen, 870 N.E.2d 1131 (2007) (Rule 1:28 decision) (relying upon the privacy and law enforcement exemptions to the public records law).

The *mere* fact that the videotape is not a public record under Massachusetts law, however, is not a compelling reason for issuing a protective order in this case. First, courts do not seal materials presented at trial merely because they fall outside the scope of a public records statute. After all, the records and documents of private litigants are not public records either, but they are usually available to the public once they become judicial records. Second, the Massachusetts Public Records Law provides a statutory right of access to records with statutory exemptions (under which exemptions this tape falls). Because the right of access to documents

in this case rests on common law, cf. In re Providence Journal Co., Inc., 293 F.3d at 9, not the Massachusetts statute, the statute's exemptions are irrelevant.

In sum, the propriety of a protective order in this case hinges not on the scope of the Massachusetts Public Records Law, but upon reaching a desirable balance between the public's right of access to judicial records and any countervailing reasons that might be adduced in support of shielding the materials in question from public view.  Along those lines, the defendants do touch upon alternate grounds for a protective order: the privacy interests of the woman depicted in the videotape, law enforcement interests, and limited public interest in disclosure.  They have not argued these grounds in any detail, however, and there are no affidavits (or other competent evidence) from interested third-parties articulating their concerns or interests on this subject. Nevertheless, the Court has a responsibility to undertake an independent review of the defendants' motion to ensure that the interests of both the public and innocent third parties to this litigation are considered.  The defendants' motion is denied at this time, subject to reconsideration at the trial's conclusion.[1]

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

[1] The defendants have represented to the Court that the woman depicted in the tape, as well as the Essex County District Attorney's Office (which apparently has possession of the tape), have agreed to release the tape to the defendants on the condition that the defendants secure a protective order.  This agreement is not sufficient reason to grant a protective order.  If no protective order is issued, the defendants can either seek the voluntary release of the tape without a protective order, seek the tape through a subpoena, or forgo entering the tape into evidence.