UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11579EFH

---

| | |
|---|---|
| MAURICE LARIVIERE, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| JOSEPH SOLOMON, individually, and as | ) |
| Chief of Police of the City of Methuen, and | ) |
| JOSEPH ALAIMO, individually, and as | ) |
| Deputy of Police of the City of Methuen, and | ) |
| THE CITY OF METHUEN | ) |
| | ) |
| Defendants. | ) |

---

## PLAINTIFF'S REQUEST FOR INSTRUCTIONS TO THE JURY

Now comes the plaintiff Maurice Lariviere ("Lariviere") in the above-entitled action and hereby requests that the following instructions be submitted to the jury.

Plaintiff,

By his attorneys,

/s/

_____
Carmine W. DiAdamo
BBO#122960
William H. DiAdamo
BBO#558883
DiAdamo Law Office LLP
40 Appleton Way
Lawrence, MA 01840
(978) 685-4271

1

**1.    Function of the Court and Jury**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

*Adapted from First Circuit Model Criminal Jury Instructions*

**2.**     **No Inference From Judge's Questions.**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

*Adapted from Third Circuit Model Civil Jury Instructions*

**3.**     **Evidence**

The evidence consists of the testimony of the witnesses, the exhibits admitted  in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true.

*Adapted from Third Circuit Model Civil Jury Instructions*

4.      **What Is Not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

*Adapted from Third Circuit Model Civil Jury Instructions*

5.      **Consideration of All Evidence.**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

*Adapted from Third Circuit Model Civil Jury Instructions*

### 6.     Conduct of the Jury

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the [court security officer] to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

*Adapted from the First Circuit Criminal Jury Instructions*

7.      **Weighing the Evidence.**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

*Adapted from Third Circuit Model Civil Jury Instructions*

**8.    Definition of "Direct" and "Circumstantial Evidence"**

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.

Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true. As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

*Adapted from Third Circuit Model Civil Jury Instructions*

9.    **Testimony of Witnesses**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

1. the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
2. the witness's memory;
3. any interest, bias, or prejudice the witness may have;
4. the witness's intelligence;
5. the manner of the witness while testifying;
6. and the reasonableness of the witness's testimony in light of all the evidence in the case.

*Adapted from Third Circuit Model Civil Jury Instructions and First Circuit Criminal Jury Instructions*

10.    **Prior Inconsistent Statements or Acts**

You may consider statements given by wither a party or a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony. With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

*Adapted from Third Circuit Model Civil Jury Instructions*

**11.     Lawyer Interviewing Witnesses**

It is proper for a lawyer to meet with any witness in preparation for trial.

*Adapted from Third Circuit Model Civil Jury Instructions*

12.     **Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

*Adapted from Third Circuit Model Civil Jury Instructions*

13.    **Multiple Claims/Parties**

You must give separate consideration to each claim and each party in this case. Although there are 2 defendants, it does not follow that if one is liable, the other is also liable.

*Adapted from Third Circuit Model Civil Jury Instructions*

14.    **Burden of Proof**

Plaintiff Maurice Lariviere has the burden of proving his case by what is called the preponderance of the evidence.  When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

To say it differently: if you were to put the evidence favorable to plaintiff and the evidence favorable to defendants on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on his side.  If plaintiff fails to meet this burden on any issue, the verdict must be for defendants on that issue. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

*Adapted from Third Circuit Model Civil Jury Instructions*

15.    **Communication with Court**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

*Adapted from Third Circuit Model Civil Jury Instructions*

**16.    In-Trial Instruction on News Coverage**

I understand that reports about this trial or about this incident are appearing in the newspapers and or on radio and television and the internet. The reporters may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

*Adapted from Third Circuit Model Civil Jury Instructions*

17.    **Video and Audio Evidence**

You have a recording and videotape that have been received in evidence. This recording is proper evidence and you may consider it, just as any other evidence.

*Adapted from Third Circuit Model Civil Jury Instructions*

18.    **Judge's Comments to Lawyers**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

*Adapted from Third Circuit Model Civil Jury Instructions*

19.    **Constructive Discharge/Unlawful Termination**

"A "[c]onstructive discharge occurs when the employer's conduct effectively forces an employee to resign. Although the employee may say, 'I quit,' the employment relationship is actually severed involuntarily by the employer's acts, against the employee's will. As a result, a constructive discharge is legally regarded as a firing rather than a resignation." *Id.* At 33-4, citing *Turner v. Anheuser-Busch, Inc.,* 7 Cal. 4th 1238, 1244-1245, 32 Cal.Rptr.2d 223, 876 P.2d 1022 (1994).

"In order to amount to a constructive discharge, adverse working conditions must be unusually 'aggravated' *or* amount to a 'continuous pattern' before the situation will be deemed intolerable. "In some circumstances, *a single intolerable incident*, such as a crime of violence against an employee by an employer, or an employer's ultimatum that an employee commit a crime, may constitute a constructive discharge. Such misconduct potentially could be found 'aggravated.'" *Turner, at n.3* (emphasis added).

If you find that the defendants' actions constituted such an intolerable event, then I instruct you that you must find for the plaintiff.

In determining whether a resignation is voluntary, the court considers all the circumstances surrounding the plaintiff's resignation. *O'Connell v. County of Northampton*, 79 F.Supp.2d 529, 533 (E.D.Pa.1999).

20.    **Massachusetts Civil Rights Act**

To establish a claim under the Massachusetts Civil Rights Act, M.G.L.A. c. 12, § 11I (MCRA), the plaintiff must prove that "(1) his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by 'threats, intimidation or coercion'." *Bally v. Northeastern University*, 403 Mass. 713 (1989).

"Under the MCRA a " '[threat' … involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm. 'Intimidation' involves putting in fear for the purpose of compelling or deterring conduct … ] Coercion … [is] 'the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done.' " *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 474 (1994).

21.    **Property Interest in Employment**

A public employee has a protected property interest in his or her continued employment by the government.  See also, *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 547-58, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)

22.    **Interference with Rights**

As to the second element, the plaintiff must prove by a preponderance of the evidence that the defendants interfered with, that is hindered, impeded, intruded or meddled, with Lariviere's rights, which would include, among other things, his employment and due process. *Deas v. Dempsey*, 403 Mass. 468, 470-1 (1988), *Redgrave v. Boston Symphony Orchestra, Inc.*, 399 Mass. 93, 99 (1987), *Elwood v. Pina*, 815 F.2d 173, 177 (1st. Cir. 1987).

**23.    Threats, Intimidation or Coercion**

As to the third element, Lariviere claims that the defendants interfered with or attempted to interfere with his rights  by threats, intimidation or coercion.  *Freeman v. Planing Board of West Boylston,* 419 Mass. 548, 564 (1995). Those words must be applied according to their natural meaning, that of forcing submission by conduct calculated to frighten, harass or humiliate. *Pheasant Ridge v. Town of burlington*, 399 Mass. 771, 781 (1987).

When considering whether the defendant threatened, intimidated, or coerced the plaintiff, you are to consider the issue with an objective standard, that is, whether a reasonable person in the plaintiff's circumstances would be threatened, intimidated, or coerced by the defendant's conduct. In determining how a reasonable person would react in the same circumstances, you may consider how other persons actually responded to events in this case.[3]

In order to recover under the Massachusetts Civil Rights Act, the plaintiff must prove by a preponderance of the evidence that the interference or attempted interference with the secured right involved an actual or potential physical confrontation accompanied by a threat of harm.  The term "threat" involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm. The term "intimidation" means the putting in fear for the purpose of compelling or deterring conduct. *Planned Parenthood League of Mass. Inc. V. Blake*, 417 Mass. 467, 474-5 (1994).

The term "coercion" means "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Stated differently, "coercion" is the active domination of another's will, or the use of physical or moral force to compel another to act or assent, or to refrain from acting or assenting. *Freeman v. Planing Board of West Boylston,* 419 Mass. 548, 564 (1995).

24.    **No Proof of Governmental Conduct Required**

The Massachusetts Civil Rights Act does not require proof of governmental action. In other word, it is possible for a plaintiff to recover under the Act even though the government did not in any way participate in or contribute to the civil rights violation. *Bell v. Mazzara*, 394 Mass. 176-181-2 (1985).

25.    **Coercion and Duress**

Under the "duress/coercion" theory, a resignation may be found involuntary if on the totality of the circumstances it appears that the employer's conduct in requesting resignation effectively deprived the employee of free choice in the matter. Factors to be considered are (1) whether the employee was given some alternative to resignation (2) whether the employee understood the nature of the choice he was given; (3) whether the employee was given a reasonable time in which to choose; and (4) whether he was permitted to select the effective date of resignation ... [T]he assessment whether real alternatives were offered must be gauged by an objective standard rather than by the employee's purely subjective evaluation.... *Young*, Supra at 927.

The coercive conduct of the defendants, "caused him to enter into [his resignation] 'under the influence of such fear as precludes him from exercising free will and judgment." *Coveny v. President & Trustees of the College of the Holy Cross*, 388 Mass. 16, 22. (1983), quoting *Avallone v. Elizabeth Arden Sales Corp.,* 344 Mass. 556, 561 (1962).

"An employee's resignation will be considered involuntary only if: (1) the employer forces the resignation by using coercion or duress, or (2) the employee resigned because the employer deceived or misrepresented a material fact to the employee." *Leheny v. City of Pittsburgh*, 183 F.3d 220, 227 (3d Cir.1999).

"Both obviously involve situations in which the employer's conduct has prevented the employee from making a free and informed choice, hence, in our terms, has effectively deprived the employee of his protected property interest." *Young, supra*, at 926.

1.  **Material Misrepresentations**

"Under the 'misrepresentation' theory, a resignation may be found involuntary if induced by an employee's reasonable reliance upon an employer's misrepresentation of a material fact concerning the resignation. A misrepresentation is material if it concerns either the consequences of the resignation or the alternative to resignation...." *Young,* Supra at 927.

The plaintiff may recover money damages from the defendant if and only if he proves the following by a fair preponderance of the credible evidence:

1.  that the defendant made a false statement to the plaintiff, and that statement concerned some fact that a reasonable person would consider important to the decision that the plaintiff was about to make;[1]

2. that when the defendant made the statement, the defendant either knew that the statement was false, or recklessly made the statement by willfully disregarding its truth or falsity;

3. that the defendant made the false statement with the intention that the plaintiff would rely on that statement in making [his/her] decision;

4. that in making the plaintiff's decision, he did in fact rely on the defendant's statement as true, and that his reliance was reasonable under the circumstances; and

5.  that plaintiff suffered some financial loss as a result of relying on the defendant's false statement.

If the plaintiff has proved these five things by a preponderance of the credible evidence, your verdict will be for the plaintiff, and you must then go on to determine the amount of money damages to be awarded to the plaintiff.

26.    **Reasonable Reliance**

A resignation may be found involuntary if induced by an employee's reasonable reliance upon an employer's misrepresentation of a material fact concerning the resignation. A misrepresentation is material if it concerns either the consequences of the resignation or the alternative to resignation.  *Stone v. University of Maryland Medical Sys. Corp.*, 855 F. 2d 167, 173 (4th Cir.1988)

For example, you may find the the plaintiff's resignation was involuntary if you find that the plaintiff was misled about affect of his resignation on his retirement; *Covington v. Dept. of Health and Human Resources*, 750 F. 2d. 937 (C.A. Fed 1984). *Sharf v. Dept. of the air Force*, 710 F.2d 1572 (C.A. Fed. 1983)

The use of police authority incorrectly is a violation of the MCRA. "The arrest and detention of the plaintiffs by police were intrinsically coercive, and thus, sufficient to meet the plaintiffs' burden of that prong." *Sarvis v. Boston Safe Deposit and Trust*, 47 Mass. App. Ct. 86, n. 19 at 92–93 (1999) .

27.    **42 U.S.C. § 1983**

Plaintiff seeks to recover under , which states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity,

In other words, To establish a claim under 42 U.S.C. § 1983 against the defendants, plaintiff must establish that (1) the conduct complained of was committed by Solomon and Alaimo acting under the color of state law, and (2) that the conduct deprived him of a constitutional right.

*42 U.S.C § 1983.*

28.    **Color of State Law**

If you find that Defendants Solomon and Alaimo were acting as Methuen police officers at the relevant time, you must find that they was acting under color of state law.  "[S]tate employment is generally sufficient to render the defendant a state actor."  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 n.18 (1982).

**29.    Deprivation of a Secured Right**

The second element that the plaintiff must prove is that he was deprived by the defendants of right, privileges or immunities secured and protected by the Constitution.  This element has two subparts:

**1.**  You must determine whether there has been a deprivation of a Federally protected right.

**2.**  You must determine whether the defendant's conduct was causally related to the derivations.

30.    **Due Process**

Plaintiff has a constitutional right to due process under the Fourteenth Amendment to the Constitution the United States. "A public employer obviously cannot avoid its constitutional obligation to provide due process by the simple expedient of forcing involuntary 'resignations.'" *Young v. Annarino*, 123 F. Supp. 2d 915 (2000), citing *Stone, supra, at* 173 n. 5.

Further, constructively discharging an employee from a position in which he has a protectable property interest may be actionable under § 1983. *Yearous v. Niobrana County Mem. Hosp.*, 128 F.3d 1351, 1355 (10th Cir.1997).

A public employee has a protected property interest in his or her continued employment by the government.  See also, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547-58, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)

You may find that the defendants deprived the plaintiff of life, liberty or property if the defendants acted intentionally or if their conduct reflected a reckless or callous indifference to the plaintiff's rights.  A person acts intentionally when he acted with the desire to cause harm or with the belief that harm is likely to result. A person acts with reckless or callous indifference when it would be apparent to a reasonable person in similar circumstances that the conduct would be likely to result in harm.  *Germany v. Vance*, 868 F.2d 9, 18 & n 10 (1st. Cir. 1989)

If you find that the defendants deprived Lariviere of his due process rights, I instruct you that you must find for the plaintiff.

31.  **Exhaustion of Administrative Remedies**

"A litigant is generally not required to exhaust state judicial or administrative remedies prior to commencing an action under § 1983." *Edwards vs Balisok* 520 U.S. 641, 117 S.Ct. 1584, 137 L. Ed 2d 906 (1997).

**32.**    **Civil Conspiracy**

To find a civil conspiracy; you must determine that Solomon and Alaimo (1) conspired (2) for the purpose of depriving, either directly or indirectly, Lariviere of the equal protection of the laws, or of equal privileges and immunities under the laws (3) causing to be done an act in furtherance of the object of the conspiracy (4) resulting either in injury to Lariviere and his property or in depriving him or her of having or exercising any right or privilege of a United States citizen. *Butner v. Department of State Police*, 60 Mass. App. Ct. 461, 469 (2004).

33.    **False Imprisonment**

False imprisonment, simply, is the intentional, unjustified confinement of a person, directly or indirectly, by force or threat, of which that person is conscious or by which he is harmed. *Cremalti-Vikery v. Otis Elevator, Inc.*, 57 Mass. App. Ct. 1105 (2003)

The defendants bear the burden of proof on establishing that their confinement of Lariviere was justified by law. *Gutierrez v. Massachusetts Bay Transportation Authority*, 437 Mass. 396, 409 (2002).

An unlawful arrest and detention constitutes a false imprisonment. *Noel v. Town of Plymouth*, 895 F.Supp. 346 (D.Mass. 1995).

34.    **Deceit**

"One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the misrepresentation." *Graphics Arts Finishers Inc. v. Boston Redevelopment Authority*, 357 Mass. 40, 44 (1970).

As in *Graphics Arts*, " The plaintiff has alleged the misrepresentation, its falsity, the defendant's knowledge of its falsity, and the defendant's intention to induce the plaintiff to act upon it, the plaintiff's reliance on the misrepresentation, and the harm suffered as a result." *Id.*

35.    **Intentional Infliction of Emotional Distress**

To prevail on a claim based on this tort, a plaintiff must establish '(1) that the defendant intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of his conduct, ... (2) that the defendant's conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community, (3) that the actions of the defendant were the cause of the plaintiff's distress, and (4) that the emotional distress suffered by the plaintiff was severe and of such a nature that no reasonable person could be expected to endure it.  *Quinn v. Walsh*, 49 Mass. App. Ct. 696, 732 (2000).

It is not necessary for the plaintiff to prove that physical injury resulted from the severe emotional distress. *Tetrault v. Mahoney, Hawkes & Golding*, 425 Mass. 456, 465-66 (1997).

However the plaintiff must prove that the defendants acted with either the desire or knowledge that emotional distress would result from his conduct or that he should have known that his conduct would cause the plaintiff to suffer emotional distress. *Tetrault v. Mahoney, Hawkes & Golding*, 425 Mass. 456, 465-66 (1997).

Extreme and outrageous conduct is more than just workday insults, hurt feelings from bad manners, annoyances or petty oppressions. "Outrageousness" means a high order of recklessness, ruthlessness or deliberate malevolence.  What is extreme and outrageous is for you to consider given all the facts. *Tetrault v. Mahoney, Hawkes & Golding*, 425 Mass. 456, 465-66 (1997).

36.  **Causation**

Any injury or damages is proximately caused by and act or failure to act whenever it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

*Guiererez-Rodriguez v. Cartegena*, 882 F.2d 533, 569 (1st Cir. 1989).

37.    **Damages: General**

If you find that Plaintiff has proved any of his claims against either defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

Plaintiff must prove his damages by a preponderance of the evidence.

38.    **Pain and Suffering**

Pain and suffering are one type of damages alleged by the plaintiff.  Pain and suffering can be physical or mental,, and in this case are mental.

Mental pain and suffering include any and all nervous shock, anxiety, embarrassment, or mental anguish.  You should also take into account past, present, and future mental suffering.  You may consider the extent to which the plaintiff has suffered a loss of pleasure which he would have had in the form of work or play or family life or whatever.

To arrive at a monetary figure for the plaintiff's pain and suffering, you must use your own good sense, background and experience in determining what would be fair and reasonable  to compensate for past, present and future suffering such as you find has been proved the evidence.

*Agis v. Howard Johnson*, 371 Mass. 140, 143-5 (1976). *Payton v. Abbott Labs*, 386 Mass. 540, 544 (1982).

**39.    Compensatory Damages**

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

**1.**    In calculating damages, you should consider the issue of lost wages and benefits. This includes back pay since the time of the alleged incident, as well as future lost earnings you believe the plaintiff will suffer as a result of the defendants' actions.

   If you find that Plaintiff has proven any of his claims by a preponderance of the evidence, you may award him as damages any lost wages and benefits he would have received  minus the earnings and benefits that plaintiff received from other employment during that time that he would not otherwise have received. [It is Plaintiff's burden to prove that he lost wages and benefits and their amount. If he fails to do so for any periods of time for which he seeks damages, then you may not award damages for that time period.]

   Lost future earnings award compensates the plaintiff for the diminution in expected earnings in all of her future jobs for as long as the reputational or other injury may be expected to affect her prospects. This further includes the loss of expected retirement benefits**.**

**2.**    The mental/emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental/emotional pain and suffering loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

   See Boothby v. Texon, 414 Mass. 468, 608 N.E.2d 1028, 1039 (1993) (approving front pay instruction in wrongful discharge case that jury could use its "common sense" in formulating a front pay award); Griffin v. General Motors Corp., 380 Mass. 362, 403 N.E.2d 402, 405 (1980)(approving instruction that the "plaintiff was 'entitled to her past and future impaired earning capacity' "

40.    **Punitive Damages**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.  Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that their conduct was in reckless disregard of Plaintiff's rights or they acted maliciously or wantonly in violating the plaintiff's rights.  An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful.

A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct;
- the impact of Defendants' conduct on Plaintiff;
- the relationship between Plaintiff and Defendants;
- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action.  For example, you are entitled to consider whether a defendant's act was violent or non-violent; whether the defendant's act posed a risk to health or safety; whether the defendant acted in a deliberately deceptive manner; and whether the defendant engaged in repeated misconduct, or a single act.  You should also consider the amount of harm actually caused by the defendant's act, and the harm that could result if such acts are not deterred in the future.

In some cases, evidence that a defendant's conduct harmed other people in addition to the plaintiff can help to show that the defendant's conduct posed a substantial risk of

harm to the general public, and so was particularly blameworthy.  But if you consider evidence of harm defendant caused to people other than plaintiff, you must make sure to use that evidence only to help you decide how blameworthy the defendant's conduct toward plaintiff was.  Do not punish defendant for harming people other than plaintiff.

*Smith v. Wade*, 461 U.S. 30, 56 (1983), *Davet v. Maccarone*, 973 F.2d 22, 27 (1st Cir. 1992), *Guiererez-Rodriguez v. Cartegena*, 882 F.2d 533, 569 (1st Cir. 1989),

**41.    Consideration of Evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.