UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11579EFH

| | |
|---|---|
| _____ )<br>MAURICE LARIVIERE, )<br>            Plaintiff, )<br> )<br>v. )<br> )<br>JOSEPH SOLOMON, Individually, and as Chief )<br>of Police of the city of Methuen, JOSEPH )<br>ALAIMO, Individually and as Deputy Chief of )<br>Police of the City of Methuen, and THE CITY OF )<br>METHUEN, )<br>_____Defendants_____ ) | |

## PROPOSED JURY INSTRUCTIONS OF DEFENDANTS, JOSEPH SOLOMON AND JOSEPH ALAIMO

The defendants, Joseph Solomon and Joseph Alaimo, hereby submit the following proposed Jury Instructions:

PARTIES

**Request No. 1:**      This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.[1]

_____

[1] Federal Jury Instructions, Civil 71.03

**Request No. 2:**      Although there are two (2) defendants in this action, it does not follow from that fact alone that if one is liable, both are liable.  Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant.  Unless otherwise stated, all instructions given to you govern the case as to each defendant.[2]

---

[2] Federal Jury Instructions, Civil 71.06

1102250v1

## EVIDENCE

**Request No. 3:**        The evidence in the case consisted of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which you have been judicially noticed, and which I instruct you to take as true for the purposes of this case.  Portions of depositions also were referenced during the trial.  Depositions contain sworn testimony, with counsel for each party being entitled to ask questions.  Deposition testimony may be accepted by you according to the same instructions which apply to witnesses testifying in open court.  Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.  When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.  The court may take judicial notice of certain facts or events.  When the court declares that it will take judicial notice of some fact or event, you must accept that fact as true.  Any evidence as to which an objection is sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.  Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.  Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Request No. 4:**      You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witness testified.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experiences and your common sense.  As you deliberate, you will not have a written transcript of the testimony to consult, and it is difficult for the court reporter consistently to read back to you lengthy testimony.  Accordingly, in large measure, your collective memory of the evidence presented will guide your deliberations..[3]

---

[3] Federal Jury Instructions, Civil 70.03

1102250v1

**Request No. 5:**    The attorneys in this case have at times objected to evidence that the attorneys believe to be improper or inadmissible, or have requested conferences with me to discuss such matters.  You are not to show any prejudice against an attorney, or his client, for making such objections or requests.  In addition, it has come to my attention that, at times, matters that have been discussed at sidebars, the conferences conducted amongst the attorneys and myself, may have been audible to others in the courtroom.  If you heard anything during such conferences, you are not to consider it, in any form or fashion, during your deliberations. The evidence which you are to consider is limited to the testimony of the witnesses and the material admitted into evidence, as I have instructed previously.

**Request No. 6:**    As you have noticed, from time to time I have made statements to you, the jury, as well as to the attorneys or the various witnesses.  Similar to the statements of the attorneys, my statements are not evidence, and should not be considered as such..[4]  There also have been occasions on which I have asked questions of the various witnesses who have presented testimony.  Again, similar to the situation involving the attorneys, my questions are not evidence and should not be considered as such.  Furthermore, you are not to weigh the witnesses' responses to my questions more heavily just because the questions were posed by me; instead, you are to treat their responses to my questions just as you would any other piece of evidence, which you are to evaluate and weigh as you deem appropriate.

You also are not to read into these instructions, or anything else that I have said or done, in such a manner so as to infer a suggestion from me as to what verdict you should return.  It is your duty to weigh all of the evidence in this case and to base your verdict on that evidence.  If you believe that I have an opinion as to this case, you must disregard that belief in conducting your deliberations and in delivering your verdict.

---

[4] Federal Jury Instructions, 71.11

**Request No. 7:**     In a civil action, such as this one, the burden is on the plaintiff to prove every essential element of his claims by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's various claims by a preponderance of the evidence in the case, you should find for the defendants as to each such claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[5]

As an instructional tool, imagine in your mind a scale that measures the likelihood or probability that something occurred. Put all of the evidence that you have found to be credible on that scale, separating the evidence favoring the plaintiff from that favoring the defendants and also giving each piece of evidence that weight that you deem to be appropriate. If the scale remains even, or if the scale tips against the plaintiff, you have determined that the plaintiff has failed to meet his burden of proof. Only if the scale tips in favor of the plaintiff have you found that the plaintiff has satisfied his burden of proof.

---

[5] Federal Jury Instructions, Civil 72.01

**Request No. 8:**    There are, generally speaking, two types of evidence from which you properly may make your findings of fact. One type of evidence is direct evidence – such as the testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. For example, if you are on the second floor of a building and, in looking outside the window, you see smoke rising, that is direct evidence that there is smoke outside the second floor window. It is also circumstantial evidence that there is a fire of some sort below the second floor window.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[6]

I caution you, however, that although you may rely on circumstantial evidence and draw inferences from such evidence, the inferences must follow, in your mind, rationally and logically from the facts that you find to have been proven. You must be careful to avoid resorting to guesswork or speculation in your deliberations.

---

[6] Federal Jury Instructions, Civil 72.03

**Request No. 9:**       The plaintiff has failed to sustain his burden of proof <u>if</u>, on all the credible

evidence, the question of the defendant's liability is left to conjecture, surmise or speculation.

<u>Bigwood</u> v. <u>Boston & Northern Street Railway</u>, 209 Mass. 345, 348 (1911).

<u>Spano</u> v. <u>Wilson Tisdale Co.</u>, 361 Mass. 209 (1972).

9

## WITNESSES

**Request No. 10:**     You, as jurors, are the sole judges of the credibility of the witnesses and the sole arbiter of the weight that their testimony deserves.  You may employ the tools that you use in everyday determinations of veracity and credibility, and you may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.  You may, in short, accept or reject the testimony of any witness in whole or in part.

1102250v1

**Request No. 11:**     Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[7]

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

---

[7] Federal Jury Instructions, Civil 73.01

1102250v1

**<u>Request No. 12:</u>**    An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[8]

---

[8] Federal Jury Instructions, Civil 73.04

## ROLE OF THE JURY AND BACKGROUND MATTERS

**Request No. 13:**      It is your duty to find facts from all of the evidence presented to you.  To those facts, you are to apply the law as I now will provide it to you.  You must follow the law as I provide it, even if you disagree with the law.  Put differently, you as the jury and I as the judge have two separate functions in this case.  Your task is to find the set of facts that you believe, more likely than not, to be true.  This determination is to be based upon the evidence that has been presented to you, the reasonable inferences that you believe logically follow from that evidence, and what you believe to be true based upon your common sense and experiences.

My job is to instruct you on the law.  In this regard, it does not matter if you disagree with the law, if you think it ought to be changed or if the attorneys in this matter have indicated that the law is anything other than what I say it is.  You are to listen carefully to the law as I give it to you and apply that law to the facts that you have found.

**<u>Request No. 14:</u>**    I begin by explaining briefly the positions of the parties.  Cast generally, the plaintiff here claims that, during the course of an interview prompted by the complaint of the plaintiff's secretary to the Methuen Police Department, the defendants improperly coerced him into resigning his position as City Solicitor for the City of Methuen.  He claims that this conduct was the product of a conspiracy entered into by the defendants in order to effect that resignation.

The defendants have denied those allegations, claiming to the contrary that the questioning of the plaintiff was proper and in conformity with proper police protocol given the allegations that had been made by the plaintiff's secretary.  Further, the defendants have indicated that they did not coerce the plaintiff into resigning his position, stating rather that the plaintiff himself decided to tender his resignation for various reasons.

14

**Request No. 15:**    You have received much evidence regarding what the defendants and other police personnel knew, or did not know, leading up to the interview of the plaintiff on February 16, 2005. You should be aware that, in order to detain the plaintiff and to conduct an interview such as the one at play in this case, the police required probable cause to believe that a crime had taken place and that the plaintiff was involved.[9]

Here, the plaintiff has not challenged that, based upon the facts known to the defendants at the time,[10] probable cause existed to detain and to question him.

As they bear upon the issues to be presented for your resolution, I will briefly set forth the various criminal allegations for which probable cause existed given the complaint of the plaintiff's secretary and the videotape.

---

[9] *Davis v. Mississippi*, 394 U.S. 721 (1969).
[10] *Maryland v. Pringle*, 540 U.S. 366, 371 (2003).

15

1102250v1

**<u>Request No. 16:</u>**     First, there was the crime of assault and battery.  An assault and battery involves the intentional and unjustified use of force (that is, a touching) upon the person of another.[11]

---

[11] *<u>Commonwealth v. McCan</u>*, 277 Mass. 199 (1931).

**Request No. 17:**      Second, there was the crime of indecent assault and battery.  An indecent assault and battery has occurred if the following four elements have been met:

> (1)  The victim was at least fourteen (14) years of age at the time of the offense;
>
> (2)  The suspect committed an assault and battery;
>
> (3)  Which was "indecent"; and
>
> (4)  Which the victim did not consent to.[12]

It is a felony to commit an indecent assault and battery.[13]

Comparing these first two crimes, the indecent nature of the assault and battery is seen as an aggravating factor to an assault and battery.  An indecent act is fundamentally an offense to contemporary standards of decency.  It is behavior which society regards as immodest and improper.[14]

An assault and battery becomes "indecent" if it involves touching of portions of the anatomy commonly thought private, such as a person's genitals, buttocks or the female breasts.[15]

---

[12] G.L. c. 265, § 13H
[13] G.L. c. 265, § 13H
[14] *Commonwealth v. McCan*, 277 Mass. 199 (1931).
[15] *Commonwealth v. Bishop*, 296 Mass. 459 (1937);  *Commonwealth v. Mosby*, 20 Mass.-App.-Ct. 181 (1991); *Commonwealth v. Thayer*, 20 Mass.-App.-Ct. 234 (1985);  *Commonwealth v. De La Cruz*, 15 Mass.-App.-Ct. 52 (1982) (fondling of breasts and touching of buttocks and pubic area).

**Request No. 18:**    Third, there is a state statute that renders it a criminal act to violate, through force or the threat of force, any civil right of another person as guaranteed by the state or federal constitutions, or state or federal law.  This crime is accomplished when a person willfully injures, intimidates or interferes with any other person's civil rights, or attempts to do so.[16]  A civil right promised by another state statute is the right to remain free from sexual harassment, which means sexual advances, requests for sexual favors, or any other verbal or physical conduct of a sexual nature when:  (a) such conduct is made, explicitly or implicitly, a term or condition of employment or as a basis for employment decisions; or, (b) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment.[17]  G.L. c. 151B, § 1.

Fourth, the act of criminal harassment occurs when an individual, willfully and maliciously, engages in a knowing pattern of conduct or in a series of acts over a period of time directed at a specific person, the performance of which seriously alarms that person and which would cause a reasonable person to suffer substantial emotional distress.  This conduct includes actions performed in person, as well as acts conducted via the telephone or by electronic mail.[18]

---

[16] G.L. c. 265, § 37.

[17] G.L. c. 151B, § 1.

[18] G.L. c. 265, § 43A (a).

## THE PLAINTIFF'S CLAIMS AND ANALYTICALLY RELATED MATTERS

## FALSE IMPRISONMENT

**Request No. 19:**    False imprisonment is the unlawful detention of one person by another. "Detention" means the restraint of someone's personal liberty or freedom of movement, and a detention is "unlawful" if it is done without legal authority or justification.

An unlawful detention may result from the use of actual force, from threats, or other conduct that a reasonable person would consider as indicating that the use of force or coercion is at hand. Put another way, any demonstration of physical power that causes a person to believe that the use of force or coercion can be avoided only by submission is sufficient to establish false imprisonment. The unlawful detention does not have to last for any specific length of time. Even a brief restraint is sufficient to constitute false imprisonment. The restraint, however, must be against the plaintiff's will. If the plaintiff agreed voluntarily to surrender his freedom of movement or personal liberty, no false imprisonment has occurred.

1102250v1

**<u>Request No. 20:</u>**     To establish false imprisonment, it must also be shown that the defendants must have intended to confine the plaintiff. A confinement that is accidental or even negligent does not constitute false imprisonment.  It is not necessary, however, to find that the defendants were motivated by malice or ill-will.[19]

---

[19] Massachusetts Jury Instructions, Civil 10.1

**Request No. 21:**     If the confinement or restraint is wrongful it amounts to a false imprisonment unless the defendant shows a justification for the confinement.[20]

---

[20] _Wax v. McGrath_, 255 Mass. 340 (1926).

**Request No. 22:**    It is a defense to a claim of false imprisonment that the defendants arrested or restrained the plaintiff with legal authority or justification.  If the defendants were acting according to law, then the plaintiff's detention was justifiable.  The burden of proving that the detention was legally authorized or justifiable is on the defendants.[21]

---

[21] Massachusetts Jury Instructions, Civil 10.2

1102250v1

**Request No. 23:**    The defendants are justified if the confinement was done "in a reasonable manner and for a reasonable time for investigative purposes."[22]

"If the circumstances are such that an investigation is warranted, a person may be detained for a reasonable length of time and in a reasonable way."

"If investigation is warranted by the circumstances a person or persons may be detained for reasonable time and in reasonable way."[23]

---

[22] *Foley v. Polaroid Corp.*, 400 Mass. 82, 89 (1987), citing *Proulx v. Pinkerton's Nat'l Detective Agency, Inc.*, 343 Mass. 390, 392-93 (1961) ("if the circumstances are such that an investigation is warranted, a person may be detained for a reasonable length of time and in a reasonable way").

[23] *Proulx v. Pinkerton's Nat. Detective Agency, Inc.*, 343 Mass. 390, 392 (1961)

**Request No. 24:**    An arrest or detention based upon probable cause (reasonable grounds) provides justification for confinement.  "Probable cause is a reasonable ground of suspicion of guilt, . . . by circumstances sufficiently strong in themselves to warrant a cautious and prudent man in entertaining an honest belief that a party is guilty."[24]  Stated differently, to establish that the confinement was justified, the defendant must prove by a preponderance of the evidence that, under all of the circumstances, it acted as a reasonably cautious and prudent person and was justified in entertaining suspicions that the plaintiff had committed a crime.   Id. at 344.  Therefore, the defendants have established that the confinement of he plaintiff was  justified, if under all of the circumstances the defendants acted as a reasonably cautious and prudent people and were reasonably justified in entertaining suspicions that the plaintiffs may have committed a crime or that investigation was warranted.[25]

---

[24] _Wax v. McGrath_, 255 Mass. at 342.
[25] Id. _See also Proulx v. Pinkerton's National Detective Agency, Inc._, 343 Mass. 390, 392 (1961) citing _Standish v. Narragansett S.S. Co._, 111 Mass. 512, 517-518 (1873) and _Jacques v. Childs Dining Hall Co._, 244 Mass. 438, 439 (1923).

1102250v1

**Request No. 25:**    One explanation for the defendants confining the plaintiff was because they believed they had "probable cause" to do so.  Probable cause is a reasonable ground for belief of guilt and this means less than evidence which would justify conviction but more than bare suspicion.[26]  However, probable cause does not require the same type of specific evidence of each element of the offense as would support a conviction.[27]  And, probable cause once formed, will continue to exist for the indefinite future, at least if no existing exculpatory facts come to light.[28]

---

[26] Draper v. United States, 358 U S 307 (1959); Commonwealth v. Ortiz, 376 Mass. 349 (1978).

[27] Commonwealth v. Shaw, 363 Mass 778 (1973).

[28] United States v. Watson, 423 U S 411 (1975).

1102250v1

## DECEIT

**Request No. 26:**      In this case, the plaintiff charges the defendants with having defrauded the plaintiff and seeks to recover damages for the loss the plaintiff claims was sustained as a result of that alleged fraud.

In order to maintain this action, the plaintiff has the burden of proving the following facts by a fair preponderance of the evidence:

(1) That the defendant or defendants made a false statement;

(2) That the statement was of a material fact;

(3) That the defendant or defendants knew that the statement was false or made it with reckless disregard as to its truth or falsity;

(4) That the defendant or defendants made the statement for the purpose of inducing the plaintiff to act on it;

(5) That the plaintiff relied on the statement as true and acted on it; and

(6) As a result of so acting, the plaintiff sustained damage.

1102250v1

**Request No. 27:**        The second requirement is that the statement be of a material fact. A fact is something that is susceptible of actual knowledge--something which exists or which has existed in the past--as distinguished from an opinion or a promise of something to exist in the future.

Of course, a person's state of mind at a particular time is also a fact. A person's opinion on a particular matter is a state of mind, and so too is a person's intention to do something in the future. If, therefore, a person states that he or some other person holds a certain opinion, or states that he intends to take certain action in the future, that is a statement of fact. If he or the other person of whom he speaks does not hold that opinion, or if he does not actually have that intention, it is a false statement of fact, which may support an action for fraud or deceit if all of the other elements are also satisfied.

A fact is material if a reasonable person would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question. It may also be material if the person making the statement knows or has reason to know that the person to whom he is making it regards or is likely to regard the matter as important in determining his choice of action, even though a reasonable person would not so regard it.

1102250v1

**Request No. 28:**     The law recognizes that whether a particular statement is a statement of fact or a statement of opinion may depend on the context in which the statement is made and the manner in which it is expressed. It has long been the law of Massachusetts that if a statement is of such a nature that it may be taken as a statement of opinion but may also be understood as a statement of fact to be relied on as such, it is for the jury to determine whether it was intended as a statement of opinion or of fact. Therefore, if you find that the statement of which the plaintiff complains was intended as a statement of fact to be relied on as such, it is a sufficient statement on which to predicate liability.

**Request No. 29:**     The third requirement is that the defendant knew that the statement was false at the time when he made it, or that he made it with reckless disregard as to whether it was true or false. To express it another way, it must be shown that the statement was fraudulent.

A statement is fraudulently made if the person making it knows it to be false at the time when he makes it. A statement is also fraudulent, even if the person making it does not actually know it to be false, if he makes it as of his own knowledge in relation to a subject matter that is susceptible of knowledge, and if it is in fact false. If the subject is one of fact in respect to which a person can have precise and accurate knowledge, and if he speaks as of his own knowledge and has no such knowledge, then his affirmation is essentially false, and if he makes such a statement with the intent that another person rely on it, it is fraudulent.

A statement that the maker negligently believes to be true but which is actually false is not fraudulent. There must be a higher degree of fault than mere negligence to render such a statement fraudulent.

1102250v1

**Request No. 30:**     The next two requirements are that the defendant intended that the plaintiff rely on the statement at the time when he made it and that the plaintiff did in fact rely on it. It is not necessary that the statement be the only fact on which the plaintiff relied in making his decision. If it was only one of several factors which induced him to act or to refrain from acting, that is enough.

The plaintiff's reliance on the statement must have been reasonable. A recipient of a fraudulent misrepresentation is not justified in relying on its truth if he knows that it is false or if its falsity is or should be obvious to him.  On the other hand, a plaintiff who has relied on a false representation of the defendant to his detriment will not be denied relief because he failed to use due care and diligence in investigating the truth of the representation. It has been written: "No rogue should enjoy his ill-gotten plunder for the simple reason that his victim is by chance a fool."

If you are satisfied that the defendant did make a fraudulent statement of fact and that the plaintiff did reasonably rely on it, you may infer that the defendant intended that he rely on it without any other independent evidence of the defendant's intent.

**Request No. 31:**    The final element that the plaintiff must prove is that he has been damaged and the amount of that damage. Damage is an essential element of the tort of fraud or deceit, so actual damage must be proved. There can be no award of merely nominal damages. So, if no damage is proved, the verdict must be for the defendant.

The measure of damage is the difference between the monetary position that the defendant would have been in if the false statement on which he relied had been true, and the monetary position he is actually in as a result of the defendant's fraud. That should include the difference in value between what he would have received but for the fraud and the value of what he in fact did receive. It should also include any out-of-pocket expenses or costs that were reasonably incurred by the plaintiff as a result of the fraud.[29]

At a minimum, a plaintiff alleging fraud must particularize the identity of the person(s) making the representation, the contents of the misrepresentation, and where and when it took place.[30]

In addition, the plaintiff should specify the materiality of the misrepresentation, its reliance thereon, and resulting harm.[31]

---

[29] Massachusetts Jury Instructions, Civil 6.1
[30] *See Friedman v. Jablonski*, 371 Mass. 482, 488-489 (1976); Smith and Zobel, Rules Practice § 9.3 (1974).
[31] *See Friedman v. Jablonski*, 371 Mass. 482, 488-489 (1976); Smith and Zobel, Rules Practice § 9.3 (1974).

1102250v1

## CIVIL CONSPIRACY

**Request No. 32:**        Plaintiff brings a claim for conspiracy to interfere with civil rights.  The statute under which plaintiff brings this claim provides that if two or more persons conspire for the purpose of depriving any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and if one or more of those persons commits an overt act in furtherance of the conspiracy, a person injured by the conspiracy may have a claim for money damages.

The plaintiff's claim under the conspiracy statute has four essential elements which are as follows:

> (1)  Two or more persons must conspire;
>
> (2)  The purpose of the conspiracy must be to deprive, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws;
>
> (3)  That one or more of the conspirators did or caused to be done an act in furtherance of the object of the conspiracy; and
>
> (4)  The plaintiff must show that he suffered some injury as a result of the conspiracy.[32]

---

[32] Federal Jury Instructions, Civil 103.22

**Request No. 33:**    A conspiracy is a combination of two or more persons, by concerted action to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means.  So, a conspiracy is a kind of partnership, in which each member becomes the agent of every other member.  The essence of a conspiracy is a combination or agreement to violate or to disregard the law.

Mere similarity of conduct among various persons and the fact that they may have associated with each other and may have assembled together and may have discussed some common aims and interests, is not necessarily proof of the existence of a conspiracy.

In order to establish that a conspiracy existed, the plaintiff must show that members of the conspiracy in some way or manner, or through some contrivance, positively or tacitly came to a mutual understanding to try to accomplish a common or unlawful plan.

**Request No. 34:**          In this suit, the plaintiff alleges that the defendants, Joseph Solomon and

Joseph Alaimo, are coconspirators.  There can be no conspiracy unless more than one person is

involved.  But it may be that not all the persons charged with being conspirators are in fact

conspirators.  In order to succeed, the plaintiff does not have to show you that every one of the

named defendants joined in the conspiracy, but the plaintiff does have to show that at least one of

these named defendants conspired with at least one other named defendant.

One may become a member of a conspiracy without full knowledge of all the details of

the conspiracy.  On the other hand, a person who has no knowledge of a conspiracy but happens

to act in a way which furthers some object or purpose of the conspiracy does not thereby become

a conspirator.

1102250v1

**Request No. 35:**     Before the jury may find that a defendant has become a member of a conspiracy, it must be shown by a preponderance of the evidence that the conspiracy was knowingly formed, and that the defendant who is claimed to have been a member knowingly participated in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy.   To act or participate knowingly means to act or participate voluntarily and intentionally and not because of mistake, accident or other innocent reason.[33]

---

[33] Federal Jury Instructions, Civil 103.23

**Request No. 36:**    To establish a civil conspiracy, the plaintiff must demonstrate that "a combination of persons [acted] pursuant to an agreement to injure the plaintiff."[34]    "It is not sufficient to prove joint tortious acts of two or more persons . . . ."[35]

---

[34] J.R. Nolan & L.J. Sartorio, Tort Law § 99, at 136 (2d ed. 1989); *see also Gutierrez v. Massachusetts: Bay Transp. Auth.*, 437 Mass. 396 (2002).

[35] Nolan & Sartorio, § 99 at 134.

1102250v1

## **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

**Request No. 37:**     In an action for intentional interference with contractual relations, the plaintiff must prove by a fair preponderance of the evidence that: (1) [he] [she] had a contract with a third party; (2) the defendant knowingly induced the third party to break that contract; (3) the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions.

37

**Request No. 38:**     The first element that the plaintiff must prove is that [he] [she] had a contract with the third party. A contract is an agreement between two or more persons that the law will enforce. A contract may be written, it may be oral, and it may be partly written and partly oral. It may be express, and in some instances it may be implied. It may consist of a promise or set of promises by one party to the other by which the promisor is bound, or it may consist of an exchange of promises among the parties by which each is bound. It may be for a term of days or months or years, or it may be terminable at the will of either of the parties. It constitutes a firm commitment among the parties to it. If you are not satisfied by a fair preponderance of the evidence that there was a contract in existence between the plaintiff and the third party, you need go no further and should return a verdict for the defendant.

The second element that the plaintiff must prove is that the defendant knew of the existence of the contract between the plaintiff and the third party and that the defendant intentionally induced the third party to break it. Knowledge and intent are states of mind. Seldom can they be proved by direct evidence. They can, however, be inferred from all the facts and circumstances existing in a particular situation. If you are satisfied that a contract between the plaintiff and the third party did exist, but are not satisfied by a fair preponderance of evidence that the defendant knew of its existence, or are not satisfied that the defendant intentionally induced the third party to break it, then you need go no further and should return a verdict for the defendant.

**Request No. 39:**        If you are satisfied by a fair preponderance of the evidence that a contract between the plaintiff and the third party did exist, and are further satisfied by a fair preponderance of evidence that the defendant knew of the existence of that contract and that [he] [she] intentionally or deliberately induced the third person to break or breach it, you must then go on to determine whether such interference by the defendant with the plaintiff's contract was proper or improper.

**Request No. 40:**    To determine whether a particular act that interferes with contractual relations of a plaintiff and a third party is improper, it is necessary to consider whether the act was inspired by an improper motive or constituted an improper means. In making that determination there are seven factors to be considered. Those factors are: (A) the nature of the defendant's conduct; (B) the defendant's motive; (C) the interests of the plaintiff with which the defendant interfered; (D) the interests sought to be advanced by the defendant; (E) the social interests in protecting the freedom of action of the defendant and the contractual interests of the other; (F) the proximity or remoteness of the defendant's conduct to the interference; and (G) the relations between the parties.

40

**Request No. 41:**     You the jury, as the conscience of the community, should weigh those seven factors as you find them to be in this particular case and then determine on the basis of current mores, business ethics, and recognized community customs whether the conduct of the defendant was acceptable. If you find [his] [her] conduct to have been acceptable by those standards, then the defendant's interference with the plaintiff's contract, though intentional, was not improper, and you should return a verdict for the defendant. If, on the other hand, you are satisfied that the defendant's conduct was not acceptable by those standards, then [his] [her] interference with the plaintiff's contract was improper, and you should go on to determine whether and to what extent the plaintiff was damaged by that interference.

**Request No. 42:**    The fourth and final element that the plaintiff must prove is the fact and extent of damages. In a case of this type, under Massachusetts law, the purpose of damages is to compensate the plaintiff for the loss [he] [she] has sustained as a result of the wrong of the defendant. It is not intended to punish the defendant.

**Request No. 43:**     A person who has suffered the loss of the benefits of a contract with a third person, by reason of the improper and intentional interference of another with that contract, is entitled to compensation for that loss. [He] [she] is entitled to recover the fair value of the benefits [he] [she] would have received under the contract if it had been performed in accordance with its terms, less the amount of any costs [he] [she] would have incurred in performing [his] [her] part of the contract if it had not been breached.

## **CONSTRUCTIVE DISCHARGE/UNLAWFUL TERMINATION**

**Request No. 44:**    The plaintiff does not contend that he was terminated. He claims that his employer made his working conditions so intolerable that he was forced to quit, or, in other words, constructively discharged. In order for you to find that the plaintiff was constructively discharged, you must be satisfied that the conditions in which the plaintiff would have been forced to work had he remained would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. First, you must consider whether the working conditions were, in fact, as the plaintiff has described them. If you find, by a preponderance of the evidence, that the conditions were as the plaintiff has described them, you must consider whether, based on an objective, or reasonable, assessment of those conditions, it could be found that they were so difficult as to be intolerable. A single, isolated act of an employer (or an agent of the employer) usually will not be enough to support a claim of constructive discharge. Generally, there must be a continuous pattern of adverse working conditions before it can be found that conditions were sufficiently intolerable to amount to a constructive discharge. If you find that the plaintiff voluntarily resigned, and that his working conditions did not compel his resignation, then you must find that the plaintiff has not proved this element of his case.[36]

---

[36] Massachusetts Jury Instructions, Civil 11.1(b)

**Request No. 45:**     For constructive discharge, a plaintiff must show: 1) that an employer deliberately acted to create an intolerable work environment; and 2) the actions were intended to force the employee to quit.[37]

In order for a constructive discharge to be found, you must be satisfied that the working conditions would have been so difficult or unpleasant that a reasonable person standing in the plaintiff's shoes would have felt compelled to resign.  The test is met if, based on an objective assessment of the conditions under which the plaintiff has asserted he was expected to work, it could be found they were do difficult as to be intolerable.[38]

---

[37] *Sims v. City of New London*, 738 F. Supp. 638, 647 (D.Conn. 1990).
[38] *GTE Products Corp. v. Stewart*, 421 Mass. 22, 34-35 (1995).

1102250v1

**Request No. 46:**        A single, isolated act of an employer (or an agent of the employer) is not enough to support a constructive discharge claim.[39]

In order to amount to a constructive discharge, adverse working conditions must be unusually aggravated or amount to a continuous pattern before the situation will be deemed intolerable.[40]

Public employees cannot be held liable for a constructive discharge claim "if the employee was acting within the scope of the employment and the employee was under the direction and control of the public employer."[41]

---

[39] *GTE Products Corp. v. Stewart*, 421 Mass. 22, 34 (1995).
[40] *GTE Products Corp. v. Stewart*, 421 Mass. 22, 34-35 (1995).
[41] *Canney v. City of Chelsea*, 925 F.Supp. 58, 69 (D.Mass. 1996); *see also Fantini v. Salem State College*, 2007 WL 922883, 6 (D.Mass. 2007); *Stevens v. City of Brockton*, 676 F. Supp. 26 (D. Mass. 1987) (dismissing wrongful termination claim against police chief).

## **RESIGNATION**

**Request No. 47:**        "Absent a showing of fraud, coercion, or duress, any public employee may terminate his or her employment by tendering a resignation."[42]

"A complete resignation, as was the instant one, after acceptance, operates to sever the officer from the office."[43]

---

[42] *Jones v. Wayland*, 374 Mass. 249, 259 (1978) citing *Cambell v. Boston*, 337 Mass. 676 (1958).
[43] *Warner v. Selectman of Amherst*, 326 Mass. 435, 439 (1950).

## PENSION

**Request No. 48:**     In no event shall any member after final conviction of a criminal offense involving violation of the laws applicable to his office or position, be entitled to receive a retirement allowance under the provisions of section one to twenty-eight, inclusive nor shall any beneficiary be entitled to receive any benefits under such provisions on account of such member. [44]

A public employee or the public employee's beneficiary is not entitled to receive a pension after conviction of a criminal offense involving violation of the laws applicable to his office or position [45]

---

[44] G.L. c. 32, § 15(4) (2007).
[45]

**Request No. 49:**     A public employee is precluded from receiving payment retirement benefits if discharged or convicted of misconduct. [46]

---

[46] *Massachusetts Bay Transp. Authority v. Massachusetts Bay Transp. Authority Retirement Bd.*, 397 Mass. 734 (1986).

1102250v1

## DURESS

**Request No. 50:**     Duress constitutes "a wrongful or unlawful act or threat . . . which deprives the victim of his unfettered will," resulting in the threatened party being "compelled to make a disproportionate exchange of values."[47]  Not only must there be a wrongful or improper act or threat, but the act or threat must overcome the party's desire and undermine the agreement.[48]   Moreover, absent compelling circumstances, the availability of a reasonable alternative, such as a legal or administrative remedy, will defeat a claim of duress.[49]   In order to prove duress, the plaintiff must show "that conduct by the other party caused him to enter into the contract 'under the influence of such fear as precludes him from exercising free will and judgment.'"[50]   However, the Court also has noted that it "is immaterial what threats are made if the plaintiff does not actually succumb to them but continues to act according to his [or her] own will and best judgment. Duress is entirely a question of fact. . . . It appears that the test is whether the 'wrongful influence . . . impels [one] to enter into an agreement . . . which he [or she] would not have entered into or consented to in the exercise of . . . free will and deliberate, independent judgment.'"[51]

---

[47] *International Underwater Contractors, Inc. v. New England Tel. & Tel. Co.*, 8 Mass.-App.-Ct. 340, 342 (1979), quoting from 13 Williston, Contracts § 1617, at 704 (3d ed. 1970).
[48] *See Fleming v. Dane*, 298 Mass. 216, 218 (1937).
[49] Restatement (Second) of Contracts § 175 comment b (1979); *see also Willett v. Herrick*, 258 Mass. 585, 603, cert. denied, 275 U.S. 545 (1927); *International Underwater Contractors, Inc. v. New England Tel. & Tel. Co.*, 8 Mass. App.-Ct. at 346.
[50] *Coveney v. President & Trustees of the College of the Holy Cross*, 388 Mass. 16, 22 (1983), quoting *Avallone v. Elizabeth Arden Sales Corp.*, 344 Mass. 556, 561 (1962); *see also* :--*Cappy's, Inc. v. Dorgan*, 313 Mass. 170, 174 (1943).
[51] *Freeman v. Teeling*, 290 Mass. 93, 96-97 (1935).

## MASSACHUSETTS CIVIL RIGHTS ACT

**Request No. 51:**    The plaintiff does not allege that his rights against search and seizure secured by the Constitution or laws of the United States or by the Constitution or laws of the Commonwealth were violated.  When assessing this claim and the 1983 claim, you need not be concerned with assessing whether the plaintiff was seized or searched properly or improperly.

**<u>Request No. 52:</u>**    The plaintiff alleges that the defendants violated his rights under General Laws c. 12, § 11H-I, the Massachusetts Civil Rights Act. That Act prevents any person from interfering by threats, intimidation, or coercion or from attempting to interfere by threats, intimidation, or coercion with the exercise or enjoyment by any other person or persons of rights secured by the Constitution or laws of the United States or by the Constitution or laws of the Commonwealth.

**Request No. 53:**        This state civil rights act is a parallel to a federal statute, 42 U.S.C. § 1983, that I will instruct you on shortly.  The major distinguishing feature between the two is that, under the state civil rights act, the plaintiff must show a deprivation of his rights by means of threats, intimidation or coercion, while § 1983 does not have such a requirement.  As a result, even if you find there to be a violation of § 1983, such a finding does not result necessarily in a similar result under the state civil rights act, because there is an additional requirement that must be proven for that claim.[52]

---

[52] *Curran v. City of Boston*, 777 F.Supp. 116 (D.Mass. 1991).

**Request No. 54:**    To establish his claim under § 11l, the plaintiff must establish, by a preponderance of the evidence, the following three elements:

> (1)    the plaintiff must establish that a right secured by the Constitutions or laws of either the United States or of the Commonwealth is at stake;

> (2)    the plaintiff must prove that the right or rights at stake have been interfered with or attempted to be interfered with by the defendant; and

> (3)    the plaintiff must prove that the interference or attempted interference was by threats, intimidation or coercion.[53]

---

[53] *Meaney v. Dever*, 170 F.Supp.ed 46 (D.Mass. 2001); *Columbus v. Biggio*, 76 F.Supp.2d 43 (D.Mass. 1999).

**Request No. 55:**     I will now discuss these elements in greater detail.

The laws of the Commonwealth require:

That for the plaintiff to have a constitutionally-protected interest in continued employment, he must have a "property" right in it.  "To have a property interest in a benefit, a person . . . must . . . have a legitimate claim of entitlement to it."  "Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ."

If you are satisfied, based on the evidence that you have heard, that the plaintiff has proved, by a preponderance of the evidence, that the defendants deprived the plaintiff of his right to continued employment, you would be warranted in finding that a right of the plaintiff, secured to him by the laws of the Commonwealth, had been interfered with by the defendants, and you would be warranted in finding that the plaintiff has satisfied his burden of proof on the first two elements of the claim. If you find that the plaintiff's rights were not violated, you should find for the defendants on the plaintiff's claim.

**Request No. 56:**     The plaintiff also must prove that the defendants' interference with his rights was accomplished by means of threats, intimidation, or coercion.  I will define those terms for you as they are used in the Massachusetts Civil Rights Act.

A "threat" involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm.

"Intimidation" involves putting in fear for the purpose of compelling or deterring conduct.

"Coercion" is the application to another of either physical or moral force to constrain him to do something against his will.[54]

---

[54] *Meaney v. Dever*, 170 F.Supp.2d 46 (D.Mass. 2001).

**Request No. 57:**    Whether an action is to be considered a threat, or constitute intimidation or coercion, is to be measured by an objective standard and not the subjective viewpoint of either the plaintiff or the defendants.[55]

---

[55] *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, rev. denied 430 Mass. 1106 (1999).

**Request No. 58:**    Not every violation of law is a violation of the Massachusetts Civil Rights

Act. A direct violation of a person's rights, in other words, a violation of a right that does not

involve threats, intimidation or coercion, does not violate the Massachusetts Civil Rights Act.

**Request No. 59:**     If you find that the defendants attempted to interfere with the plaintiff's right to continued employment by means of threats, intimidation, or coercion, you would be warranted in returning a verdict for the plaintiff, and in awarding damages according to the instructions I will give to you. If you find that the defendants did not interfere with the plaintiff's right, or that the interference was not accomplished by means of threats, intimidation, or coercion as I have defined those terms, then you should return a verdict for the defendants.[56]

---

[56] Massachusetts Jury Instructions, Civil 14.1

1102250v1

**Request No. 60:**    To establish a claim under the Massachusetts Civil Rights Act, M.G.L. c.

12, § 11I, the plaintiff must prove that

> (1) [their] exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by 'threats, intimidation or coercion.'[57]

---

[57] *Bally v. Northeastern Univ.*, 403 Mass. 713 (1989, quoting G.L. c. 12, 11H.

**<u>Request No. 61:</u>**    The Massachusetts Supreme Judicial Court requires that the situation "involve an actual or potential physical confrontation accompanied by a threat of harm" for a defendant to be held liable.[58]

---

[58] *Layne v. Superintendent, Mass. Correctional Inst.*, 406 Mass. 156, (1989); *see also Wiletts v. Roman Catholic Archbishop*, 411 Mass. 202 (1991); *Longval v. Commissioner of Correction*, 404 Mass. 325 (1988).

## VIOLATION OF 42 U.S.C. § 1983

**Request No. 62:**    I turn then to the plaintiff's federal civil rights claim.  The plaintiff here has brought a claim alleging that the defendants' conduct wrongfully deprived him of a certain constitutional right.  Shortly, I will speak to you about the specific constitutional right at issue, but, right now, I would like to explain the means by which the plaintiff has made his claim of deprivation.

There is a federal statute, 42 U.S.C. § 1983, that, although itself creating no substantive rights, provides a civil remedy for an individual who has suffered a deprivation of constitutional rights as a result of actions taken by a government official.  Put another way, this federal statute allows an individual who has had his or her constitutional rights violated to bring a lawsuit and recover damages for that deprivation.[59]

---

[59] *Martinez v. California*, 444 U.S. 277, 283 (1980).

1102250v1

**<u>Request No. 63:</u>**    In this case, the plaintiff claims damages alleged to have been sustained by him as the result of a deprivation, under color of state law, of a right secured to the plaintiff by the Constitution of the United States and by a federal statute protecting the civil rights of all persons within the United States.

**Request No. 64:**    Now, in order to prevail on a claim pursuant to § 1983, the plaintiff has to prove three elements, all by a preponderance of the evidence, as I explained that standard to you earlier.

First, the plaintiff must prove that the defendants were acting under color of state law when they engaged in the conduct the plaintiff now challenges.  Here, there is no dispute as to this element because police officers derive their authority from state law, meaning that they act under color of state law when they act in their capacity as police officers.

Second, the plaintiff must prove that the defendants engaged in conduct that deprived the plaintiff of a particular constitutional right.  Later, I will explain the right at issue here.

Third, and finally, the plaintiff must prove that the challenged conduct was the proximate cause of the injury or loss claimed by the plaintiff.  I will explain the meaning of "proximate cause" shortly.

**Request No. 65:**     Specifically, the plaintiff alleges that while the defendants were acting under color of the authority of the Commonwealth of Massachusetts as members of the police department of the City of Methuen, the defendants subjected the plaintiff to deprivations of rights and privileges secured and protected by the Constitution and law of the United States, namely the Constitutional right not to be deprived of his liberty without due process of law.[60]

---

[60] Federal Jury Instructions, Civil 103.01

1102250v1

**Request No. 66:**     The federal civil rights act under which plaintiff brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

66

**Request No. 67:**     For the plaintiff to prevail, he must prove that he was deprived of a specific constitutional right by the defendants.[61]  It is not sufficient merely to prove that he was wrongfully injured by any actions or inactions of the defendant.[62]  The burden of proof is on the plaintiff for all of his claims.[63]

---

[61] Paul v. Davis, 424 U.S. 693, 700 (1976).

[62] Shillingsford v. Holmes, 634 F.2d 263, 264 (5th Cir. 1973).

[63] United States v. Agueci, 310 F.2d 817, 829 (2nd Cir. 1962), cert den 372 U.S. 959.

1102250v1

**Request No. 68:**     You are further instructed that the federal civil rights statute under which the plaintiff sues provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects him to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.[64]

---

[64] Federal Jury Instructions, Civil 103.02

68

**Request No. 69:**     Negligent conduct may not form the basis of a claim under 42 U.S.C.A. §
1983.[65]

---

[65] *Daniels v. Williams*, 474 U.S. 327 (1986).

**<u>Request No. 70:</u>**     Plaintiff claims that the defendants violated § 1983 of Title 42 of the United States Code.  That section entitles a person to recover damages against a defendant who, while appearing to act under the authority of law, deprived the plaintiff of rights guaranteed by the Constitution.

**Request No. 71:**    In this case, the plaintiff claims that, while he was employed by the City of Methuen he was discharged without first having been given a hearing.  To prove his claim, the plaintiff must prove the following four elements by a preponderance of the evidence.

(1)  That he was permanently employed by the City of Methuen;

(2)  That he was discharged from that employment;

(3)  That before his discharge he was not given a hearing, told of the reasons for the discharge, and given an opportunity to contest them; and

(4)  That as a result of the discharge, he suffered damage.[66]

---

[66] Federal Jury Instructions, Civil 103.19

1102250v1

**<u>Request No. 72:</u>**    If you find the plaintiff was discharged without a proper hearing, you must then consider whether the defendants are liable for damages. The mere fact that the City of Methuen discharged the plaintiff without a hearing is not enough to impose liability on the plaintiff's supervisor. The supervisor holds a position in which he must exercise judgment and discretion. A mistake by him or by one of his subordinates is not enough to impose damage liability on him.

**Request No. 73:**    As you have heard, the plaintiff has claimed in this case that he has been deprived of a property interest, namely, his continued employment as City Solicitor, by the actions of the defendants.  Generally speaking, an individual has a property interest only when that individual has a legitimate claim of entitlement to the interest.  Here, because the position of City Solicitor was a two year appointment, you are instructed that I have determined, as a matter of law, that the plaintiff has or had no legitimate claim of entitlement to his continued employment beyond January, 2007, given that his last reappointment had occurred in January, 2005.  This means that, should you find the defendants improperly coerced the plaintiff into the tendering of his resignation, you only may consider this period of time in assessing damages."[67]

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578 n.16 and accompanying text.

---

[67] *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578 n.16 and accompanying text.

1102250v1

**Request No. 74:**    If, based upon the evidence presented, you determine that the defendants improperly coerced the plaintiff into the tendering of his resignation, but further conclude that the plaintiff would have been terminated, given the allegations made by the plaintiff's secretary, had he been provided with a hearing before the City Council, then you only may award nominal damages.[68]

---

[68] *Brewer v. Chauvin*, 938 F.2d 860 (8th Cir. 1991); *Patkus v. Sangamon-Cass Consortium*, 769 F.2d 1251, 1265 (7th Cir. 1985).

1102250v1

**Request No. 75:**    If you find that the plaintiff was not given the hearing to which he was entitled, then you must decide whether he suffered any damage as a direct result. A damage award to the plaintiff must provide such amounts as would make him whole and also compensate him for any mental or emotional distress he suffered. To award any element of damages you must find that the plaintiff has proved a basis for such damages in the evidence. You may not award damages based on speculation or guesswork.

If you find that the plaintiff suffered mental or emotional distress, loss of reputation or other damage caused by the denial of an opportunity to contest the charges against him, then you may award such damages which flow naturally from the defendants' actions, regardless of whether there may have been good grounds to discharge him. But, in fixing the amount of damages you may also consider whether he would have been terminated even if a hearing had been held.

Where mental or emotional distress or loss of reputation are proved, the Court cannot give you any rule by which to measure the specific amount of damages resulting from such an injury. This is a matter that is left to the conscience, good sense and sound judgment of the jury. You should not act unreasonably through bias, passion or sympathy, but should exercise common sense and fix an amount of damages, that, in accordance with the evidence and the law, will fairly compensate the plaintiff for all the injuries suffered.[69]

---

[69] Federal Jury Instructions, Civil 103.21

**Request No. 76:**    In order to prevail on a claim based on denial of procedural due process pursuant to §1983, the plaintiff must show that the defendants, acting under color of law, deprived him of the property interest of continued employment without "the minimum amount of process that was due under the Constitution."[70]

---

[70] *See Wojcik v. Massachusetts State Lottery Comm'n*, 300 F.3d 92, 102 (1st Cir. 2002).

**Request No. 77:**     "If a state provides adequate post-deprivation remedies – either by statute or through the common law tort remedies available in its courts – no claim of a violation of procedural due process can be brought under Section 1983 against the officials whose random and unauthorized conduct caused the deprivation."[71]

---

[71] *Lowe v. Scott*, 959 F.2d 323, 340-41 (1st Cir. 1992).

## **QUALIFIED IMMUNITY**

**Request No. 78:**     Because they must be free in the course of his duties to make decisions without fear of being sued for a mistake, the law gives the defendants a so-called qualified immunity.  This means that they can be held liable only if the plaintiff has shown by a preponderance of the evidence one of two things:

> (1)  That they acted purposely to deprive the plaintiff of his constitutional rights or otherwise to injure him; or

> (2)  That they deprived the plaintiff of a constitutional right that was so clearly established that one must conclude he did not act in good faith.[72]

---

[72] Federal Jury Instructions, Civil 103.20

**Request No. 79:**    Qualified immunity "shields law enforcement officials who reasonably but mistakenly believe that they are acting in accordance with constitutional mandates."[73]

---

[73] *Medeiros v. Dracut*, 21 F. Supp. 2d 82, 85 (D. Mass. 1998); *see Duarte v. Healy*, 405 Mass. 43, 47 (1989) (qualified immunity principles as developed under federal law also shield public officials from liability under Massachusetts Civil Rights Act).

**Request No. 80:**    In evaluating a claim of qualified immunity you must first decide whether, taken in the light most favorable to the plaintiff, the facts alleged show the officer's conduct violated a constitutional right.  If so, you must then determine whether the right was clearly established so that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[74]

---

[74] *Gutierrez v. Mass. Bay Transp. Auth.*, 437 Mass. 396, 404 (2002).

**Request No. 81:**    Government agents are not always required to err on the side of caution.[75]

Qualified immunity is applicable if the officers reasonably "believed [their] actions were lawful in light of clearly established law and the information the official possessed at the time of [their] allegedly unlawful conduct."[76]

---

[75] *Davis v. Scheret*, 468 U.S. 183, 196 (1984).
[76] *Clancy v. McCabe*, 441 Mass. 311, 323 (2004).

## DISCRETIONARY FUNCTION EXCEPTION

**Request No. 82:**     Public employers shall not be liable for injury caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment if the claim is based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved was abused.[77]

There are two steps involved in determining whether certain conduct falls within the discretionary functions exception.  "The first step… is to determine whether the governmental actor had any discretion at all as to what course of conduct to follow….  The second and far more difficult step is to determine whether the discretion that the actor had is that kind of discretion for which § 10(b) provides immunity from liability."  [78]

Discretionary actions and decisions that warrant immunity must be based on considerations of public policy.  [79]

---

[77] *Sena v. Commonwealth*, 417 Mass. 250, 255 (1994); *see also*, G.L. c. 258, § 2 and G.L. c. 258, § 10(b).
[78] *Sena v. Commonwealth*, 417 Mass. 250, 255-256 (1994) citing *Harry Stoller & Co. v. Lowell*, 412 Mass. 139 (1992).
[79] *Harry Stoller & Co. v. Lowell*, 412 Mass. 139, 143 (1992).

82

**Request No. 83:**     Municipal officials making discretionary decisions within the scope of their official duties are engaging in discretionary functions.  Even the negligent act of a public official in the course of exercising discretion is still considered a "discretionary function."[80]

---

[80] See, e.g. Foster v. McGrail, 844 F.Supp. 16, 28 (D.Mass. 1994) (applying the rule of common law immunity derived from Gildea and Duarte.); see also Hancock v. Town of Wakefield, 1996 WL 490175, *3 (Mass. Superior Ct. 1996) (decision of police officer to engage in high speed pursuit is discretionary decision immune from liability). Swanset Development Corp. v. City of Taunton, 423 Mass. 390, 668 N.E.2d 333, 339 (1996) (decisions upon permit applications).

1102250v1

**Request No. 84:**    The decisions of law enforcement officers regarding whether, when, how, and whom to investigate, and whether and when to seek warrants for arrest are based on considerations of, and necessarily affect, public policy.  So long as they are within the bounds of the law, and therefore within the officers' discretion, they are public policy decisions.[81]

---

[81] *Sena v. Commonwealth*, 417 Mass. 250, 256 (1994).

**<u>Request No. 85:</u>**     The conduct of law enforcement officials in investigating potentially criminal conduct and in seeking warrants for the arrest of those whom they investigate, are discretionary functions and therefore public employees are exempt from claims of tort liability.[82]

---

[82] *Sena v. Commonwealth*, 417 Mass. 250 (1994).

## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

**<u>Request No. 86:</u>**     To prevail on a claim based on intentional infliction of emotional distress,

the plaintiff must establish:

> (1) that the defendant[s] intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of [their] conduct, . . . (2) that the defendant[s'] conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community, (3) [that] the actions of the defendant[s] were the cause of the plaintiff's distress, and (4) [that] the emotional distress suffered by the plaintiff was severe and of such a nature that no reasonable person could be expected to endure it.[83]

---

[83] *Quinn v. Walsh*, 49 Mass.App.Ct. 696, 732 (2000).

1102250v1

**Request No. 87:**     Conduct considered extreme and outrageous must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and intolerable in a civilized community."[84]

Liability cannot be predicated on:

> "mere insults, indignities, threats, annoyances, petty oppressions or other trivialities" nor even is it enough "that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort."[85]

---

[84] *Mello v. Stop & Shop*, 402 Mass. 555, 562-563 (1988); *Foley v. Polaroid Corp.*, 400 Mass. 82, 99 (1987).
[85] *Quinn v. Walsh*, 49 Mass.App.Ct. 696, 732 (2000) citing *Tetrault v. Mahone, Hawkes & Goldings*, 425 Mass. 456, 466 (1997).

**Request No. 88:**    To prevail on a claim on intentional infliction of emotional distress, a plaintiff must show: "(1) that the defendant intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of [the] conduct .. (2) that the conduct was 'extreme and outrageous', was 'beyond all possible bounds of decency' and was utterly intolerable in a civilized community . (3) that the actions of the defendant were the cause of the plaintiff's distress...and... (4) that the emotional distress sustained by the plaintiff was 'severe' and of a nature 'that no reasonable [person] could be expected to endure.'"

Conway v. Smerling, 37 Mass. App. Ct. 1, 8 (1994) (citation omitted)

**Request No. 89:**    In determining the plaintiff's damages for mental and emotional distress, you are to fairly compensate him for past, present and future pain and suffering associated with his emotional distress including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety. You may include in your award any amount that you feel will fairly compensate the plaintiff for deterioration of his health, for medical, psychiatric and counseling expenses, and for impairment of his earning capacity resulting from the emotional distress.[86]

---

[86] Massachusetts Jury Instructions, Civil 19.13

## DAMAGES

**Request No. 90:**        The fact that the court instructs you as to the proper measure of damages should not be considered as intimating any view as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff by a preponderance of the evidence in accordance with other instructions.  You must not make a compromise between the liability and damages issues. You must determine the liability first.  You should proceed to the damages issue only if you have determined that the defendants' liability is proven.  Any damages you award in this case must be based upon the evidence and on a finding by you that the party seeking damages has convinced you by the greater weight of the evidence that that party has been damaged as they claim to have been damaged.  Damages may not be awarded on the basis of guesswork or speculation, nor on the basis of passion, prejudice or sympathy.  If you find a party is entitled to recover damages, you must render a verdict in a sum which will justify and fairly compensate that party for the losses resulting from the injuries sustained.[87]

---

[87] *See generally,* Massachusetts Jury Instructions, Civil 19.1

1102250v1

**<u>Request No. 91:</u>**     You may not award damages to the plaintiff unless he has proven, by a preponderance of the evidence, that he has sustained actual injury or is reasonably certain to suffer injury in the future.

91

**Request No. 92:**     The purpose in awarding money damages to the plaintiff if he has established the liability of the defendant or defendants is to compensate him for the injuries that he has actually experienced as a direct and natural consequence of those actions.  As such, you must not award speculative damages for past or future injuries.  As to past injuries, you may only award damages for the past injuries tha the plaintiff has met his burden of proving has been suffered.  With regard to future injuries, you are not to compensate for any alleged loss which is not reasonably certain to occur in the future.[88]

---

[88] Devitt & Blackmar, FEDERAL JURY PRACTICE AND INSTRUCTION § 85.09; *Rogers v. Boynton*, 315 Mass. 279 (1943).

**<u>Request No. 93:</u>**    Therefore, you may not award money damages to the plaintiff unless he has proven, by a preponderance of the evidence, that he has sustained actual injury.  In other words, you may not award damages based upon your subjective perception as to the value of constitutional rights.  In fact, abstract notions of the value of constitutional rights are an impermissible element of damages in § 1983 cases.[89]

---

[89] *Memphis Community School Dist. v. Stachura*, 477 U.S. 299 (1986).

1102250v1

**<u>Request No. 94:</u>**     In addition to proving, by a preponderance of the evidence, that the plaintiff has suffered actual injury, the plaintiff also bears the burden of proving, by the same standard, that the defendant's or defendants' actions were the legal or proximate cause of the injury.  Merely proving that an event or injury occurred is insufficient to affix liability absent adequate proof that the defendant's or defendants' conduct was the legal cause of that injury. Because an act today could set off a chain of events that leads to a particular result years down the road, the law cuts off liability when the result either becomes too remote in time or too attenuated in causal connection to the actions of the defendant or defendants.

1102250v1

**<u>Request No. 95:</u>**     Proximate cause is part of the plaintiff's burden of proof and may not be assumed.[90]

---

[90] *Held v. Bail*, 28 Mass.App.Ct. 919 (1989)

1102250v1

**Request No. 96:**    Causation is binary, consisting of causation in fact and proximate, or legal, causation.  An injury is caused in fact if the plaintiff's injury would not have occurred "but for" the defendant's or defendants' conduct.[91]  The second portion of the calculus, proximate cause, considers whether the defendant or defendants should bear legal responsibility for the injury.[92]

---

[91] *Peckham v. Continental Casualty Ins. Co.*, 895 F.2d 830, 836 (1st Cir. 1990); Restatement (Second) of Torts § 432 (1) (1965).
[92] *Peckham*, 895 F.2d 830.

**<u>Request No. 97</u>:**    To establish proximate cause, the plaintiff must demonstrate that his injury was within "the reasonably foreseeable risks of harm" created by the defendant's or defendants' conduct.[93]

---

[93] *Staelens v. Dobert*, 318 F.3d 77, 79 (1st Cir. 2003).

**<u>Request No. 98:</u>**       "Proximate cause also is defined in terms of foreseeability. . . .A person is liable for injuries that a prudent person reasonably could anticipate."[94]

---

[94] *Malave-Felix v. Volvo Car Corp.*, 946 F.2d 967, 971 (1st Cir. 1991).

**<u>Request No. 99:</u>**    "The touchstone is foreseeability; conduct results in liability if, and to the extent that, a foreseeable risk of harm materializes."[95]

---

[95] *Peckham*, 895 F.2d 830.

**Request No. 100:**     "The rule of foreseeability does not require that the precise risk or exact result that occurred should have been foreseen; rather, the essential factor is that a person should have foreseen consequences of the general kind that occurred."[96]   "An alternative verbal formulation is that a defendant is liable for the natural and probable consequences of his conduct."[97]

---

[96] *Malave-Felix*, 946 F.2d at 971.
[97] *Dziokonski v. Babineau*, 375 Mass. 555, 380 N.E.2d 1295, 1302 (1978).

**<u>Request No. 101:</u>**    "Intervening causes can break the chain of causality if they are not foreseeable."[98]

---

[98] *Malave-Felix*, 946 F.2d at 972.

**Request No. 102:**     If you find, in accordance with these instructions, that the plaintiff is entitled to a verdict but at the same time find that the plaintiff has suffered no injury, or an injury that is not causally linked to the defendants, then you should return a verdict for either zero dollars or for the nominal sum of one dollar.[99]

---

[99] *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978); Restatement (Second) of Torts § 907.

**<u>Request No. 103:</u>**    If you find that the plaintiff's injury was the result of unintended conduct by the defendant or defendants, you may not award damages for any injury resulting from such conduct.[100]

---

[100] *Daniels v. Williams*, 474 U.S. 335 (1986); *Williams v. City of Boston*, 784 F.2d 430 (1st Cir. 1986).

**ALTERNATIVE INSTRUCTION ONLY REQUESTED IF COURT ALLOWS JURY TO CONSIDER PUNITIVE DAMAGES**

**<u>Request No. 104:</u>**    You have the discretion to assess punitive damages in an action pursuant to 42 U.S.C. § 1983 if, and only if, you find the defendant's or defendants' conduct to have been motivated by evil motive or intent, or if it involved reckless or callous indifference to the rights of the plaintiff.[101]

---

[101] *Smith v. Wade*, 461 U.S. 30 (1983).

**ALTERNATIVE INSTRUCTION ONLY REQUESTED IF COURT ALLOWS JURY TO CONSIDER PUNITIVE DAMAGES**

**Request No. 105:**    In addition to compensatory damages, the law permits you, under certain circumstances, to award an injured plaintiff punitive and exemplary damages for the specific purpose of deterring or punishing violations of constitutional rights.[102]   Punitive damages are used in order to punish a wrongdoer for some extraordinary misconduct, and to serve as a warning to others not to engage in such misconduct in the future.

---

[102] *Carey*, 435 U.S. at 257 n.11.

**ALTERNATIVE INSTRUCTION ONLY REQUESTED IF COURT ALLOWS JURY TO CONSIDER PUNITIVE DAMAGES**

**Request No. 106:**     Punitive damages may not be awarded in situations in which you believe

that your award of compensatory damages is sufficient to deter a defendant's wrongdoing.[103]

---

[103] *Rosado v. Santiago*, 562 F.2d 114, 121 (1st Cir. 1977).

**Request No. 107:**    In assessing damages for any future losses of the plaintiff, you should not consider possible future inflationary trends.[104]

---

[104] <u>Williams v. United States</u>, 435 F.2d 804, 807 (1st Cir. 1970);  <u>Johnson v. Penrod Drilling Co.</u>, 510 F.2d 234, 236 (5th Cir. 1975), cert. denied 423 U.S. 839 (1975).

**<u>Request No. 108:</u>**    In assessing damages for any future losses of the plaintiff, the law requires you to reduce these future damages to its "present value" to allow for the interest that will be earned in the future on any verdict rendered today.  You must consider the interest that will be earned in the future, and reduce any verdict accordingly, so that the plaintiff will not recover more than the just compensation you determine.[105]

---

[105] <u>Griffin v. General Motors Corp.</u>, 380 Mass. 362, 366-67 (1980).

**Request No. 109:**     The clerk, will, if there is an award of money, add interest onto this award at the statutory rate of interest applicable to this case.  The purpose of interest is to compensate the plaintiff for the loss of use of that money should he be entitled to any money.[106]

---

[106] <u>Bernier v. Boston Edison</u>, 380 Mass. 372, 388 (1980).

**Request No. 110:**     An award by you of monies is not taxable by the state or Federal Government.  Consequently you are not to take into consideration income taxes.[107]

---

[107] I.R.C. § 104(a)(2);  M.G.L. c. 62, § 2.

**Request No. 111:**    It is the duty of one injured to exercise reasonable care to diminish or mitigate the damages resulting from the injury.  In other words, it is the duty of a person after having been injured, to exercise reasonable care to reduce the extent of the injuries and to take such steps as are reasonable and prudent to effect a cure, or the reduction of their severity.  If you find that the plaintiff was injured, but you also find that the injury suffered, or its severity, could have been avoided in whole or in part by the use of reasonable means known and available to him, then you must find that the plaintiff cannot recover for those damages.[108]

---

[108] *Burnham v. Mark IV Homes, Inc.*, 387 Mass. 575, 586 (1982).

**<u>Request No. 112:</u>**     There has been testimony in this matter about the impact of the events on Mr. Lariviere's family life.  His wife and children are not parties to this matter and you must not award them damages or calculate any injury to them as part of any award.

**<u>Request No. 113:</u>**     Although there are two (2) defendants in this action, it does not follow from that fact alone that if one is liable, all are liable.  Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant.  Unless otherwise stated, all instructions given you govern the case as to each defendant.[109]

---

[109] Federal Jury Instructions, Civil 71.06

113

Respectfully submitted,

The Defendants,                                The Defendants,
**City of Methuen, Joseph Solomon  and**        **Joseph Solomon and Joseph Alaimo**
**Joseph Alaimo**                               By their Attorneys,
By their Attorneys,


*/s/ Gareth W. Notis*                           */s/ Andrew J. Gambaccini*
Gareth W. Notis - BBO #637814                   Andrew J. Gambaccini, BBO #: 654690
Morrison Mahoney LLP                            Reardon, Joyce & Akerson, P.C.
250 Summer Street                               397 Grove Street
Boston, MA 02210                                Worcester, MA
(617)-737-8857                                  (508) 754-7285


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the EFC System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 22nd day of January, 2008.

*/s/ Gareth W. Notis*
Gareth W. Notis

1102250v1